UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **TAYLA GREENE,** | **CIVIL ACTION NO. 3:20-CV-0578** |
| **as administrator  of the estate of decedent,** | |
| **RONALD GREENE** | |
| | |
| **VERSUS** | **JUDGE TERRY DOUGHTY** |
| | |
| **TROOPER DAKOTA DEMOSS** | **MAG. JUDGE KAREN L. HAYES** |
| **and MASTER TROOPER CHRIS** | |
| **HOLLINGSWORTH and MASTER** | |
| **TROOPER KORY YORK and** | |
| **SERGEANT FLOYD MCELROY and** | |
| **LIEUTENANT JOHN CLARY and CAPTAIN** | |
| **JOHN PETERS AND DEPUTY SHERRIF** | |
| **CHRISTOPHER HARPIN and JOHN DOE** | |
| **CORPORATION l-3** | |

**Table of Contents**

STATEMENT OF FACTS ....................................................................................................... 2

ARGUMENT ........................................................................................................................... 3

   I.    Rule 12(b)(1) Standard ................................................................................................ 3

   II.   The Eleventh Amendment prohibits Plaintiff's claims for Relief. ................................ 4

   III.  DeKota DeMoss is not a person under 42 U.S.C. §1983. ............................................. 6

   IV.  Rule 12(b)(6) Standard ................................................................................................ 7

      A.    Qualified Immunity .................................................................................................. 8

      B.    Qualified Immunity Requires Individual Analysis. ................................................. 10

      C.    Dakota DeMoss is entitled to Qualified Immunity ................................................. 10

         1.  Excessive Force ................................................................................................. 11

         2.  Bystander Allegations ....................................................................................... 12

   V.    Alternatively, Defendant Moves for a More Definite Statement. .................................. 13

CONCLUSION ...................................................................................................................... 14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

TAYLA GREENE,                                    CIVIL ACTION NO. 3:20-CV-0578
as administrator  of the estate of decedent,
RONALD GREENE

VERSUS                                           JUDGE TERRY DOUGHTY

TROOPER DAKOTA DEMOSS                            MAG. JUDGE KAREN L. HAYES
and MASTER TROOPER CHRIS
HOLLINGSWORTH and MASTER
TROOPER KORY YORK and
SERGEANT FLOYD MCELROY and
LIEUTENANT JOHN CLARY and CAPTAIN
JOHN PETERS AND DEPUTY SHERRIF
CHRISTOPHER HARPIN and JOHN DOE
CORPORATION l-3

## TABLE OF AUTHORITIES

### Cases

*Anderson v. Creighton*, 483 U.S. 635, 638-640, 107 S.Ct. 3034, 3038-3039, 97 L.Ed.2d 523

    (1987) ................................................................................................................... 8

*Anderson v. Law firm of Shorty Dooley & Hall*, 2009 WL 3837550, 2 (E.D. La. 2009) .............. 7

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ...................................................................... 7, 10

*AT&T Communicaitons of South Central States v. BellSouth Communications*, 43 F.Supp.2d 593

    (M.D. La. 1999) ................................................................................................... 6

*Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994) ................................................................. 9, 14

*Bazan v. Hildalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) ........................................................ 9

*Beanal v. Freeport-McMoran, Inc.*, 197 F. 3d 161, 164 (5th Cir. 1999)...................................... 13

*Behrens v. Pelletier*, 516 U.S. 299, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) ................................ 8

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 550 U.S. 544, 547 (2007) ................................. 7

*Browder v. XTO Energy Inc*., WL 566942 (W.D. La. 2012) ...................................................... 13

*Brumfield. V. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) ................................................ 9

*Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993) ........................ 8

*Carney v. New Orleans City*, No. CV 20-901, 2020 WL 3469835, at *3–4 (E.D. La. June 25, 2020) ..................................................................................................................... 9

*Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999)............................ 6

*Citrano v. Allen Correctional Center*, 891 F.Supp 312 (W.D. La. 1995) ..................................... 6

*City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941)........ 3

*Dretar v. Gravolet*, WL 4404027 (E.D. La. 2011) ...................................................................... 13

*Edelman v.* Jordon, 415 U.S. 651, 662-3, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)........................ 4

*Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) ............................................. 5

*Ford Motor Co. v. Dep't of Treas. of State of Ind*., 323 U.S. 459, 463, 65 S.Ct. 347, 89 L.Ed. 389 (1945) ...................................................................................................................... 5

*Griffith v. Strategic Technology Institute, Inc*. WL 893465 (E.D. La. 2012) ............................. 13

*Hafer v. Melo*, 502 U.S. 21, 27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)....................................... 5

*Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) .............................. 7

*Havens Rlty. Corp. v. Coleman*, 455 U.S. 363, 383 (1982)........................................................ 13

*Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) ....... 3

*Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)............................. 9

*Kimel v. Florida Bd. Of Regents*, 528 U.S. 62, 80, 120 S. Ct. 631, 640, 145 L.Ed.2d 522 (2000) 4

*Kipper v. Louisiana State Board of Education*, 592 F.Supp 1343 (M.D. La. 1984), *affirmed* 778 F.2d 789 (5th Cir. 1985) ........................................................................................... 6

*Kitchen v. Dallas County, Tx.*, 759 F.3d 468, 479 (5th Cir. 2014) ............................................. 9, 10

*Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806

    (2002) ............................................................................................................................ 5

*Li Yu v. Perry*, 82 F. App'x 993 (5th Cir. 2003) ............................................................. 5

*Lumpkins v. Office of Cmty. Dev.*, No. 14-31216, 2015 WL 4317700, at *2 (5th Cir. 2015) ........ 6

*Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) .................................. 8, 9

*Meadours v. Ermel*, 483 F.3d 417 (5th Cir. 2007) ........................................................................ 10

*Missouri v. Fiske*, 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933) ...................................... 5

*Mitchell v. Forsythe*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d (1985)............................ 7, 9

*Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3df 1182, 1187 (2d Cir. 1996) ..................... 3

*Pellerin, v. Xspedius Communications, Inc.*, WL 1676656 (W.D. La. 2005) ............................. 13

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) ........................................ 4, 6

*Port Auth. Trans-Hudson Corp. v. Freeney*, 495 U.S. 299, 110 S.Ct. 1868, 109 L.Ed.2d 264

    (1990) ............................................................................................................................ 4

*Pratt v. Harris County, Tx.*, 822 F.3d 174, 01 (5th Cir. 2016) ...................................................... 11

*Procunier v. Navarette*, 434 U.S. 555, 562, 98 S.Ct. 855, 859, 55 L.Ed.2d 24 (1978) ................. 8

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)....................................................... 3

*Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997) ........................................ 4

*Scott v. Board of Supervisors*, 336 F.2d 557 (5th Cir. 1964)......................................................... 6

*Smith v. JP Morgan Chase,* WL 1390828 (W.D. La. 2009).......................................................... 13

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002);........... 13

*Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ............................................ 4, 6

*Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir.2013)..................................................................... 3

*Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013)...................................................................... 12

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, (1989) ............................................................ 6, 7

*Williamson v. Tucker*, 645 F.2d 404,413 (5th Cir. 1981) .............................................................. 3

*Zarnow v. City of Witchita Falls, Tx.*, 500 F.3d 401, 407 (5th Cir. 2007)...................................... 9

*Zarnow v. City of Witchita Falls, Tx.*, 500 F.3d 401, 408 (5th Cir. 2007)................................... 10

**Statutes**

42 U.S.C. §1983................................................................................................................... 1, 6, 14

Fed. R. Civ. P. Rule 8(a)(2) .......................................................................................................... 7

Federal Rule of Civil Procedure 12(b)(1) ..................................................................................... 3

La. R.S. 13:5106(A)....................................................................................................................... 4

Rule 12(b)(6).................................................................................................................................. 7

U.S. Const. Amend. XI .............................................................................................................. 3, 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

TAYLA GREENE,                                       CIVIL ACTION NO. 3:20-CV-0578
as administrator  of the estate of decedent,
RONALD GREENE


VERSUS                                              JUDGE TERRY DOUGHTY

TROOPER DAKOTA DEMOSS                               MAG. JUDGE KAREN L. HAYES
and MASTER TROOPER CHRIS
HOLLINGSWORTH and MASTER
TROOPER KORY YORK and
SERGEANT FLOYD MCELROY and
LIEUTENANT JOHN CLARY and CAPTAIN
JOHN PETERS AND DEPUTY SHERRIF
CHRISTOPHER HARPIN and JOHN DOE
CORPORATION l-3


### MEMORNADUM IN SUPPORT OF RULE 12(b) MOTION TO DISMISS, OR ALTERNATIVELY, RULE12(E) MOTION FOR MORE DEFNITE STATEMENT

**MAY IT PLEASE THE COURT:**

        Plaintiff filed a complaint arising out of an attempted apprehension and arrest.  Among

others, plaintiff named as a defendant Trooper DaKota DeMoss, individually and in his official

Safety and Corrections.  However, in his official capacity as a state trooper a State Agency,

Trooper DeMoss is entitled to sovereign immunity granted pursuant to the Eleventh Amendment

of the U.S. Constitution.   Further, Trooper DeMoss is not a person pursuant to 42 U.S.C. §1983.

Finally, as the Complaint alleges collective conclusory allegations regarding use of force and

bystander liability, sufficient particularization is lacking to defeat a plea of qualified immunity.

Therefore, the action against Trooper DaKota DeMoss should be dismissed. Alternatively,

plaintiff should be ordered to amend the Complaint to provide a more definite statement.

1

**STATEMENT OF FACTS**

Plaintiff initiated the present action arising out of the alleged wrongs committed by various parties arising out an arrest and apprehension.  According to the Complaint, Trooper DeMoss attempt to stop Ronald Green for an unspecified traffic violation.  (Doc. No. 1, ¶18-20).  However, Ronald Greene failed to stop his vehicle and a pursuit resulted.  (Doc. No. 1, ¶21).  The Complaint asserts that the pursuit traveled along Highway 80 to La. Highway 143 in Union Parish where the vehicle occupied by Mr. Greene swerved, spun, and crashed into a wooded area (Doc. No. 1, ¶22).  As a result of the crash, the Complaint avers that Mr. Greene was not injured and could walk and speak without impediment.  (Doc. No. 1, ¶25-26).

Shortly after the crash, Troopers DeMoss and Hollingsworth arrived at the accident location. (Doc. 1, ¶27).  Some indeterminate time thereafter, plaintiffs asserts that Capt. Peters, Lt. Clary, Sgt. McElroy, Trooper York, and Deputy Sheriff Harpin arrived.  (Doc. No. 1, ¶28).

According to the plaintiff, Mr. Greene existed the crashed vehicle and apologized for his flight.  (Doc No. 1, ¶29).  Then, two unnamed officers "pinned" Greene to the ground as he screamed.  (Doc. No. 1, ¶30).  Despite contrition and surrender, plaintiff asserts that the officers individually and collectively exerted deadly force against Mr. Green. (Doc. No. 1, ¶32).  Further, plaintiffs assert that the officers utilized electronic control device three times causing cardiac complications.  (Doc. No. 1, ¶33).

Based upon the foregoing allegations, plaintiff asserts that the officers used excessive force contrary to the Fourth Amendment and by-stander liability.  (Doc. No. 1, ¶35-36 & 54-58, and 59-62).  Further, seeks both compensatory and punitive damages against the officers.  (Doc. No, 1, Prayer).  Finally, plaintiff asserts state law claims ancillary to the 42 U.S.C. §1983 causes of action. (Doc. No. 1, ¶48-53)

2

**ARGUMENT**

Plaintiffs filed a federal civil rights action against defendants as a result of the death of Ronald Greene.  To establish a claim under § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir.2013).  However, this Honorable Court lacks subject matter jurisdiction over claims against Trooper DeMoss in his official capacity. Moreover, qualified immunity warrants dismissal of the individual capacity claims.  Altnernatively,  plaintiff should be required to amend the Complaint to particularize the actions of each individual officer.

### I.    Rule 12(b)(1) Standard

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3df 1182, 1187 (2d Cir. 1996)).  Under Federal Rule of Civil Procedure 12(b)(1), a Motion to Dismiss "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear the case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction bears the burden of proof.  *Id.*  Disputes of fact, do not preclude a Rule 12(b)(1) Motion.  *Williamson v. Tucker*, 645 F.2d 404,413 (5th Cir. 1981) and *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941).[1]

---

[1]       When filed in combination with other Rule 12 motions, the Rule 12(b)(1) jurisdictional issued should be resolved prior to considerations on the merits.  *Ramming*, 281 F.3d at 161.

**II.      The Eleventh Amendment prohibits Plaintiff's claims for Relief.**

The Eleventh Amendment to the U.S. Constitution provides that "(the) Judicial power of the United State shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state."  U.S. Const. Amend. XI.  The Supreme Court has consistent held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as citizens of another state.  *Edelman v.* Jordon, 415 U.S. 651, 662-3, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).  Accordingly, "Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state."  *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).  A State may not be sued in federal court by its own citizens or citizens of another state without its consent.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).

The Eleventh Amendment is not an absolute bar, however, because states may consent  to suit.  *Port Auth. Trans-Hudson Corp. v. Freeney*, 495 U.S. 299, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990).   Waivers of sovereign immunity must be unequivocally expressed.  *Pennhurst State Sch. & Hosp.*, at 99.  It is clear that Louisiana, by statute, has refused to waive any Eleven Amendment sovereign immunity to suit in federal court with respect to the state and any state agency.  La. R.S. 13:5106(A), provides:

> No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court.

Accordingly, the State of Louisiana has not unequivocally waived its sovereign immunity and consented to suit in federal court.

On the other hand, Congress may authorize a private party to bring a federal court suit against unconsenting states in the exercise of its power to enforce the Fourteenth Amendment.

4

*Kimel v. Florida Bd. Of Regents*, 528 U.S. 62, 80, 120 S. Ct. 631, 640, 145 L.Ed.2d 522 (2000). However, Congress has not abrogated sovereign immunity for an action brought under 42 U.S. C. §1983.  See. *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997).

The jurisdictional bar contained within the Eleventh Amendment applies regardless of the nature of the relief sought. See, e.g., *Missouri v. Fiske*, 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933) ("Expressly applying to suits in equity as well as at law, the Amendment necessarily embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies when these are asserted and prosecuted by an individual against a State").  See also *Pennhurst Sate School and Hospital v. Halderman*, 465 U.S. 89 (1984) and *Cronen v. Texas Dept. of Human Services*, 977 F.2d 934 (5th Cir. 1992).

An action by a citizen against a state official in his official capacity is an action against the State, and is barred by the Eleventh Amendment, subject only to the limited exception permitted by *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (action seeking prospective injunctive relief against state officer permissible against ongoing constitutional violation). *Ford Motor Co. v. Dep't of Treas. of State of Ind*., 323 U.S. 459, 463, 65 S.Ct. 347, 89 L.Ed. 389 (1945) *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga*., 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002).

On the face of the Complaint, this Honorable Court lacks subject matter jurisdiction. Trooper Dekota Demoss is named as a defendant in his official capacity as a trooper for the Department of Public Safety and Corrections.  As a law enforcement agent for the State of Louisiana, Trooper DeMoss qualifies as a state official.  Therefore, like the State agency itself, Trooper DeMoss enjoys sovereign immunity under the Eleventh Amendment.  See *Li Yu v.*

*Perry*, 82 F. App'x 993 (5th Cir. 2003) citing *Hafer v. Melo*, 502 U.S. 21, 27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).

Previously, the Fifth Circuit concluded that the Louisiana Department of Public Safety and Corrections is entitled to sovereign immunity under the Eleventh Amendment.  See *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999).   Therefore, DeKota DeMoss, acting as a law enforcement agent for the State of Louisiana is immune from suit for monetary damages in Federal Court under 42 U.S.C. §1983.  *Id.* and *Rogers v. Department of Corrections*, 263 F.3d 163 (5th Cir. 2001).[2]

## III.    DeKota DeMoss is not a person under 42 U.S.C. §1983.

To state a claim under §1983, a plaintiff must establish that a *person*, acting under color of law, deprived him of some constitutional right.[3] "State agencies and state officials acting in their official capacity are not "persons" within the meaning of the statute,"[4] and it is a well settled point of law that a state is not capable of being sued under 42 U.S.C. § 1983, as the state is not a "person" under 42 U.S.C. § 1983.[5] Furthermore, it must be determined if the suit is brought against the State as the real party of interest. "The state is a real, substantial party in interest when the judgment

---

[2]      Louisiana's consent to be sued in State court is not a waiver of its Eleventh Amendment immunity from suit in Federal Court.  *Citrano v. Allen Correctional Center*, 891 F.Supp 312 (W.D. La. 1995); *Kipper v. Louisiana State Board of Education*, 592 F.Supp 1343 (M.D. La. 1984), *affirmed* 778 F.2d 789 (5th Cir. 1985).  A waiver of common law sovereign immunity fails to waive Eleventh Amendment immunity.  *AT&T Communicaitons of South Central States v. BellSouth Communications*, 43 F.Supp.2d 593 (M.D. La. 1999) and *Scott v. Board of Supervisors*, 336 F.2d 557 (5th Cir. 1964).

[3] 42 U.S.C. § 1983 (emphasis added).

[4] *Lumpkins v. Office of Cmty. Dev.*, No. 14-31216, 2015 WL 4317700, at *2 (5th Cir. 2015)(citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70–71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983")).

[5] *Will v. Michigan*, 491 U.S. at 70.

sought would expend itself on the state treasury or domain or would restrain the state from acting or compel it to act."[6]

Plaintiff's §1983 claims against Trooper DeMoss in his official capacity should also be dismissed. The United State Supreme Court has held that state officials acting in their official capacities are not persons under §1983.[7]  The Complaint asserts that this this defendant was acting within the course and scope of his employment with the State of Louisiana at that time of the events giving rise to the action.  (Doc. No. 1, ¶3).  Pursuant to La. R.S. 36:401©(1)(b)(i), the Office of State Police is a division of the Deparment of Public Safety and Corrections. Therefore, Plaintiff's claims against Trooper DeKota DeMoss in his official capacity should be dismissed.

## IV.    Rule 12(b)(6) Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 550 U.S. 544, 547 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  The court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949-50. *Anderson v. Law firm of Shorty Dooley & Hall*, 2009 WL 3837550, 2 (E.D. La. 2009).  But, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but is has not "show[n]" "that the pleader is entitled to relief."  Federal Rule of Civil Procedure 8(a)(2).

---

[6] *Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir. 1996)(citing *Pennhurst State School & Hosp, v. Halderman,* 465 U.S. 89, 101, n.11 (1984).

[7] *Will,* 493 U.S. at 71 ("We hold that neither a State nor its *officials acting in their official capacities* are "persons" under §1983.")(Emphasis added).

## A.      Qualified Immunity

Qualified immunity is "an immunity from suit rather than a mere defense to liability."

*Mitchell v. Forsythe*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d (1985).  A governmental

official is shielded from liability for civil damages under § 1983 insofar as their conduct does not

violate clearly established statutory or constitutional rights of which a reasonable person would

have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). See also

*Behrens v. Pelletier*, 516 U.S. 299, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996); *Buckley v.*

*Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); and *Malley v. Briggs,* 475

U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).  Such protections extend to the burdens of

discovery.  *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 888

(2009).[8]

In *Anderson v. Creighton*, 483 U.S. 635, 638-640, 107 S.Ct. 3034, 3038-3039, 97 L.Ed.2d

523 (1987), the United States Supreme Court explained the concept of qualified immunity:

> When governmental officials abuse their offices, "action[s] for damages
> may offer the only realistic avenue for vindication of constitutional guarantees."
> *Harlow v. Fitzgerald*, 457 U.S., at 814, 102 S.Ct., at 2736. On the other hand,
> permitting damages suits against governmental officials can entail substantial
> social costs, including the risk that fear of personal monetary liability and
> harassing litigation will unduly inhibit officials in the discharge of their duties. *Id*.
> Our cases have accommodated these conflicting concerns by generally providing
> governmental officials performing discretionary functions with a qualified
> immunity, shielding them from civil damages liability as long as their actions
> could reasonably have been thought consistent with the rights they are alleged to
> have violated. See, e.g., *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092,
> 1096, 89 L.Ed.2d 271 (1986) (qualified immunity protects "all but the plainly
> incompetent or those who knowingly violate the law"); *Id*., at 344-345, 106 S.Ct.,
> at 1097-1098 (police officers applying for warrants are immune if a reasonable
> officer could have believed that there was probable cause to support the
> application); *Mitchell v. Forsyth*, 472 U.S. 511, 528, 105 S.Ct. 2806, 2816, 86
> L.Ed.2d 411 (1985) (officials are immune unless "the law clearly proscribed the
> actions" they took); *Davis v. Scherer*, 468 U.S. 183, 191, 104 S.Ct. 3012, 3017,

---

[8]      When a defendant asserts qualified immunity through a Rule 12(b)(6) Motion, Courts routinely stay
generalized discovery.  *Backe v. LeBlanc*, 691 F.3d 645, 647 (5th Cir. 2012) and *Grumbles v. Livingston*, 2017 U.S.
App. LEXIS 16623, 2017 WL 37727793 (5th Cir. 8/30/17).

82 L.Ed.2d 139 (1984); id., at 198, 104 S.Ct., at 3021 (BRENNAN, J., concurring in part and dissenting and part); *Harlow v. Fitzgerald, supra*, 457 U.S., at 819, 102 S.Ct., at 2738. Cf., e.g., *Procunier v. Navarette*, 434 U.S. 555, 562, 98 S.Ct. 855, 859, 55 L.Ed.2d 24 (1978). Somewhat more concretely, whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the "objective legal reasonableness" of the action. *Harlow*, 457 U.S., at 819, 102 S.Ct., at 2739, assessed in the light of the legal rules that were "clearly established" at the time it was taken, *Id.,* at 818, 102 S.Ct., at 2738.

Jurisprudence establishes that the right the official is alleged to have violated must be "clearly established" in a more particularized sense.  The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has been held unlawful, see *Mitchell, supra,* 472 U.S., at 535, n. 12, 105 S.Ct., at 2820, n. 12; but it is to say that in the light of pre-existing law the unlawfulness must be apparent. See, e.g., *Malley, supr*a, 475 U.S., at 344-345, 106 S.Ct., at 1097-1098; *Mitchell, supra,* 472 U.S., at 528, 105 S.Ct., at 2816.

Finally, when a defendant invokes the defense of qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense.  *Brumfield. v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) and *Bazan v. Hildalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) and *Kitchen v. Dallas County, Tx.*, 759 F.3d 468, 479 (5th Cir. 2014) and *Zarnow v. City of Witchita Falls, Tx.*, 500 F.3d 401, 407 (5th Cir. 2007).[9]  In other words, a plaintiff must plead "*specific facts"* to defeat the qualified immunity defense.  *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *Carney v. New Orleans City*, No. CV 20-901, 2020 WL 3469835, at *3–4 (E.D. La. June 25, 2020).  In a Rule 12(b)(6) context, the plaintiff must identify portions of the complaint "that state with factual detail and particularity the basis for the claim which necessarily includes why the defendant official

---

[9]      Qualified immunity is appropriately considered early in litigation.  *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) *(per curiam)*.

cannot successfully maintain the defense of immunity."  *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994).

**B.     Qualified Immunity Requires Individual Analysis.**

In addition to the requirements that plaintiff identify specific facts to demonstrate that a clearly existing constitutional right was violated, qualified immunity represents an individual determination.  Consideration of law enforcement officers' actions collectively or in unison constitutes legal error.  In *Meadours v. Ermel*, 483 F.3d 417 (5th Cir. 2007), the Court explained:

> The district court's decision to consider the officers' actions collectively because it found they acted in unison extends the holding of *Jacobs* beyond what prudence and case law allows. See *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir.1999) (holding that each defendant's actions in a § 1983 case must be considered individually). Further, we have consistently examined the actions of defendants individually in the qualified immunity context. See *Hernandez v. Tex. Dep't of Protective & Regulatory Servs.,* 380 F.3d 872, 883–84 (5th Cir.2004) (examining the culpability of each defendant individually to determine if they deprived the plaintiff of a constitutional right); see also *Atteberry v. Nocona Gen. Hosp.,* 430 F.3d 245, 253 (5th Cir.2005) (same); see also *Tarver v. City of Edna,* 410 F.3d 745, 752–54 (5th Cir.2005) (examining the conduct of two officers independently and finding that one was entitled to qualified immunity while the other was not). *Id.* at 421-422.[10]

Therefore, in the context of a Rule 12(b)(6), the individual allegations each actor must be considered in light of the substantive law and the pleading standards of *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**C.     Dakota DeMoss is entitled to Qualified Immunity**

The factual allegations fail to negate Trooper DeMoss' defense of qualified immunity.  In this matter, the Complaint fails to allege any factual detail and/or particularity with regard to the actions of the named defendants.  Accordingly, this litigation should be dismissed.

---

[10]     See also *Kitchen v. Dallas County, Tx.*, 759 F.3d 468, 479 (5th Cir. 2014) and *Zarnow v. City of Witchita Falls, Tx.*, 500 F.3d 401, 408 (5th Cir. 2007).

### 1. Excessive Force

The Complaint collective asserts that the defendants collectively and without particularity as to actor or actions committed excessive force.

When a plaintiff alleges a violation of his Fourth Amendment rights due to excessive force, the Court must consider the legal question concerning the reasonableness of the officer's conduct.

> Specifically, to establish a claim of excessive force under the Fourth Amendment, a plaintiff "must demonstrate: '(1) [an] injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.' " *Deville,* 567 F.3d at 167 (emphasis added) (quoting *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir.2005)). "Excessive force claims are necessarily fact-intensive." Id. Therefore, "whether the force used is 'excessive' or 'unreasonable' depends on 'the facts and circumstances of each particular case' ", and we must "consider ... 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.' " Id. (citing *Graham*, 490 U.S. at 396, 109 S.Ct. 1865). *Pratt v. Harris County, Tx.*, 822 F.3d 174, 01 (5th Cir. 2016).

Therefore, in the context of a Rule 12(b)(6) assertion of qualified immunity, the Complaint must contain sufficient particularity to determine that each individual defendant produced an injury to the plaintiff the use of clearly unreasonable excessive force under the circumstances.

Here, the Complaint merely asserts that two unnamed officers "pinned" Greene to the ground as he screamed.  (Doc. No. 1, ¶30).  Despite contrition and surrender, plaintiffs assert that the officers individually and collectively and in a conclusory fashion exerted deadly force against Mr. Green. (Doc. No. 1, ¶32).  Further, plaintiffs assert that the officers utilized electronic control device three times causing cardiac complications.  (Doc. No. 1, ¶33).   However, these allegations lack sufficient detail and particularity with regard to the conduct of Trooper DeMoss from which one could reasonably infer that he violated a constitutional right of Mr. Greene.

Under the Rule 12(b)(6) standard set for in *Iqball*, supra, the Complaint merely asserts

legal conclusions couched as factual allegations. *Id.* No specific action is attributed to Trooper

DeMoss. Under the above jurisprudence, the Complaint is deficient to defeat qualified

immunity.

### 2.      Bystander Allegations

In addition to a Fourth Amendment excessive force Complaint containing mere legal

conclusions couched as factual allegations in violation of *Iqbal*, the Complaint's allegations

regarding bystander liability should be dismissed.

An officer may be liable under 42 U.S.C. §1983 for bystander liability only when the

officer knows that a fellow officer is violating an individual's constitutional rights, has a

reasonable opportunity to prevent the harm, and chose not to act. *Whitley v. Hanna*, 726 F.3d

631, 646 (5th Cir. 2013). Plaintiff must demonstrate that the officer "acquiesced in the alleged

constitutional violation." *Id.*

Like the excessive force allegations, plaintiff conclusory asserts that defendants should be

cast in judgment for bystander liability. However, the Complaint lacks any allegation that

Trooper DeMoss witnessed a specific constitutional violation.  In fact, as demonstrated above,

the Complaint asserts collective action without identifying any specific action or action taken on

the party of any individual defendant.[11]  Therefore, the Compliant fails to identify what fellow

offer or action purported violated Mr. Greene's constitutional right.  Further, the Complaint fails

---

[11]      To the extent that plaintiff alleges that the State of Louisiana, through the Department of Public Safety has
concealed the release of factual information to meet the stringent pleading requirements of Rule 12(b)(6) and the
defense of qualified immunity, such allegations are immaterial to the analysis of the claims asserted against Trooper
DeMoss. Trooper DeMoss is not the custodian of any records, report, or other information for the Department of
Public Safety and Corrections.  Moreover, the Department of Public Safety and Corrections is not, and could not be
a party to the present proceedings. See Rule 12(b)(1) analysis contained herein.  Accordingly, plaintiffs should not
be permitted to avoid their pleading obligations under Rule 12(b)(6) by alleging third party fault.  To find otherwise
would defeat the purposes of Rule 12(b)(6) and the defense of qualified immunity.

to place Trooper DeMoss in a position to be aware of the purported  violation and be capable of intervention to prevent harm.  Therefore, like the excessive force allegations, the Complaint's bystander liability assertion lacks sufficient factual specificity to plead the factual elements and overcome the defense of qualified immunity.  Dismissal is warranted.

## V.    Alternatively, Defendant Moves for a More Definite Statement.

In the alternative, defendant moves for a more definite statement.  Plaintiff's complaint is so vague and ambiguous that defendant cannot reasonably prepare a response.  As discussed in the context of the excessive force and bystander liability claims, the factual allegations related to the named defendants are collective, not specific.

Under Rule 12(e), a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." See also *Beanal v. Freeport-McMoran, Inc*., 197 F. 3d 161, 164 (5th Cir. 1999), citing 5 Wright & Miller*, Fed. Practice & Procedure: Civil* § 1356 at 590-591. When a complaint fails to specify the allegations in a manner that provides sufficient notice so that a defendant can fairly frame a response without prejudice, a defendant can move for a more definite statement under Rule 12(e) before responding.  *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Havens Rlty. Corp. v. Coleman*, 455 U.S. 363, 383 (1982) (Powell, J., concurring). *Pellerin, v. Xspedius Communications, Inc.*, WL 1676656 (W.D. La. 2005); *Smith v. JP Morgan Chase,* WL 1390828 (W.D. La. 2009); *Browder v. XTO Energy Inc*., WL 566942 (W.D. La. 2012); *Dretar v. Gravolet*, WL 4404027 (E.D. La. 2011); *Griffith v.*

*Strategic Technology Institute, Inc*. WL 893465 (E.D. La. 2012); *Cashman Equipment Corp. v. Rozel Operating Co*., WL 3385117 (M.D. La. 2010).[12]

"Just as Rule 12(e) motions are not a legitimate substitute for discovery, discovery is not a fair substitute for proper pleading."  Such is particularly true in the context of the defense of qualified immunity.  Qualified immunity is not merely an affirmative defense against damages.  Rather, qualified immunity is immunity from suit, including discovery.  *Backe v. LeBlanc*, 691 F.3d 645, 647 (5th Cir. 2012).  Accordingly, in the event this Court does not grant the motion to dismiss, defendant seeks a more definite statement to require the Complaint contain sufficient allegation against Trooper DeMoss to meet plaintiff's *Iqball* pleading burden regarding qualified immunity.

## CONCLUSION

Trooper DeKota DeMoss respectfully submits the Complaint's collective shotgun approach is deficient.  This Honorable Court lacks subject matter jurisdiction to adjudicate plaintiff's official capacity claims as a result of sovereign immunity conferred by the Eleventh Amendment.  Further, because this defendant is not "persons" under 42 U.S.C. §1983, dismissal is warranted.  Finally, the Complaint fails to plead any specific action on the part of this defendant to negate the defense of qualified immunity.  Therefore, plaintiff's claims against this defendant should be dismissed with prejudice.  Alternatively, plaintiff should be required to amend to meet the *Iqball* pleading requirements necessary to negate Trooper DeMoss' entitlement to qualified immunity.

---

[12]    Discovery is not a substitute for proper pleading.  Baiker-McKee, Jansen, & Corr, *Federal Civil Rules Handbook*, 2012, p. 481, citing *Eisenach v. Miller-Dwan Medical Center*, 162 F.R.D. 346, 348 (D. Minn. 1995)

Respectfully Submitted:

**JEFF LANDRY**
**ATTORNEY GENERAL**

By: <u>/s/ C. Bryan Racer</u>
       C. Bryan Racer, #24196
       Assistant Attorney General
       Louisiana Department of Justice
       Office of the Attorney General
       Litigation Division
       130 Desiard Street, Suite 812
       Monroe, LA 71201
       Tel:    (318) 362-5250
       Fax:    (318) 362-5259
       Email: racerc@ag.state.la.us

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Rule 12 Motion has been served upon the following

counsel of record:

Ronald Haley
Ronald Haley and Associates
8211 Goodwood Blvd., Ste. E
Baton Rouge, LA 70806

P. Scott Wolleson
Breithaupt DuBos & Wolleson, LLC
1811 Tower Drive
Monroe, LA 71201

Brian D. Smith
Casten & Pearce APLC
401  Edwards Street, Suite 2100
Shreveport, LA 71101

Monroe, Louisiana, this 14th day of September, 2020.


  /s/ C. Bryan Racer
C. Bryan Racer