IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

TAYLA GREENE

CIVIL ACTION: 3:20CV-00578

VERSUS

JUDGE DOUGHTY

DAKOTA DEMOSS, ET AL.

MAG. JUDGE HAYES

**MEMORANDUM IN SUPPORT OF THE RULES 12(b)(1) and 12(b)(6)**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE,**
**RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT**
**BY DEFENDANTS YORK, McELROY, CLARY, AND PETERS**

Respectfully submitted,

JEFF LANDRY
Attorney General

By:   s/   Brian D. Smith
        Brian D. Smith (#12151)
        Special Assistant Attorney General
        CASTEN & PEARCE, APLC
        Post Office Box 1180
        Shreveport, LA 71163-1180
        Telephone: (318) 221-3444
        Facsimile: (318) 221-8811
ATTORNEY FOR DEFENDANTS MASTER
TROOPER KORY YORK, SERGEANT
FLOYD McELROY, LIEUTENANT JOHN
CLARY, AND CAPTAIN JOHN PETERS

**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................ii

TABLE OF AUTHORITIES .........................................................................................iii

INTRODUCTION .........................................................................................................1

FACTUAL AND PROCEDURAL HISTORY...............................................................1

LAW AND ARGUMENT...............................................................................................3

I.      RULE 12(b)(1): 11th AMENDMENT IMMUNITY. ...................................... 3

II.     FED. R. CIV. P. RULE 12(b)(6) STANDARD............................................... 4

III.    QUALIFIED IMMUNITY UNDER FED. R. CIV. P. 12(b)(6). ................................ 5

IV.     FAILURE TO STATE A CLAIM UNDER §1983 AND THE FOURTH
        AMENDMENT FOR EXCESSIVE FORCE. ............................................. 7

V.      FAILURE TO STATE A CLAIM UNDER §1983 AND THE FOURTH
        AMENDMENT FOR BYSTANDAR LIABILITY. ..................................... 9

VI.     FAILURE TO STATE A CLAIM UNDER §1983 AND THE 14th AMENDMENT .. 10

VII.    FAILURE TO STATE A CLAIM UNDER STATE LAW. ......................................... 11

VIII.   RULE 12(e) MORE DEFINITE STATEMENT.......................................................12

IX.     ADOPTION OF ARGUMENTS .................................................................................12

CONCLUSION..............................................................................................................13

CERTIFICATE OF SERVICE .....................................................................................13

**TABLE OF AUTHORITIES**

**CASES**

*Anderson v. Creighton*, 483 U.S. 635 (1987) .................................................................. 6

*Ashcroft v. Iqball*, 129 S.Ct. 1937 (2009).......................................................................... 4

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) ........................................ 4, 5

*Boyd v. Smith*, 11-2097 (W.D. La. 10/29/14), 2014 WL 5488332 ................................... 10

*Bradyn v. Waxahachie Ind. School District*, 478 F.Supp.3d 612 (N.D. Tex. 2019) .......... 9

*Broussard v. Lafayette City-Parish Consolidated Government*, 45 F.Supp. 3d 553
(2014) ............................................................................................................................ 4

*Cornette v. Ward*, 18-1395 (N.D. Tex. 2/25/2020) 2020 WL 906290 ............................ 7

*Daniel v. City of Minden*, 12-2171 (W.D. La. 11/17/15) 2015 WL 9684959 ...................... 7

*Darden v. City of Fort Worth*, 880 F.3d 722 (5th Cir. 2018)............................................. 8

*Defrates v. Podany*, 789 F. App'x. 427 (5th Cir. 2019) ..................................................... 7

*Deville v. Marcantel*, 567 F.3d 156 (5th Cir. 2009)........................................................... 7

*Edelman v. Jordan*, 415 U.S. 651 (1974) ........................................................................... 4

*Gilbert v. French*, 08-20296 (5th Cir. 2/2/10)................................................................... 10

*Graham v. Connor*, 490 U.S. 386 (1989) ......................................................................... 7, 8

*Hale v. Townley*, 45 F.3d 914 (5th Cir. 1995)..................................................................... 10

*Hernandez v. Texas Department of Protective & Regulatory Services*,
380 F.3d 872 (5th Cir. 2004)......................................................................................... 7

*Hope v. Pelzer*, 536 U.S. 730 (2002) .................................................................................. 5

*Kinney v. Weaver*, 367 F.3d 337 (5th Cir. 2014).............................................................. 5, 6

*Kitchen v. Dallas County*, 759 F.3d 468 (5th Cir. 2014) ................................................. 10

*Lormand v. US Unwired, Inc.*, 563 F.3d 228 (5th Cir. 2009) ........................................... 5

*Edelman v. Jordan*, 415 U.S. 651 (1974) ......................................................... 4

*Malley v. Briggs*, 475 U.S. 335 (1986)............................................................ 6

*Meadours v. Ermel*, 483 F.3d (5th Cir. 2007)................................................... 7, 8

*Mullenix v. Luna*, _____ U.S. _____ (2015)....................................................... 6

*Pearson v. Callahan*, 555 U.S. 223 (2009)....................................................... 5

*Pierce v. Smith*, 117 F.3d 866 (5th Cir. 1997)................................................... 6

*Poole v. City of Shreveport*, 691 F.3d 624 (5th Cir. 2012) ................................... 8

*Riley v. Savage*, 08-0146 (W.D. La. 8/10/09), 2009 WL 2460848 ............................ 8

*Swierkiewicz v. SoremaNA*, 534 U.S. 506 (2002) ............................................. 12

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)................................ 12

*Westfall v. Luna*, 903 F3d 534 (5th Cir. 2018)................................................... 8

*Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) ................................ 4

## STATUTES

La. R. S. 13:5106(A).............................................................................................. 4

28 U.S.C. § 1331 ................................................................................................. 10

28 U.S.C. § 1343 ................................................................................................. 10

42 U.S.C. § 1983 ................................................................... 7, 9, 10, 11, 12

## RULES

Fed. R. Civ. P. Rule 12(b)(1) ..........................................................................3, 13

Fed. R. Civ. P. Rule 12(b)(6)...........................................................................4, 5, 19

Fed. R. Civ. P. Rule 12(e)................................................................................ 1, 12, 13

U.S. Const. amend. IV ...................................................................................................1, 10

U.S. Const. amend. XI .................................................................................................. 3, 4

U.S. Const. amend. XIV..............................................................................................1, 10, 11

## INTRODUCTION

This motion is submitted by Defendants Master Trooper Kory York, Sergeant Floyd McElroy, Lieutenant John Clary, and Captain John Peters who were officers with the Louisiana State Police at the time of the incident (Sergeant Floyd McElroy has since retired).   The suit arises out of an incident that occurred on May 10, 2019, in the Monroe, Louisiana area.   Plaintiff is the administrator of the estate of Ronald Greene.  Plaintiff has named as defendants a total of six state troopers, one sheriff's deputy, and a John Doe corporation.  The introductory paragraph of the Complaint indicates that Plaintiff is seeking justice for violations of the decedent's Fourth Amendment rights.  However, in the Jurisdiction and Venue section, it is indicated that the suit is seeking redress for deprivations of the Fourth and 14th Amendment rights of the decedent.  Plaintiff also is pursuing Louisiana state law claims for wrongful death, survival action, and battery. The John Doe claim is for products liability against unknown corporations who manufactured electronic control weapons.

For the foregoing reasons, Defendants submit that they are entitled to qualified immunity for all of Plaintiff's claims against them and, in the alternative, that the Complaint fails to state a claim upon which relief can be granted.   In the alternative, Movants assert a 12(e) Motion for More Definite Statement.

## FACTUAL AND PROCEDURAL HISTORY

The allegations by Plaintiff against Defendant York, McElroy, Clary, and Peters (hereinafter "Movants") must be considered in the context of the background facts.  Also named as Defendants are Trooper Dakota Demoss, Master Trooper Chris Hollingsworth, Deputy Sheriff Christopher Harpin, and the John Doe corporations.

1

It is alleged in the Complaint that Trooper Demoss attempted to initiate a traffic stop of a silver Toyota driven by decedent Greene.[1]   Greene did not stop the car and a vehicle pursuit ensued.[2]   It is alleged that the Toyota travelled along U.S. 80 and LA 143 into Union Parish where the car swerved, spun, and crashed into a wooded area.[3]   It is also alleged that Troopers Demoss and Hollingsworth arrived at the scene "almost immediately thereafter" following the crash.[4]   It is further alleged that Movants and Deputy Sheriff Harpin arrived at the scene "shortly thereafter."[5]   Plaintiff alleges that "two officers" pinned the decedent to the ground[6] and that all six of the Defendant law enforcement officers "individually and in concert" used lethal force against Greene.[7]   It is alleged that all of the Defendant officers used electronic control weapons against Greene at least three times.[8]

Plaintiff asserts a cause of action on an excessive force theory.   She alleges that all six of the Defendant officers engaged in "punching, kicking, beating, use of electronic control weapon, or other use of force" which contributed to and caused Mr. Greene's mental anguish, pain, agony, and untimely death.[9]   It is alleged that the actions of all six Defendant law enforcement officers were "intentional, excessive, and objectively unreasonable"[10] and that the officers were acting under the color of state law.[11]

---

[1] Complaint ¶ 19.
[2] Complaint ¶ 21.
[3] Complaint ¶ 22.
[4] Complaint ¶ 27.
[5] Complaint ¶ 28.
[6] Complaint ¶ 30.
[7] Complaint ¶ 32.
[8] Complaint ¶ 33.
[9] Complaint ¶ 55.
[10] Complaint ¶ 56.

Plaintiff also asserts a claim based upon a bystander liability theory.   It is alleged that all six Defendant law enforcement officers observed[12] and knew that Mr. Greene was being punched, kicked, beaten, and abused with an electronic control weapon, "but failed to intervene despite having the opportunity to do so."[13]

Three state law claims have been asserted by Plaintiff.  The state law battery claim is based on an allegation that all six Defendant law enforcement officers "punched, kicked, beat, and abused Ronald Greene with an Electronic Control Weapon"[14] and that those actions were "intentional, harmful, and offensive."[15]  The state wrongful death action is based on an allegation that the actions of all six Defendant law enforcement officers "caused the death of Ronald Greene."[16]  A state law survival action is made based on the damages "suffered by Ronald Greene from the initiation of the attack upon him until the ultimate time of his death."[17]

## LAW AND ARGUMENT

### I.     RULE 12(b)(1): 11th AMENDMENT IMMUNITY.

Movants submit that they are entitled to immunity under the Eleventh Amendment, and that this Court lacks subject matter jurisdiction.   Fed. R. Civ. P. Rule 12(b)(1) allows a motion to dismiss on subject matter jurisdiction at any time.   The Eleventh Amendment provides that "the judicial power of the United States shall not be construed to extend into any suit in law or equity, commenced or prosecuted against anyone of the United States by citizens of another state or by citizens or subjects of any

---

[11] Complaint ¶ 57.
[12] Complaint ¶ 60
[13] Complaint ¶ 61.
[14] Complaint ¶ 64.
[15] Complaint ¶ 65.
[16] Complaint ¶ 49.

foreign state."   An unconsenting state is immune from suits brought in federal court by its own citizens as well as a citizen of another state.   *Edelman v. Jordan*, 415 U.S. 651 (1974).   The State of Louisiana has refused to waive any Eleventh Amendment sovereign immunity to suit in federal court with respect to the state and any state agency.   La. R.S. 13:5106(A).   A suit against a state official in his official capacity is a suit against the state.   *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed. 2d 45 (1989).   Movants are state troopers who are employees of the State of Louisiana who have been sued in their official capacity "under color of state law." [18]   Therefore, Movants are entitled to sovereign immunity under the 11th Amendment.

## II.    FED. R. CIV. P. RULE 12(b)(6) STANDARD.

The standard for passing on motions to dismiss under Rule 12(b)(6) is that the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqball*, 129 S.Ct. 1937, 1949 (2009).   While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not require overly detailed factual allegations, the law "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 128 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007).   Legal conclusions are not entitled to the assumption of truth when considering a 12(b)(6) motion.   Legal conclusions must be supported by factual allegations.   *Broussard v. Lafayette City-Parish Consolidated Government*, 13-2872 (W.D. La. 9/5/14), 45 F.Supp. 3d 553, 565.   The plaintiff must allege facts sufficient to "judge [his] claims across the line from

---

[17] Complaint ¶ 52.

conceivable to plausible" to defeat a 12(b)(6) motion. *Bell Atlantic Corporation, supra* at 570. The complaint must contain enough factual matter to raise a reasonable hope or expectation that discovery will reveal evidence of each and every element of a claim. *Lormand v. US Unwired, Inc.*, 563 F.3d 228, 257 (5th Cir. 2009).

In the present action, Plaintiff Greene has presented nothing more than a series of disjointed, speculative theories and implausible conclusions, without any specific allegations being made with regard to any independent actions of Movants York, Clary, McElroy, and Peters.

## III.    QUALIFIED IMMUNITY UNDER FED. R. CIV. P. RULE 12(b)(6).

Movants submit that they are entitled to qualified immunity for all claims against them. Qualified immunity provides State officials with immunity from suit. *Pearson v. Callahan*, 555 U.S. 223, 231-232, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009). Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Kinney v. Weaver*, 367 F.3d 337, 349-350 (5th Cir. 2014). In other words, the qualified immunity doctrine ensures that officials are put on notice that their conduct is unlawful before they are subject to suit. *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L. Ed. 2d 666 (2002). The U.S. Supreme Court has held that to be "clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violated that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). An official's conduct is protected by

---

[18] Complaint ¶¶ 4, 5, 6, 8.

qualified immunity unless the very action in question has been held unlawful.  *Kinney*, 367 F.3d at 349-350.

Ordinarily, one who pleads an affirmative defense must establish his entitlement to the defense.   However, a defendant who pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion, places the burden on the plaintiff to rebut the defense by establishing that the officials allegedly wrongful conduct violated clearly established law.  *Pierce v. Smith*, 117 F.3d 866, 871-872 (5th Cir. 1997).   The relevant question under the qualified immunity standard is whether a reasonable officer or public official could have believed that his or her conduct was lawful in light of clearly established law and the information posed by the public official.   If reasonable public officials or officers could disagree on whether the conduct is legal, then qualified immunity should be recognized.  *Anderson*, 483 U.S. at 641.  Qualified immunity is designed to protect from civil liability all but the plainly incompetent or those who knowingly violate the law.  *Malley v. Briggs*, 475 U.S. 335 at 341, 106 S.Ct. 1092, 89 L. Ed. 2d 271 (1986).   Pursuant to the ruling in *Mullenix v. Luna,* _____ U.S. _____, 136 S.Ct. 305, 308, 193 L. Ed. 2d 255 (2015), the courts must consider whether the violative nature of particular conduct is clearly established and must undertake this inquiry in light of the specific context of the case, not as a broad general proposition.   It is in this context that the qualified immunity defense should be evaluated with regard to the claims filed against Movants.

Movants submit that the court should examine each individual defendant's entitlement to qualified immunity separately.  *Meadours v. Ermel*, 483 F.3d 417 at 421-422 (5th Cir. 2007); *Hernandez v. Tex. Dep't. of Protective & Regulatory Servs.*, 380 F.3d 872, 883-884 (5th Cir. 2004).

## IV.   FAILURE TO STATE A CLAIM UNDER §1983 AND THE FOURTH AMENDMENT FOR EXCESSIVE FORCE

When a claim involves allegations of that officers used excessive force in violation of the Fourth Amendment, the question is whether the officer's actions are "objectively reasonable" in light of the facts and circumstances.  *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L. Ed. 2d 443 (1989); *Daniel v. City of Minden*, 12-2171 (W.D. La. 11/17/15), 2015 WL 9684959.  To succeed on an excessive force claim, the plaintiff must show (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable. *Defrates v. Podany*, 789 F. App'x. 427, 432 (5th Cir. 2019), *Cornette v. Ward*, 18-1395 (N.D. Tex. 2/25/20), 2020 WL 906290.

The Fourth Amendment jurisprudence has long recognized the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to affect it."  *Graham*, 490 U.S. at 396.   There are several factors to be considered when the court evaluates the circumstances of each particular case.  Those factors include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Graham*, 490 U.S. at 396, *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009).   Even if the individual is

not under arrest, officers may consider a suspect's refusal to comply with instructions in assessing whether physical force is needed to effectuate the suspect's compliance. *Westfall v. Luna*, 903 F.3d 534, 548 (5th Cir. 2018); *Darden v. City of Fort Worth*, 880 F.3d 722, 729 (5th Cir. 2018).   "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation."   *Graham*, 490 U.S. at 396-397. The court must evaluate an officer's use of force "from the prespective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight."   *Poole v. City of Shreveport*, 691 F.3d 624 at 627 (5th Cir. 2012).

In the face of a qualified immunity defense, the plaintiff has the obligation to point to allegations in his complaint that state with factual detail and particularity the basis for the claim.   It is improper to analyze a group of defendants' actions collectively in assessing qualified immunity in an excessive force case.   Each defendant's entitlement to immunity must be examined separately.   *Meadours*, 483 F.3d at 421-22; *Riley v. Savage*, 08-0146 (W.D. La. 8/10/09), 2009 WL 2460848.

The Plaintiff in this case has made no individualized allegations against Master Trooper York, Sergeant McElroy, Lieutenant Clary, or Captain Peters.   In fact, the following paragraphs of the Complaint show the lack of particularity:

32.   Despite Greene's contrition and surrender, Trooper Demoss, Master Trooper Hollingsworth, Master Trooper York, Captain Peters, Lieutenant Clary, Sergeant McElroy, and Deputy Sheriff Harpin individually and in concert used lethal force against Greene.

33.   Despite Greene's contrition and surrender the Defendant officers used electronic control weapons against green at least three times thus attacking his heart with massive amounts of electricity.

8

55. Trooper Demoss, Master Trooper Hollingsworth, Master Trooper York, Captain Peters, Lieutenant Clary, Sergeant McElroy, and Deputy Sheriff Harpin's punching, kicking, beating, use of an Electronic Control Weapon, or other use of force all contributing caused Ronald Greene's mental anguish, pain, agony and untimely death.

56. The actions of Trooper Demoss, Master Trooper Hollingsworth, Master Trooper York, Captain Peters, Lieutenant Clary, Sergeant McElroy, and Deputy Sheriff Harpin were intentional, excessive, and objectively reasonable.

57. Trooper Demoss, Master Trooper Hollingsworth, Master Trooper York, Captain Peters, Lieutenant Clary, Sergeant McElroy, and Deputy Sheriff Harpin were acting under color of state law.

None of these allegations in the Complaint target any of the four Movants as having performed any particular acts that would not fall within the protection of the qualified immunity defense.  Plaintiff has simply made global allegations against all of the Defendant law enforcement officers using conclusionary language about them acting "individually and in concert."  None of the above-quoted allegations relate to whether Master Trooper York, Sergeant McElroy, Lieutenant Clary, or Captain Peters personally used any amount of force against Ronald Greene during the incident at issue. Without specific allegations regarding the manner in which each participated in the incident, the court cannot determine whether the officers' alleged use of force consituted a constitutional violation.  *Bradyn v. Waxahachie Ind. School District*, 478 F.Supp. 3d 612, 627 (N.D. Tex. 2019).

## V.   FAILURE TO STATE A CLAIM UNDER §1983 AND THE FOURTH AMENDMENT FOR BYSTANDER LIABILITY.

Plaintiff makes the same global allegations against all of the Defendant law enforcement officers collectively in the bystander liability section of the Complaint.

9

The previously quoted global allegations are changed to indicate that all six Defendant law enforcement officers observed the actions complained of in the excessive force section and failed to intervene.   There are no specific allegations about the actions of the Movants.   Bystander liability of an officer may be established where he "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act."   *Boyd v. Smith*, 11-2097 (W.D. La. 10/29/14), 2014 WL 5488332; *quoting Kitchen v. Dallas County*, 759 F.3d 468 at 480 (5th Cir. 2014).

The Fifth Circuit has also held that an officer must be present at a scene involving another officer's use of excessive force before he may be held liable for failure to intervene.   *Gilbert v. French*, 08-20296 (5th Cir. 2/2/10), 364 F. App'x. 76, *citing Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995).   The Plaintiff in this case clearly sets forth in ¶¶ 27 and 28 that the Defendant law enforcement officers arrived at the scene at different times.   Even if an excessive force claim was properly alleged, there are no clear allegations that Troopers York, McElroy, Clary, or Peters were present at the time and were in a position to prevent harm.   Again, the evaluation of the claim has to be considered independently as to each of the named Defendants who are claiming a qualified immunity defense.

**VI.   FAILURE TO STATE A CLAIM UNDER §1983 AND THE 14th AMENDMENT.**

The only reference in the Complaint to a 14th Amendment claim is in the Jurisdiction and Venue section (¶13).   Plaintiff asserts that jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1343 as the action is brought pursuant to 42 U.S.C. § 1983 "to

redress a deprivation of the Fourth and 14th Amendment rights of decedent Ronald

Greene."   There is no other mention of a 14th Amendment claim.   For that reason,

Movants assert that the Complaint fails to state a claim upon which relief can be granted

on those grounds.   In the alternative, Movants assert that the same arguments asserted

herein with regard to the Fourth Amendment claim should apply to any 14th

Amendment claim.

## VII.   FAILURE TO STATE A CLAIM UNDER STATE LAW.

Plaintiff has asserted Louisiana state law claims for battery, wrongful death, and

survival action.   The battery claim involves the same factual allegations as were raised

in the §1983 excessive force claim.   See the following allegations in ¶¶ 64, 65 of the

Complaint:

> 64.   Trooper Demoss, Master Trooper Hollingsworth, Master Trooper York, Captain Peters, Lieutenant Clary, Sergeant McElroy, and Deputy Sheriff Harpin punched, kicked, beat, and abused Ronald Greene with an Electronic Control Weapon, which caused him mental anguish, pain, agony, and untimely death.

> 65.   The actions of Trooper Demoss, Master Trooper Hollingsworth, Master Trooper York, Captain Peters, Lieutenant Clary, Sergeant McElroy, and Deputy Sheriff Harpin were intentional, harmful, and offensive.

The Plaintiff also raises a state wrongful death action based upon an allegation that the

actions of all six of the Defendant law enforcement officers "caused the death of Ronald

Greene."[19]   In the Louisiana survival action, it is alleged that certain damages were

suffered by Ronald Greene "from the initiation of the attack upon him until the ultimate

time of his death."[20]   Movants submit that the state law claims are not alleged with

---

[19] Complaint ¶ 49.
[20] Complaint ¶ 52.

11

sufficient particularity to state causes of action.   While the § 1983 standards may not apply to state law claims, the Movants should be provided with sufficient particularity upon which to base a defense.   Movants York, McElroy, Clary, and Peters are confronted with global allegations with no specification as to the alleged conduct of each defendant.   The state law claims are alleged simply by adding legal conclusions to the allegations made in the § 1983 actions.   Movants submit that the Complaint fails to state a claim upon which relief can be granted under state law.

## VIII. RULE 12(e) MORE DEFINITE STATEMENT.

Rule 12(e) provides that a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguious that the party cannot reasonably prepare a response."   In the event that the complaint fails to a claim in a manner than provides sufficient notice so that a defendant can fairly frame a response without prejudice, a defendant can move for a more definite statement under Rule 12(e).   *Swierkiewicz v. SoremaNA,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L. Ed. 2d 1 (2002).   The allegations in the Complaint in this case do not give Movants fair notice of what the Plaintiff's claim is and the grounds upon which it rests.   *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319, 127 S.Ct. 1299, 168 L. Ed. 2d 179 (2007).   Therefore, the Complaint should be dismissed, or, in the alternative, Plaintiff should be ordered to amend the Complaint under Rule 12(e).

## IX.   ADOPTION OF ARGUMENTS

Movants hereby adopt by reference the substantive arguments in Rule 12 motions filed by the other Defendants, except insofar as they may be inapplicable to Movants.

## CONCLUSION

For the reasons set forth herein, Defendants Master Trooper Kory York, Sergeant Floyd McElroy, Lieutenant John Clary, and Captain John Peters pray that this Rule 12(b)(1) and 12(b)(6) Motion to Dismiss be granted, dismissing Plaintiff's claims against them.   In the alternative, Movants submit that Plaintiff should be ordered to amend the Complaint under Rule 12(e).

Respectfully submitted,

JEFF LANDRY
Attorney General


By:    s/   Brian D. Smith
       Brian D. Smith (#12151)
       Special Assistant Attorney General
       CASTEN & PEARCE, APLC
       Post Office Box 1180
       Shreveport, LA 71163-1180
       Telephone: (318) 221-3444
       Facsimile: (318) 221-8811
ATTORNEY FOR DEFENDANTS MASTER
TROOPER KORY YORK, SERGEANT
FLOYD McELROY, LIEUTENANT JOHN
CLARY, AND CAPTAIN JOHN PETERS


## CERTIFICATE OF SERVICE

I do hereby certify that on the 14th day of September, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

/s/Brian D. Smith
Brian D. Smith

13