**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **TAYLA GREENE** | **CIVIL ACTION 3:20-CV-00578** |
| **VERSUS** | **JUDGE TERRY ALVIN DOUGHTY** |
| **DAKOTA DEMOSS, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM IN SUPPORT OF DEFENDANT HOLLINGSWORTH'S**
**RULE 12(b)(6) MOTION TO DISMISS OR, ALTERNATIVELY,**
**RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT**

    Respectfully submitted,

    **JEFF LANDRY**
    **ATTORNEY GENERAL**

    **BY**: /s/ *P. Scott Wolleson* (#22691)
        Special Assistant Attorney General

    **BREITHAUPT DUBOS & WOLLESON LLC**
    1811 Tower Drive
    Monroe, Louisiana 71201
    Telephone: (318) 322-1202
    Facsimile: (318) 322-1984
    Email: scott@bdw.law

    **ATTORNEYS FOR HOLLINGSWORTH**

1

## **TABLE OF CONTENTS**

**I.** INTRODUCTION……………………………………………………….……..7

**II.** LAW AND ARGUMENT ................................................................................................7

    A. The §1983 claim against Trooper Hollingsworth in his official capacity is not cognizable as a matter of law...........................……………9

    B. Trooper Hollingsworth is also entitled to assert the defense of qualified immunity……………………………………......................................10

    C. Alternatively, Plaintiff should be ordered to amend the complaint……………………………..………………….……………14

    D. The complaint also fails to state a claim under state law............................17

**III.** CONCLUSION......................................................................................................18

# **TABLE OF AUTHORITIES**

## **CASES**

*Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & 570, 127 S. Ct. 1955,
1965, & 1974, 167 L. Ed. 2d 929 (2007)…………………………………………...……..8, 12, 16

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed. 868 (2009)…..…….…8, 16

*Gooley v. Mobile Oil Corp.,* 851 F.2d 513, 514 (5th Cir. 1988)……………………..……….8

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S. Ct. 2304,
105 L.Ed.2d 45 (1989)……………………………………………………..……………........9

*Mt. Healthy Bd. Of Ed. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed. 2d 471
 (1977)……………………………………………………………………………………….9

*Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L.Ed. 301 (1991)……………………..……...10

U*nited States v. Bass*, 404 U.S. 336, 349, 92 S. Ct. 515, 523, 30 L.Ed 2d 488 (1971)………....10

*Victoria W. v. Carpenter,* 369 F.3d 475, 482 (5th Cir. 2004)…………………………………..10

*Pearson v. Callahan*, 555 U.S. 223, 231 (2009)………………………………….…........11

*Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)……..……. 13

*Coley v. Boyett*, No. 5:17-CV-01553, 2019 WL 5483440, at *4 (W.D. La. Oct. 22, 2019)………11

*Saucier v. Katz,* 121 S.Ct. 2151 (2001)………………………………………...…………….....11

*Jackson v. Texas*, 959 F.3d 194, 201 (5th Cir. 2020)……………………………..……………11

*McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir.2002)(en banc)……………………11

*Babb v. Dorman,* 33 F.3d 472, 477 (5th Cir.1994)…………………………………………..11

*Riley v. Savage*, No. CIV.A. 08-CV-0146, 2009 WL 2460848, at *3
 (W.D. La. Aug. 10, 2009)…………………………………………………………….……....11

*Verrette v. Major*, No. 07-CV-0547, 2008 WL 4083032, at *1 (W.D. La. Aug. 25, 2008)………11

*Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014)(Emphasis added)…………………………11

*Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)………………10
*Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)…………………………10

*Terry v. Ohio*, 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)
(emphasis added)……………………………...……………………………………………….10

*Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004)………………………………...10

*Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)…………….………………………….11

*Carney v. New Orleans City*, No. CV 20-901, 2020 WL 3469835, at *3–4
 (E.D. La. June 25, 2020)……………………………………………………………………11

*Stewart v. Murphy,* 174 F.3d 530, 537 (5th Cir.1999)……………………….……..……12

*Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 395 (5th Cir. 2000)………………………12

*Hernandez v. Tex. Dep't of Protective & Regulatory Servs*., 380 F.3d 872, 883–84
 (5th Cir.2004)………………………………...…………………………………………..12

*Atteberry v. Nocona Gen. Hosp*., 430 F.3d 245, 253 (5th Cir.2005)……………………………...12

*Tarver v. City of Edna*, 410 F.3d 745, 752–54 (5th Cir.2005)……………………………..…12

*Meadours v. Ermel*, 483 F.3d 417, 421 (5th Cir. 2007)……………………………….……..12

*Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)
*(per curiam)*……………………………………………………………………………...……13

*Anderson v. Creighton,* 483 U.S. 635, 640, n. 2, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)……..…13

*Helton v. Clements,* 787 F.2d 1016, 1017 (5th Cir.1986)…………………………………..13

*Westfall v. Luna*, 903 F.3d 534, 542 (5th Cir. 2018) (quoting *Brown v. Glossip*,
878 F.2d 871, 874 (5th Cir. 1989))……………………………………………………………14

*Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019)…………..……………………………14

*Beanal v. Freeport-McMoran*, Inc., 197 F. 3d 161, 164 (5th Cir. 1999)…………………………14

*General Star Indemnity, Co. v. Vesta Fire Ins., Corp*., 173 F.3d 946, 950 (5th Cir.1999).………14

*Browder v. XTO Energy Inc*., WL 566942 (W.D. La. 2012)……………………….…9, 14, 15

*Griffith v. Strategic Technology Institute, Inc*. WL 893465 (E.D. La. 2012)………...…….9, 14, 15

*In re FEMA Trailer Formaldehyde Products Liability Litigation*, WL 5217594
(E.D. La. 2008)……………………………………………………………………….……14

*hields v. Allstate Ins. Co.*, WL 3884326 (E.D. La. 2008)……………………………….…………14

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)….………15

*Havens Rlty. Corp. v. Coleman*, 455 U.S. 363, 383 (1982) (Powell, J., concurring)……….……15

*Pellerin, v. Xspedius Communications, Inc.*, WL 1676656 (W.D. La. 2005)………..………..……15

*Smith v. JP Morgan Chase,* WL 1390828 (W.D. La. 2009)…………………………….….………15

*Browder v. XTO Energy Inc.*, WL 566942 (W.D. La. 2012)…………………………….…………14, 15

*Dretar v. Gravolet*, WL 4404027 (E.D. La. 2011)………………………………..…….….………14, 15

*Cashman Equipment Corp. v. Rozel Operating Co.*, WL 3385117 (M.D. La. 2010)……….………15

*Eisenach v. Miller-Dwan Medical Center*, 162 F.R.D. 346, 348 (D. Minn. 1995)…………….……15

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319, 127 S.Ct. 2499,
168 L.Ed. 2d 179 (2007) (Emphasis added)…………………………………………………….…..15

*Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)…………….…15

*Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F. 3d 719, 724 (5th Cir. 2003)…………16

*Guidry v. Bank of LaPlace*, 954 F, 2d 278, 288 (5th Cir. 1992)……………………………………16

*Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F. 3d 552, 564-565
(5th Cir. 2002)…………………………………………………………………………………………16

*Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032-33
(5th Cir. 2010)…………………………………………………………………………………………16

*Williams v. WMX Techs*, 112 F. 3d 175 (5th Cir. 1997)…………………………………..…………16

*Caudle v. Betts*, 512 So.2d 389, 391 (La. 1987)……………………………………….……………17

*Gerard v. Par. of Jefferson*, 424 So.2d 440, 444 (La. Ct. App. 1982)……………….…….….…..17

*Aubin v. Columbia Cas. Co.*, 272 F. Supp. 3d 828, 840 (M.D. La. 2017)…………………………17

*Cooper-McClintok v. United States*, No. CIV.A. 11-1934, 2014 WL 4925113, at *1
(W.D. La. Sept. 30, 2014)………………………………………………………………………….18

*Boyer v. Johnson*, 360 So.2d 1164, 1166 (La.1978)…………………………………………..18

*Taylor v. Giddens*, 618 So.2d 834, 840 (La.1993)……………………………………………….18

**STATUTES**

42 U.S.C. §1983…………………………………………………………..……………………...7, 9, 10

**RULES**

Fed. R. Civ. P. 8(a)(2)………………………………………………………………………...…..13

Fed. R. Civ. P. Rule 12(e)………………………………………………………………7, 14, 15, 18, 19

Fed. R. Civ. P. Rule 8(a)………………………………………………………………….………....14, 17

Fed. R. Civ. P. Rule 12(b)(6)……………………………………………………………….7, 8, 11, 12, 18, 19

**TREATISES**

5 Wright & Miller*, Fed. Practice & Procedure: Civil* § 1356 at 590-591…………………..…..14

Baiker-McKee, Jansen, & Corr, *Federal Civil Rules Handbook*, 2012, p. 481……………..………15

MAY IT PLEASE THE COURT:

Defendant, Trooper Chris Hollingsworth, requests that the court grant his Rule 12(b)(6) motion, or alternatively, grant his Rule 12(e) motion for the following reasons:

## II.    Introduction

The U.S. Fifth Circuit has adopted a heightened pleading standard in §1983 actions which requires a complaint to state with *factual detail and particularity* the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity. In a shotgun-style complaint in this §1983 action, plaintiff makes collective, boilerplate allegations against six Louisiana State Police Troopers and one Union Parish Sheriff's Department deputy. Since qualified immunity is determined on an individual basis, the plaintiff's boilerplate allegations against the officers, as if all acted in unison while apprehending a suspect after a high-speed pursuit, renders the complaint defective and the claim implausible. As a result, the complaint is defective and the §1983 action should be dismissed. Alternatively, plaintiff should be ordered to amend the complaint to set forth all §1983 allegations with *factual detail and particularity*.

## III.   Law and Argument

Plaintiff alleges she is the daughter of the deceased, Ronald Greene.[1] Plaintiff claims "Greene was brutalized by Louisiana state Police and Union Parish Deputy Officers [sic] which caused his death."[2] Plaintiff claims "Trooper Demoss, Master Trooper Hollingsworth, Master Trooper York, Captain Peters, Lieutenant Clary, Sergeant McElroy, and Deputy Sherriff Harpin individually and in concert used lethal force against Greene."[3]

Plaintiff alleges that Trooper Hollingsworth violated Mr. Greene's Fourth Amendment

---

[1] Complaint ¶1.
[2] Complaint ¶16.
[3] Complaint ¶32.

7

rights and is, therefore, liable under 42 U.S.C. §1983, which in pertinent part provides:

> Every *person* who, under color of any statute, ordinance, regulation custom, or usage, of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress. (Emphasis added).

For the following reasons, the complaint should be dismissed under Rule 12(B)(6).

Under Federal Rule of Civil Procedure 12(b)(6) a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion tests the sufficiency of a party's claim for relief. A complaint may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law **or** because the factual tale alleged is implausible. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & 570, 127 S. Ct. 1955, 1965, & 1974, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed. 868 (2009).

While the court must accept all of the plaintiff's allegations as true, the court is not bound to accept as true bald assertions, conclusions, or inferences, or legal conclusions "couched" or "masquerading" as facts. *Gooley v. Mobile Oil Corp.,* 851 F.2d 513, 514 (5th Cir. 1988). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Pleaders unable to "show" plausible entitlement to relief are thereby exposed by Rule 12(b)(6) at an early stage in the litigation so as to minimize the costs of time and money by the litigants and the courts. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & 570, 127 S. Ct. 1955, 1965, & 1974, 167 L. Ed. 2d 929 (2007). *Iqbal*, 556 U.S. at 678

### A. The §1983 claim against Trooper Hollingsworth in his official capacity is not cognizable as a matter of law.

In the complaint, plaintiff names Trooper Hollingsworth as a defendant in his official capacity, stating, "Master Trooper Chris Hollingsworth, was at all relevant times, a duly appointed Louisiana State Police Master Trooper acting within the scope of his employment and under color of law."[4] However, it is axiomatic that a state official sued in his official capacity is not a "person" within the meaning of §1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989).

In *Will*, the U.S. Supreme Court was presented with the precise issue raised by the instant motion, *i.e.*, whether a state police officer sued in his official capacity was a "person" within the meaning of §1983. In *Will*, the Court specifically held "that a State is not a person within the meaning of §1983." *Id* at 2308. In *Will*, the court further noted that this holding applies to "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Id at 2312, citing *Mt. Healthy Bd. Of Ed. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed. 2d 471 (1977). Accordingly, the court upheld the dismissal of the Michigan Department of State Police on the grounds that the department was not a "person" under 42 U.S.C. §1983.

In *Will*, *supra* at 2312, the court also reasoned that a "suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office," and "[a]s such it is no different from a suit against the State itself." In *Will*, the court ultimately held "that neither a State nor its officials acting in their official capacities are 'persons' under §1983." *Id*.

---

[4] Complaint, ¶7.

9

In *Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L.Ed. 301 (1991), the U.S. Supreme Court clarified its holding in *Will*. The court stated that the pertinent inquiry is the capacity in which the state official is sued, not the capacity in which he is acting at the time of the complained of conduct. *Hafer*, *supra* at 23. The court further reasoned that "state officials, sued in their individual capacities, are 'persons' within the meaning of 1983." *Hafer*, *supra* at 365.

In *Hafer*, the court held that, under 42 U.S.C. §1983, state officials may only be sued in their individual or personal capacity. The court specifically noted that the distinction between personal and official capacity suits is more than a "mere pleading device." *Hafer*, *supra* at 362, citing *United States v. Bass*, 404 U.S. 336, 349, 92 S. Ct. 515, 523, 30 L.Ed 2d 488 (1971).

Likewise, under *Hafer*, the complaint against Trooper Hollingsworth in his official capacity fails as a matter of law. Failing to state claim cognizable under the law, the complaint against Trooper Hollingsworth should be dismissed.

**B. Trooper Hollingsworth is also entitled to assert the defense of qualified immunity**.

A state official named as a defendant in his individual capacity in a §1983 action is entitled to qualified immunity. To assert a claim for damages under §1983, a plaintiff must demonstrate (1) a deprivation of a right secured by federal law, [5] (2) that occurred under color of state law, and (3) was caused by a state actor. *Victoria W. v. Carpenter,* 369 F.3d 475, 482 (5th Cir. 2004). If a plaintiff establishes a §1983 violation, the state officer may still be qualifiedly immune from

---

[5] When a plaintiff alleges excessive force during an investigation or arrest, the federal right at issue is the Fourth Amendment right against unreasonable seizures. A §1983 claim that law-enforcement officers used excessive force to effect a seizure is governed by the Fourth Amendment's "reasonableness" standard *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). An officer seizes a person when he, "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (emphasis added); *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004).

liability. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Coley v. Boyett*, No. 5:17-CV-01553, 2019 WL 5483440, at *4 (W.D. La. Oct. 22, 2019).

An individual sued under §1983 has immunity from claims for money damages unless the facts alleged, taken in a light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right that was clearly established at the time of the violation. *See Saucier v. Katz,* 121 S.Ct. 2151 (2001); *Jackson v. Texas*, 959 F.3d 194, 201 (5th Cir. 2020). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir.2002)(en banc).

In a Rule 12(b)(6) context, that means the plaintiff must point to portions of his complaint "that state with *factual detail and particularity* the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." *Babb v. Dorman,* 33 F.3d 472, 477 (5th Cir.1994); *Riley v. Savage*, No. CIV.A. 08-CV-0146, 2009 WL 2460848, at *3 (W.D. La. Aug. 10, 2009); *Verrette v. Major*, No. 07-CV-0547, 2008 WL 4083032, at *1 (W.D. La. Aug. 25, 2008) See also, *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014)(Emphasis added).

Stated differently, a plaintiff seeking to overcome qualified immunity "must plead *specific facts* that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *Carney v. New Orleans City*, No. CV 20-901, 2020 WL 3469835, at *3–4 (E.D. La. June 25, 2020).

Thus, to overcome a qualified immunity defense in the Rule 12(b)(6) context, the complaint must contain *specific facts* stated with such *factual detail* and *particularity* that the court can draw

11

a reasonable inference that the defendant is liable <u>and</u> that the defendant's conduct violated a clearly existing constitutional right. Moreover, the qualified immunity determination must be made on an individual basis, not collectively.

The U.S. Fifth Circuit has long held that a court must examine each individual defendant's entitlement to qualified immunity separately. *See Stewart v. Murphy,* 174 F.3d 530, 537 (5th Cir.1999); *Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 395 (5th Cir. 2000); *Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 883–84 (5th Cir.2004); *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir.2005); T*arver v. City of Edna*, 410 F.3d 745, 752–54 (5th Cir.2005). More recently, in *Meadours v. Ermel*, 483 F.3d 417, 421 (5th Cir. 2007), the court held "that the district court erred in considering the officers' actions collectively" in a §1983 action alleging excessive force even where the officers were alleged to have acted in unison.

In the instant matter, plaintiff's complaint fails to allege facts with the requisite factual detail and particularity. There are no facts alleged which would allow the court to draw any reasonable inference that Trooper Hollingworth, individually, engaged in any conduct violative of the Fourth Amendment. Indeed, the complaint fails to state with *factual detail and particularity* any conduct of Trooper Hollingworth from which the court could reasonably infer that Trooper Hollingsworth violated a constitutional right of Mr. Greene. The complaint merely offers legal labels and a formulaic recitation of the elements of a cause of action under §1983. With respect to Trooper Hollingsworth, the factual content of a plausible constitutional violation is missing. In this regard, the complaint is defective.

A complaint will only survive a Rule 12(b)(6) motion if it alleges "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S at 678. If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679, 129 S.Ct. 1937 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

Under the pleading standards applicable to this action, plaintiff has failed to plead sufficient factual content to state a plausible claim for relief against Trooper Hollingsworth under §1983. The complaint should be dismissed because plaintiff has not adequately alleged a sufficient factual basis from which it may be inferred that Trooper Hollingsworth is not entitled to qualified immunity.

The U.S. Supreme Court has "repeatedly…stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) *(per curiam).* Indeed, the U.S. Supreme Court has made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that "'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson v. Creighton,* 483 U.S. 635, 640, n. 2, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive, *Helton v. Clements,* 787 F.2d 1016, 1017 (5th Cir.1986).

The doctrine of qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

Under these long-standing principles, it is appropriate to dismiss the claims against Trooper Hollingsworth at this stage. When confronted with a qualified-immunity defense at the pleadings stage, the plaintiff must plead "facts which, if proved, would defeat [the] claim of immunity." *Westfall v. Luna*, 903 F.3d 534, 542 (5th Cir. 2018) (quoting *Brown v. Glossip*, 878 F.2d 871, 874 (5th Cir. 1989)); *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). Simply put, plaintiff has failed to plead facts sufficient to defeat Trooper Hollingsworth's claim of immunity.

### C. Alternatively, Plaintiff should be ordered to amend the complaint.

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim *showing* that the pleader is entitled to relief." (Emphasis added). "Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Beanal v. Freeport-McMoran*, Inc., 197 F. 3d 161, 164 (5th Cir. 1999); citing *General Star Indemnity, Co. v. Vesta Fire Ins., Corp.*, 173 F.3d 946, 950 (5th Cir.1999); See also *Browder v. XTO Energy Inc.*, WL 566942 (W.D. La. 2012); *Dretar v. Gravolet*, WL 4404027 (E.D. La. 2011); *Griffith v. Strategic Technology Institute, Inc.* WL 893465 (E.D. La. 2012); *In re FEMA Trailer Formaldehyde Products Liability Litigation*, WL 5217594 (E.D. La. 2008); *Shields v. Allstate Ins. Co.*, WL 3884326 (E.D. La. 2008).

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." See also *Beanal v. Freeport-McMoran, Inc.*, 197 F. 3d 161, 164 (5th Cir. 1999), citing 5 Wright & Miller*, Fed. Practice & Procedure: Civil* § 1356 at 590-591. Although a motion for more definite statement is generally viewed with disfavor, when a complaint fails to specify the allegations in a manner that provides sufficient notice so that a defendant can

14

fairly frame a response without prejudice, a defendant can move for a more definite statement under Rule 12(e) before responding. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Havens Rlty. Corp. v. Coleman*, 455 U.S. 363, 383 (1982) (Powell, J., concurring). *Pellerin, v. Xspedius Communications, Inc.*, WL 1676656 (W.D. La. 2005); *Smith v. JP Morgan Chase,* WL 1390828 (W.D. La. 2009); *Browder v. XTO Energy Inc*., WL 566942 (W.D. La. 2012); *Dretar v. Gravolet*, WL 4404027 (E.D. La. 2011); *Griffith v. Strategic Technology Institute, Inc*. WL 893465 (E.D. La. 2012); *Cashman Equipment Corp. v. Rozel Operating Co*., WL 3385117 (M.D. La. 2010).

"Just as Rule 12(e) motions are not a legitimate substitute for discovery, discovery is not a fair substitute for proper pleading." Baiker-McKee, Jansen, & Corr, *Federal Civil Rules Handbook*, 2012, p. 481, citing *Eisenach v. Miller-Dwan Medical Center*, 162 F.R.D. 346, 348 (D. Minn. 1995). The argument "that the deficiencies in pleadings may be cured through liberalized discovery is at increasingly mounting odds with the public's dissatisfaction with exorbitantly expansive discovery, and the impact that the public outcry has had upon our discovery Rules." *Id.*

"Although the rules encourage brevity, the complaint must give the defendant 'fair notice' of what the plaintiff's claim is *and the grounds upon which it rests*.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 319, 127 S.Ct. 2499, 168 L.Ed. 2d 179 (2007) (Emphasis added). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*. at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of 'further factual enhancement.'" *Id*., at 557, 127 S. Ct.

15

1955. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678, 129 S. Ct. 1950.

As stated above, the absence of sufficient factual content specific to the alleged conduct of Trooper Hollingsworth renders the complaint defective. The collective nature of the allegations in the complaint do not "unlock the doors of discovery." In a §1983 action, the complaint must "state with *factual detail* and *particularity* the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity.

This is analogous to pleading fraud with particularity. When fraud is alleged, Rule 9(b) imposes a greater standard, stating, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with *particularity*." (Emphasis added). "What constitutes 'particularity' will necessarily differ with the facts of each case." *Benchmark Electronics, Inc. v. J.M. Huber Corp*., 343 F. 3d 719, 724 (5th Cir. 2003) (quoting *Guidry v. Bank of LaPlace*, 954 F, 2d 278, 288 (5th Cir. 1992)). The difference from case to case stems from the fact that fraud may arise by statements, actions or omissions, and the allegations required with respect to each of those varieties of fraudulent conduct are different. But, no matter the circumstances, the essence of Rule 9(b) is a requirement that the "who, what, when, where and how" of the alleged fraud be laid out. *Benchmark Electornics, Inc*., 343 F. 3d at 724. This requires a plaintiff pleading fraud "to specify when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Technologies Inc*., 302 F. 3d 552, 564-565 (5th Cir. 2002). See also *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*,

16

607 F.3d 1029, 1032-33 (5th Cir. 2010); *Williams v. WMX Techs*, 112 F. 3d 175 (5th Cir. 1997).

In the Fifth Circuit, a complaint alleging a constitutional violation must be meet the same pleading standard as a complaint alleging fraud – *factual particularity*. Being required to plead constitutional violations with particularity, plaintiff's collective, boilerplate allegations against Trooper Hollingsworth fall short of the mark. Pleading constitutional violations with *particularity* requires that the "who, what, when, where and how" of each individual defendant's alleged constitutional violation be laid out in detailed factual content, not with boilerplate, collective allegations and legal labels. Naked assertions devoid of the requisite factual detail are insufficient to *show* "that the pleader is entitled to relief." *See* Rule 8(a). Without factual detail *showing* the "who, what, when, where and how" of each individual defendant's violation of a clearly established constitutional right, the complaint fails to meet standard of *particularity* required by the §1983 jurisprudence in the Fifth Circuit.

**D. The complaint also fails to state a claim under state law.**

Plaintiff asserts the state law tort claim of battery and also alleges to be entitled to recover under the Louisiana Civil Code articles governing wrongful death and survival actions. As with the §1983 action, plaintiff fails to allege sufficient facts to allow a conclusion that any conduct of Trooper Hollingsworth gives rise to a plausible tort claim for battery or wrongful death.

Under Louisiana law, battery is "[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact." *Caudle v. Betts*, 512 So.2d 389, 391 (La. 1987). However, a police officer may use reasonable force during a lawful arrest. *Gerard v. Par. of Jefferson*, 424 So.2d 440, 444 (La. Ct. App. 1982); *Aubin v. Columbia Cas. Co.*, 272 F. Supp. 3d 828, 840 (M.D. La. 2017).

In order to recover for negligent wrongful death, the persons entitled to sue for this cause

17

of action must prove that a defendant (1) had a duty to observe a certain standard of care, (2) breached this duty by not observing this standard of care, (3) the breach was a cause-in-fact of the decedent's death, and (4) the harm that occurred was the type of harm the defendant's legal duty was designed to prevent. *Cooper-McClintok v. United States*, No. CIV.A. 11-1934, 2014 WL 4925113, at *1 (W.D. La. Sept. 30, 2014), citing *Boyer v. Johnson*, 360 So.2d 1164, 1166 (La.1978). Similarly, the survival action "comes into existence simultaneously with the existence of the tort and is transmitted to beneficiaries upon the victim's death," and thus the same elements of negligence listed above must be proved regarding the survival action in order for Plaintiffs to recover damages for that claim. *Id*, citing *Taylor v. Giddens*, 618 So.2d 834, 840 (La.1993).

While the heightened pleading standard of *particularity* does not necessarily apply to plaintiff's state law claims, the complaint is devoid of factual allegations specific to Trooper Hollingsworth from which it could be reasonably inferred that he committed a battery, breached any legal duty, or was the cause-in-fact of Mr. Greene's death. Plaintiff's formulaic, conclusory allegations merely recite the state law labels. The complaint lacks factual content showing why Trooper Hollingsworth could be held personally liable under state law.

## **CONCLUSION**

Accordingly, Defendant, Christopher Hollingsworth, respectfully prays that this Honorable Court grant the Rule 12(b)(6) motion to dismiss, or alternatively, that plaintiff be ordered to amend the complaint under Rule 12(e).

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

**BY**: /s/    *P. Scott Wolleson* (#22691)
         Special Assistant Attorney General

**BREITHAUPT DUBOS & WOLLESON** LLC
1811 Tower Drive
Monroe, Louisiana 71201
Telephone: (318) 322-1202
Facsimile: (318) 322-1984
Email: scott@bdw.law

**ATTORNEYS FOR HOLLINGSWORTH**

# CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2020, a copy of the foregoing Defendant's Memorandum in Support of Rule 12(b)(6) Motion to Dismiss or, Alternatively, Rule 12(e) Motion for More Definite Statement was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

*/s/ P. Scott Wolleson*