UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **TAYLA GREENE,**<br>as administrator of the estate of decedent,<br>**RONALD GREENE** | **CIVIL ACTION NO. 3:20-CV-0578** |
| **VERSUS** | **JUDGE TERRY DOUGHTY** |
| **TROOPER DAKOTA DEMOSS**<br>**and MASTER TROOPER CHRIS**<br>**HOLLINGSWORTH and MASTER**<br>**TROOPER KORY YORK and**<br>**SERGEANT FLOYD MCELROY and**<br>**LIEUTENANT JOHN CLARY and CAPTAIN**<br>**JOHN PETERS AND DEPUTY SHERRIF**<br>**CHRISTOPHER HARPIN and JOHN DOE**<br>**CORPORATION l-3** | **MAG. JUDGE KAREN L. HAYES** |

**Table of Contents**

I.     INTRODUCTION ................................................................................................................ 1

II.    ARGUMENT ..................................................................................................................... 2

   A.    By Stander Liability ................................................................................................. 2

   B.    Excessive Force ....................................................................................................... 5

      1.    Collective Allegations ........................................................................................ 5

      2.    Plausibility ......................................................................................................... 7

   C.    State Law Claims .................................................................................................... 7

   D.    Alternatively, Plaintiff Should Provide A More Definite Statement. ...................... 8

CONCLUSION ........................................................................................................................... 9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**TAYLA GREENE,**                                             **CIVIL ACTION NO. 3:20-CV-0578**
**as administrator of the estate of decedent,**
**RONALD GREENE**

**VERSUS**                                                    **JUDGE TERRY DOUGHTY**

**TROOPER DAKOTA DEMOSS**                                     **MAG. JUDGE KAREN L. HAYES**
**and MASTER TROOPER CHRIS**
**HOLLINGSWORTH and MASTER**
**TROOPER KORY YORK and**
**SERGEANT FLOYD MCELROY and**
**LIEUTENANT JOHN CLARY and CAPTAIN**
**JOHN PETERS AND DEPUTY SHERRIF**
**CHRISTOPHER HARPIN and JOHN DOE**
**CORPORATION 1-3**

**TABLE OF AUTHORITIES**

**Cases**

*Arnold v. Williams*, 979 F3d 262, 269 (5th Cir. 2020) .................................................................. 4

*Ashcroft v. Iqball*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) ..................................................... 7

*Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ............................................................ 4, 6, 8

*Beanal v. Freeport-McMoran, Inc.*, 197 F. 3d 161, 164 (5th Cir. 1999) ....................................... 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). ........... 4

*Browder v. XTO Energy Inc.*, WL 566942 (W.D. La. 2012) .......................................................... 8

*Brumfield v. Hollins*, 551 F.3d 322, 626 (5th Cir. 2008) ............................................................... 5

*Dretar v. Gravolet*, WL 4404027 (E.D. La. 2011) ........................................................................ 8

*Eisenach v. Miller-Dwan Medical Center*, 162 F.R.D. 346, 348 (D. Minn. 1995) ........................ 8

*Griffith v. Strategic Technology Institute, Inc.* WL 893465 (E.D. La. 2012) ................................. 8

*Hale v. Townley*, 45 F.3d 9145, 919 (5th Cir. 1995) ....................................................................... 3

*Havens Rlty. Corp. v. Coleman*, 455 U.S. 363, 383 (1982) ............................................................. 8

*Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) ............................... 6

*Joseph v. Bartlett*, No. 19-30014, 2020 WL 6817823, at *6 __ F.3d __ (5th Cir. 11/20/20) .......... 4

*Kane Enterprises v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). ......................... 4

*Meadours v. Ermel*, 483 F.3d 417 (5th Cir. 2007) ...................................................................... 5, 6

*Mitchell v. Forsythe*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d (1985) ................................ 6

*Morris v. Pierce*, No. 07-0080, 2008 WL 4287969 (W.D. La. 9/17/2008) .................................... 6

*Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 507 (W.D. La. 2001). ...................... 4

*Pellerin, v. Xspedius Communications, Inc.*, WL 1676656 (W.D. La. 2005) ................................ 8

*Pena v. City of Rio Grande City¸*879 F.3d 613, 618 (5th Cir. 2018) ............................................... 4

*Prothro v. City of Garland*, 234 F.3d 706 (5th Cir. 2000) .............................................................. 2

*Smith v. JP Morgan Chase,* WL 1390828 (W.D. La. 2009) ............................................................ 8

*Snyder v. Trepagnier*, 142 F.3d 791, 801 (5th Cir. 1998) ............................................................... 2

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); .............. 8

*Washington v. Tubbs*, 2014 WL 2462536 (W.D. La. 06/2/2014) ............................................... 3, 5

*Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) ..................................................................... 2

**Statutes**

42 U.S.C. §1983 ................................................................................................................................ 2

Federal Rule of Civil Procedure 72(b) ............................................................................................. 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **TAYLA GREENE,** as administrator of the estate of decedent, **RONALD GREENE** | **CIVIL ACTION NO. 3:20-CV-0578** |
| **VERSUS** | **JUDGE TERRY DOUGHTY** |
| **TROOPER DAKOTA DEMOSS** and **MASTER TROOPER CHRIS HOLLINGSWORTH** and **MASTER TROOPER KORY YORK** and **SERGEANT FLOYD MCELROY** and **LIEUTENANT JOHN CLARY** and **CAPTAIN JOHN PETERS AND DEPUTY SHERRIF CHRISTOPHER HARPIN** and **JOHN DOE CORPORATION l-3** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORNADUM IN SUPPORT OF OBJECTIONS AND APPEAL OF MAGISTRATE JUDG'S REPORT AND RECOMMENDATION**

**MAY IT PLEASE THE COURT:**

**I.     INTRODUCTION**

Plaintiff filed a Complaint arising out of an attempted apprehension and arrest. Originally, plaintiff named as a defendant Trooper DaKota DeMoss, individually and in his official capacity as an employee of the Department of Public Safety and Corrections. After the filing of a Motion to Dismiss by Trooper DeMoss, Doc. No. 20 directed at official and personal capacity claims asserted, plaintiff filed an Amended Complaint. Doc. No 25. The Amended Complaint failed to allege sufficient facts to plausibly state a 42 USC §1983 claim against Trooper DaKota DeMoss so as negate qualified immunity. A Report and Recommendation issued addressing the Motion. The Report and Recommendation granted the dismissal of

1

plaintiff's claim of denial to access to courts, but rejected Trooper DeMoss' argument regarding the claims for bystander liability and excessive force. [Doc. No. 46].

Trooper DaKota DeMoss appeals the denial as contrary to the law. The Amended Complaint fails to plausibly plead facts sufficient to defeat a claim of qualified immunity.

## II.   ARGUMENT

A party may appeal a Magistrate Judge's ruling on a dispositive matter to the district court pursuant to Federal Rule of Civil Procedure 72(b). The Magistrate's Report and Recommendation denying in part a Motion to Dismiss is a dispositive matter. In reviewing a dispositive matter, a district court reviews the magistrate judge's disposition *de novo*. F.R.C.P. 72(b)(2). Because the Amended Complaint fails to plausibly plead sufficient facts to deny Trooper DeMoss qualified immunity, the Complaint should be dismissed, or in the alternative, a more definite statement ordered.

### A.   By Stander Liability

An officer may be liable under 42 U.S.C. §1983 for bystander liability only when the officer knows that a fellow officer is violating an individual's constitutional rights, has a reasonable opportunity to prevent the harm, and chose not to act. *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). The Plaintiff must demonstrate that the officer "acquiesced in the alleged constitutional violation." *Id.* To do so, a plaintiff must allege that the officer was in the vicinity at the relevant time to have a reasonable opportunity to intervene. *Prothro v. City of Garland*, 234 F.3d 706 (5th Cir. 2000) and *Snyder v. Trepagnier*, 142 F.3d 791, 801 (5th Cir. 1998).

In recommending against dismissal, the Report and Recommendation asserts:

> Furthermore, because each officer allegedly participated in the use of excessive force against Greene, this means that each officer necessarily was close enough to Greene that he could have opted to cease harming Greene himself, and instead intervened to protect

>Greene from the actions of the other officers. Of course, DeMoss, Peters, Clary, McElroy, and York simply watched the other officers beat, smother, choke, and use electronic control devices against Greene without intervening. [Doc. No. 46, page 17].

However, such analysis ignores the temporal requirement of proximity necessary for an officer to possess a reasonable opportunity for intervention. *Id.*

Nothing in the Amended Complaint alleges that Trooper DeMoss was in close proximity to any other officer at the time of the administration of an electronic control device or any other purported use of force. With regard to the Amended Complaint, plaintiff asserts that DeMoss and the other law enforcement defendants observed Mr. Green being beaten, smothered, choked and abused with an electronic control weapon. [Doc No. 25, ¶92]. Trooper DeMoss and the other law enforcement defendants knew the described activities were unconstitutional and failed to intervene. [Doc. No. 46, ¶93]. Nothing in the Complaint asserts any temporal or proximal ability of Trooper DeMoss to intervene in the alleged unconstitutional activity.[1]

In *Washington v. Tubbs*, 2014 WL 2462536 (W.D. La. 06/2/2014), plaintiff brought a §1983 excessive force and bystander liability claim secondary to a pepper spaying event. Plaintiff asserted that defendant Tubbs administered pepper spray without provocation or justification while he was handcuffed and being transported. Plaintiff maintained that a second officer was standing on his right side, in clos proiximity, when the use of force occurred. *Id.*, at 8-9. With regard to the bystander liability claim analyzed for summary judgment purposes, the Magistrate explained:

>A critical inquiry in determining this so-called bystander liability is "whether [a defendant] had a reasonable opportunity to realize the excessive nature of the force and to intervene to stop it." *Hale v. Townley*, 45 F.3d 9145, 919 (5th Cir. 1995). Here, there is nothing in the record establishing that Coleman could have

---

[1] The Report and Recommendation lacks any reference or paragraph from the Amended Complaint alleging temporal or proximal ability to intervene.

3

>prevented the incident or **more importantly, that Colman even knew Major Tubbs' intention to spray Plaintiff.** *Id.* at 9. [emphasis added]

Despite plaintiff's objection to the Report and Recommendation, the district court affirmed the dismissal of the bystander liability claims against the defendant.

Like *Washington*, the Amended Complaint fails to allege any factual basis for the assertion that Trooper DeMoss "failed to intervene despite the opportunity to do so." [Doc. No. 46, ¶93]. Like *Washington*, the Complaint fails to allege any forewarning of any other officers' actions. Unlike *Washington,* the Complaint fails to allege that Trooper DeMoss was in sufficient proximity to prevent any other officer's actions at the time of their alleged actions.[2]

At best, the Amended Complaint conclusorily asserts that Trooper DeMoss "failed to intervene despite having the opportunity to do so." [Doc. No. 46, ¶93]. However, sparse and conclusory allegations are insufficient to avoid dismissal. *Arnold v. Williams*, 979 F3d 262, 269 (5th Cir. 2020) and *Kane Enterprises v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). The bystander liability allegations of ¶93 are simply an impermissible "Threadbare recital of the elements of a cause of action, supported by mere conclusory statement, … " *Pena v. City of Rio Grande City*¸879 F.3d 613, 618 (5th Cir. 2018) *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

In addition to being sparse and conclusory, the Amended Complaint fails to plead any specific facts to defeat qualified immunity on this claim. A plaintiff seeking to void dismissal for qualified immunity must "plead specific facts . . . that defeat a qualified immunity defense…." *Backe v.* LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012). Under the bystander liability, the Amended Complaint lacks any facts to assert that Trooper DeMoss was in sufficient

---

[2] See also *Prothro v. City of Garland*, 234 F.3d 706 (5th Cir. 2000), *Snyder v. Trepagnier*, 142 F.3d 791, 801 (5th Cir. 1998), *Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 507 (W.D. La. 2001).

proximity at the time of any other officer's actions to as to intervene. Further, neither the Report and Recommendation, nor the plaintiff have identified any existing precedent or analogous case law establishing that Trooper DeMoss' possessed a reasonable opportunity to prevent the harm. *Joseph v. Bartlett*, No. 19-30014, 2020 WL 6817823, at *6 __ F.3d __ (5th Cir. 11/20/20). As demonstrated above, the existing jurisprudence requires proximity sufficient to prevent the alleged harm. The Amended Complaint lacks such an allegation.[3] Plaintiff failed to demonstrate the inapplicability of the defense to the bystander liability claim. *Brumfield v. Hollins*, 551 F.3d 322, 626 (5th Cir. 2008).

    **B.    Excessive Force**

Plaintiff's use of force allegation against Trooper DeMoss are insufficient to defeat qualified immunity. Plaintiff's conclusory use of force allegations lack the level of plausibility required to survive.

    **1.    Collective Allegations**

The Amended Complaint asserts that the defendants collectively and without justification committed excessive force. Collective and generic allegations are insufficient to defeat qualified immunity.

With the exception of a single paragraph, the Amended Complaint makes general use of force allegations attributed to no specific defendant. [Doc. No. 25, ¶36, ¶38, and ¶46-47]. Without particularization to a defendant, no qualified immunity analysis is possible. The named

---

[3] In fact, contrary to *Meadours v. Ermel*, 483 F.3d 417 (5th Cir. 2007), the Report and Recommendation lacks any analysis or consideration of the requirement that each individual officer have an opportunity to prevent the harm. "…simply watch[ing]" as concluded by the Report and Recommendation completely negates the requirement that an officer possess the opportunity to prevent the harm based upon proximity at the time of the events. In other words, a spontaneous pepper spraying of a restrained individual would result in bystander liability for every officer present regardless of the proximal ability to intervene. Such a result is directly contracted by *Washington v. Tubbs*, 2014 WL 2462536 (W.D. La. 06/2/2014).

defendant lacks any notice of whether they are included or excluded from the factual claim. Therefore, the generic claims related to use of a Taser, pinning Mr. Greene to the ground, and excessive force should be dismissed.[4]

With regard to this defendant, plaintiff avers that Trooper DeMoss beat, smothered, and choked Mr. Greene despite surrender, lack of resistance, and lack of a threat. [Doc. No. 25, ¶39]. However, the Amended Complaint contains separate identical paragraphs asserting that each officer beat, smothered, and choked Mr. Greene. [Doc. No. 25, ¶40-45]. In other words, plaintiff asserts each of the seven defendants engaged in identical, not similar, conduct. However, such collective identical actions are not sufficient particularized to consider qualified immunity individually.

When identical conduct is asserted, plaintiff is merely asserting collective conduct contrary to the requirements of *Meadours v. Ermel*, 483 F.3d 417 (5th Cir. 2007). In other words, the allegations is akin to "the defendants" or the "officers" committed the constitutional tort of excessive force. No individual consideration of qualified immunity may be had. All plaintiffs would escape the requirements of particularization to overcome qualified immunity by merely alleging each defendant acted in an identical fashion. Given the doctrine is an immunity from suit and discovery, such an outcome would be incongruous with *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) and *Mitchell v. Forsythe*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d (1985).[5] The Complaint fails to state a claim.

---

[4] To the extent that the litigation proceeds to discovery, the plaintiff may subsequently amended to assert such claims.

[5] *Morris v. Pierce*, No. 07-0080, 2008 WL 4287969 (W.D. La. 9/17/2008) fails to warrant denial of the Motion to Dismiss. In *Morris*, immunity from suit was not before the court. As acknowledged in the Report and Recommendation, the court addressed immunity from damages from qualified immunity in the form of a Motion for Summary Judgment. In fact, the named defendants individually admitted to having "made physical contact with the plaintiff during the course of the arrest" in the form of stun strikes, control holds, wrestling, tackling or use of a Taser. Accordingly, summary judgment was not proper. No such admission currently exist in a Rule 12(b)(6) context. Under *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) and *Mitchell v.*

### 2. Plausibility

By asserting collective and identical actions on the part of each of the defendants, plausibility is absent. Under the Amended Complaint, seven individuals beat, smothered and choked Mr. Greene. For example, under the Amended Complaint seven individual would be required to engage in the covering of Mr. Greene's nose and mouth so as to result in suffocation simultaneously or in succession to commit smothering. Seven individuals would be required would be required to exert force upon the windpipe of Mr. Greene simultaneously or in succession to commit choking. Finally, under the Amended Complaint, seven individuals would have to inflict blows upon an individual that is pinned to the ground by other officers. Such simultaneous or successive conduct is not plausible. Such claims are belied by common sense and experience. *Ashcroft v. Iqball*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### C. State Law Claims

Plaintiff asserts Louisiana state law claims for battery, wrongful death, and survival action. Each claims appears derivative of the factual allegations raised in the §1983 excessive force claim. Like the collective allegations battery and the survival action, the Plaintiff asserts a state wrongful death action based upon an allegation that the actions of all six of the Defendant law enforcement officers "caused the death of Ronald Greene." [Doc No. 25, ¶81]. Like the use of force claims under §1983, plaintiff's state law claims lack sufficient particularity to state causes of action. The Amended Complaint fails to provide Trooper DeMoss with sufficient particularity upon which to base a defense. The original defendants face generic allegations without specification as to the alleged conduct of each defendant. The state law claims are

---

*Forsythe*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d (1985), qualified immunity is not limited to immunity from damages. The plaintiff must plead sufficient facts to assert that Trooper DeMoss is not entitled to qualified immunity. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

7

alleged simply by adding legal conclusions to the allegations made in the § 1983 actions. The First Amended Complaint fails to state a claim upon which relief can be granted under state law.

### D. Alternatively, Plaintiff Should Provide A More Definite Statement.

In the alternative, defendant moves for a more definite statement. Plaintiff's complaint is so vague and ambiguous that defendant cannot reasonably prepare a response. As discussed in the context of the excessive force and bystander liability claims, the factual allegations related to the named defendants are collective, not specific.

Under Rule 12(e), a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." See also *Beanal v. Freeport-McMoran, Inc*., 197 F. 3d 161, 164 (5th Cir. 1999), citing 5 Wright & Miller, *Fed. Practice & Procedure: Civil* § 1356 at 590-591. When a complaint fails to specify the allegations in a manner that provides sufficient notice so that a defendant can fairly frame a response without prejudice, a defendant can move for a more definite statement under Rule 12(e) before responding. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Havens Rlty. Corp. v. Coleman*, 455 U.S. 363, 383 (1982) (Powell, J., concurring). *Pellerin, v. Xspedius Communications, Inc.*, WL 1676656 (W.D. La. 2005); *Smith v. JP Morgan Chase,* WL 1390828 (W.D. La. 2009); *Browder v. XTO Energy Inc*., WL 566942 (W.D. La. 2012); *Dretar v. Gravolet*, WL 4404027 (E.D. La. 2011); *Griffith v. Strategic Technology Institute, Inc*. WL 893465 (E.D. La. 2012); *Cashman Equipment Corp. v. Rozel Operating Co*., WL 3385117 (M.D. La. 2010).[6]

"Just as Rule 12(e) motions are not a legitimate substitute for discovery, discovery is not a fair substitute for proper pleading." Such is particularly true in the context of the defense of

---

[6] Discovery is not a substitute for proper pleading. Baiker-McKee, Jansen, & Corr, *Federal Civil Rules Handbook*, 2012, p. 481, citing *Eisenach v. Miller-Dwan Medical Center*, 162 F.R.D. 346, 348 (D. Minn. 1995)

8

qualified immunity. Qualified immunity is not merely an affirmative defense against damages. Rather, qualified immunity is immunity from suit, including discovery. *Backe v. LeBlanc*, 691 F.3d 645, 647 (5th Cir. 2012). The fact that a co-defendant "elects" to forego immunity from suit and discovery should not negate the requirement that plaintiff plead facts necessary to negate each defendant's qualified immunity.[7] Otherwise, a pro se defendant's answer would effectively waive a co-defendant's entitlement to facts necessary to negate qualified immunity. Accordingly, in the event this Court does not grant the motion to dismiss, defendant seeks a more definite statement to require the Complaint contain sufficient allegation against Trooper DeMoss to meet plaintiff's *Iqball* pleading burden regarding qualified immunity.

## CONCLUSION

Trooper DaKota DeMoss respectfully submits the Complaint's collective shotgun approach is deficient. The Amended Complaint merely repeats identical allegations against each defendant without any particularization. The Amended Complaint fails to plead any specific action on the part of this defendant to negate the defense of qualified immunity. Therefore, plaintiff's claims against this defendant should be dismissed with prejudice. Alternatively, plaintiff should be required to amend to meet the *Iqball* pleading requirements necessary to negate Trooper DeMoss' entitlement to qualified immunity.

---

[7] Similarly, the accuracy of a defendant's memory provides no basis negation of immunity from suit and discovery. Otherwise, every suit requires the defendant to answer and be subjected to discovery. Effectively, reliance on the defendant's memory shifts the burden of from the plaintiff to plead facts that negate qualified immunity onto the defendant's memory.

9

       Respectfully Submitted:

       **JEFF LANDRY**
       **ATTORNEY GENERAL**

       By: <u>/s/ C. Bryan Racer</u>
           C. Bryan Racer, #24196
           Assistant Attorney General
           Louisiana Department of Justice
           Office of the Attorney General
           Litigation Division
           130 Desiard Street, Suite 812
           Monroe, LA 71201
           Tel:   (318) 362-5250
           Fax:   (318) 362-5259
           Email: racerc@ag.state.la.us

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Memorandum In Support has been served upon the following counsel of record:

Ronald Haley
Ronald Haley and Associates
8211 Goodwood Blvd., Ste. E
Baton Rouge, LA 70806

P. Scott Wolleson
Breithaupt DuBos & Wolleson, LLC
1811 Tower Drive
Monroe, LA 71201

Brian D. Smith
Casten & Pearce APLC
401  Edwards Street, Suite 2100
Shreveport, LA 71101

Monroe, Louisiana, this 30th day of October, 2020.


   /s/ C. Bryan Racer
C. Bryan Racer