UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TAYLA GREENE** | **CASE NO. 3:20-CV-00578** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DAKOTA DEMOSS, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions: 1) a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, or alternatively for more definite statement [doc. # 23] filed by defendant, Trooper Chris Hollingsworth; and 2) a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 52] filed by defendant, Kevin Reeves. For reasons assigned below, it is recommended that Hollingworth's motion be denied, without prejudice, and that Reeves' motion be denied, as moot.

### Background

On May 6, 2020, plaintiff Tayla Greene filed the instant wrongful death and survival action pursuant to 42 U.S.C. § 1983 against various law enforcement personnel and other entities to recover damages for the May 10, 2019, death of her father, Ronald Greene (hereinafter, "Greene"), following an attempted traffic stop that ended in tragedy. (Compl.). Plaintiff filed suit on her own behalf and as the personal representative of her father's estate against the following law enforcement officers: Trooper Dakota DeMoss, Master Trooper Chris Hollingsworth, Master Trooper Kory York, Captain John Peters, Lieutenant John Clary, Sergeant Floyd McElroy, and Deputy Sheriff Christopher Harpin, plus three unknown manufacturers of

the electronic control weapons used by the officers: John Doe Corporations 1-3. *Id*. She asserted two counts against the officers under 42 U.S.C. § 1983 for excessive force and bystander liability, plus one state law count against them for battery. *Id*. Plaintiff also included a products liability claim against the unknown manufacturers of the electronic control devices used by the officers. *Id*. Plaintiff requested an award of $1 million for each count, plus punitive and exemplary damages under § 1983, attorney's fees under 42 U.S.C. §§ 1983 and 1988, and interest. *Id*.

On September 14, 2020, defendants, Dakota DeMoss, Kory York, Floyd McElroy, John Clary, and John Peters, filed motions to dismiss for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted, and/or for more definite statement. [doc. #s 20, 22]. Also on September 14, 2020, defendant, Christopher Hollingsworth, filed the instant motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, or alternatively for more definite statement [doc. # 23]. The motion largely echoed the arguments raised by his co-defendants.

In response to the motions to dismiss, plaintiff filed an amended complaint on October 5, 2020. (First Amend. Compl. (hereinafter, "FAC"). In the FAC, plaintiff joined Colonel Kevin Reeves and Does 1-5 as defendants, and added a First Amendment denial-of-access to courts claim under 42 U.S.C. § 1983 against all parties, save the unknown weapons manufacturers. (FAC, ¶¶ 95-100). In light of the changes wrought by the amended complaint, the court ordered defendants to either withdraw their motions to dismiss or otherwise supplement their motions to tailor it to the amended pleading. (Oct. 6, 2020, Order [doc. # 27]).

Although the other defendants supplemented their pending motions as ordered,

2

defendant, Hollingsworth, did not withdraw or supplement his pending motion to dismiss. Instead, on October 26, 2020, his attorney filed a suggestion of death in the record, stating that Hollingsworth had passed away on September 22, 2020. (Suggestion of Death [doc. # 33]).[1] Nevertheless, Hollingsworth's motion to dismiss remained pending.

On November 24, 2020, plaintiff filed a motion to substitute Hollingsworth's legal successor, Darby Hollingsworth, as defendant in this matter in lieu of her decedent. [doc. # 44]. By separate order, issued this date, the undersigned has denied the motion and accorded plaintiff time to conduct limited discovery.[2]

On December 11, 2020, the undersigned issued a report which found that plaintiff's FAC failed to state a viable denial-of-access claim, at this time. (Dec. 11, 2020, R&R [doc. # 46]). Although some other co-defendants, including Kevin Reeves, did not join in the motion to dismiss the denial-of-access claim, the undersigned *sua sponte* recommended dismissal of plaintiff's denial-of-access claim, without prejudice, as to *all* defendants. *Id*. On December 29, 2020, the District Court entered judgment dismissing plaintiff's denial-of-access claim, without prejudice, **as to all defendants**. (Dec. 29, 2020, Judgment [doc. # 51]).

Two days later, on December 31, 2020, defendant, Kevin Reeves, filed the instant Rule 12(b)(6) motion to dismiss plaintiff's claims against him that are set forth exclusively within

---

[1] The Clerk of Court terminated Hollingsworth as a party based on the suggestion of death filed in the record. *But see* Fed.R.Civ.P. 25(a)(1) (if a claim is not extinguished upon a party's death and no motion to substitute is made within 90 days after service of the statement of death, *then* the action against the decedent must be dismissed).

[2] Although the court previously deferred consideration of Hollingsworth's motion to dismiss pending the outcome of the motion for substitution, the balance now has shifted given the continued uncertainty of his legal successor and the appreciation that he no longer is represented by counsel.

Count III of the FAC, entitled, "COUNT III 42 U.S.C. § DENIAL OF ACCESS TO COURTS." Without discussion, Reeves also requested an attorney fee award under 42 U.S.C. § 1988, plus all general and equitable relief, etc.

On January 25, 2021, plaintiff filed her response to Reeves' motion to dismiss wherein she aptly noted that Reeves' motion was moot because the court already dismissed Count III, without prejudice, on December 29, 2020. (Pl. Opp. [doc. # 56]). Reeves did not file a reply brief, and the time to do so has lapsed. *See* Notice of Motion Setting [doc. # 53]. Accordingly, the matter is ripe.

## Analysis

### I. Hollingsworth's Motion

Hollingsworth did not supplement his motion to dismiss, as ordered – obviously in no small part because he passed away and no longer is represented by counsel. *See Succession of Wallace*, 574 So.2d 348, 359 (La.1991) (the client-attorney relationship is terminated upon the death of the client). Consequently, plaintiff never filed an opposition to the motion to dismiss either. Furthermore, at this point, it is not known whether or when a legal successor will be substituted for the decedent. If substituted, Hollingsworth's legal successor may or may not wish to advance the arguments and defenses raised by Hollingworth.

Accordingly, for the sake of clarity and to streamline the record, the best practice is to deny Hollingsworth's motion to dismiss, without prejudice, to his legal successor's right to bring the same or any additional Rule 12(b) arguments if, or when he, or she, is substituted in the matter.

## II.     Reeves' Motion

It is manifest that a district court cannot dismiss claims/parties that previously were dismissed. *See Matter of Alabama & Dunlavy, Ltd.*, 983 F.3d 766, 773 n.2 (5th Cir. 2020). Here, this court previously dismissed plaintiff's denial-of-access claim, without prejudice, **as to all defendants**, which necessarily included Kevin Reeves. *See* R&R and Judgment. Furthermore, plaintiff and Reeves agree that the former's claims against the latter were limited to her Count III denial-of-access claim. In other words, plaintiff's only claim(s) against Reeves was dismissed. As such, the court is not at liberty to re-dismiss the claim/party; the instant motion is moot.

The court also discerns no basis for an award of attorney's fees, where, as here, the court dismissed *sua sponte* plaintiff's claims against movant previously and movant did not make any argument to support an award.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, or alternatively for more definite statement [doc. # 23] filed by defendant, Trooper Chris Hollingsworth, be DENIED, without prejudice.

IT IS FURTHER RECOMMENDED that the Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, including the request for fees [doc. # 52], filed by defendant, Kevin Reeves, be DENIED, as moot and/or as unavailable.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific,

written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 4th day of February 2021.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE