**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TAYLA GREENE**<br>**as administrators of the estate of the decedent**<br>**RONALD GREENE**<br>**Plaintiff**<br><br>**v.**<br><br>**TROOPER DAKOTA DEMOSS et al.,**<br>**Defendants.** | : | **Civil Action**<br>**No. 20-0578** |

## TABLE OF CONTENTS

BACKGROUND……………………………………………………………………......................4

ARGUMENT…………………………………………………………………………………….8

I. **RESTRAINING SPEECH IS NOT JUSTIFIED IN LIGHT OF THE PUBLIC INTERESTS OF POLICE TRANSPERANCY AND ACCOUNTABILITY AT ISSUE** ……………………………………………………….....................................8

II. **RESTRAINING SPEECH IS NOT JUSTIFIED IN LIGHT OF THE PUBLIC INTERESTS OF POLICE TRANSPERANCY AND ACCOUNTABILITY AT ISSU**………………………………………………………………………………9

## TABLE OF AUTHORITIES

*Marceaux* v. *Lafayette City-Parish Consolidated Gov't*, 731 F.3d 488 (5th Cir. 2013) .9

*Alexander* v. *United States*, 509 U.S. 544 (1993)………………………………………

*United States* v. *Brown*, 218 F.3d 415 (5th Cir. 2000)

*Levine* v. *U.S. Dist. Ct.*, 764 F.2d 590 (9th Cir. 1985)

La. St. Bar Ass'n. Art. XVI § 3.6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TAYLA GREENE**<br>**as administrators of the estate of the decedent**<br>**RONALD GREENE**<br>**Plaintiff**<br><br>**v.**<br><br>**TROOPER DAKOTA DEMOSS et al.,**<br>**Defendants.** | : | **Civil Action**<br>**No. 20-0578** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF TAYLA GREENE'S RESPONSE IN OPPOSITION TO DEFENDANT DARBY HOLLINGSWORTH'S MOTION FOR PROTECTIVE ORDER**

Tayla Greene ("Plaintiff") as administrator of the estate of Ronald Greene through the undersigned counsel, hereby files this Response in Opposition to Darby Hollingsworth's ("Defendant") Motion for Protective Order and avers as follows:

**BACKGROUND**

On May 10, 2019 Ronald Greene was being pursued by Louisiana State Police Trooper Dakota DeMoss when his car swerved, spun, and crashed into a wooded area. The impact of Greene's car was minor and he was not injured from the accident. Mr. Greene could walk, speak, and otherwise function in a healthy manner after the accident. Mr. Greene surrendered, acquiesced, and complied with Trooper Demoss and Trooper Chris Hollingsworth immediately after his vehicle stopped. Despite his peaceful compliance, Mr. Greene was beaten, tased, and choked by Troopers DeMoss and Hollingsworth. After this initial attack, Mr. Greene's hands were cuffed behind his back, his legs were shackled together, and Trooper Kory York dragged him facedown along the asphalt. Mr. Greene was then forced to lie in a prone position, and he was stepped on and restrained whenever he sought to adjust his position to breathe. As Greene

plead for relief, he was pepper sprayed directly in his face. The cumulative effect of the Troopers' use of force was the death of Mr. Greene.

In the immediate aftermath of Mr. Greene's death, Louisiana State Police ("LSP") officials issued a one-page statement asserting that troopers struggled with Mr. Greene but did not describe any use of force by troopers. LSP officials also told Mr. Greene's family members that he had died in an auto accident and refused to provide the Medical Examiner with the documentation necessary for him to determine the cause and manner of death.

Affirmative steps were taken to obfuscate the truth about this incident from the beginning. Troopers Hollingsworth and York turned off their body-worn cameras before beating, choking, and dragging Mr. Greene and Lieutenant John Clary denied having body camera footage despite the existence of thirty minutes of footage. Moreover, LSP refused release the body-worn camera footage for over 2 years.

In the pendency between Mr. Greene's Death and the release of the video, there has been a national outcry for transparency related to this case. There were thousands of media stories seeking the uncover the true nature of Mr. Greene's death with the goal of public accountability. Included in this national outcry were statements made by counsel for Plaintiff. Contrary to Defendant's specious allegation that these statements were made to gain a "tactical advantage" at trial they instead served to draw attention to LSP conduct. To be clear, the public has benefitted from the attention brought to this matter in the following ways:

- LSP initiated an internal investigation into the conduct underlying this matter 474 days after Mr. Greene was killed. [1]

[1] AP: LSP brass eyed in probe of Ronald Greene's deadly arrest | KLFY

- The United States Department of Justice is now conducting an expansive criminal investigation into the conduct underlying this matter, the policies and practices of LSP Troop F, and obstruction of justice by LSP personnel.[2]
- The Medical Examiner has re-opened his investigation to determine the true cause and manner of Mr. Greene's death. [3]
- Multiple LSP Troopers from Troop F, including Trooper DeMoss, have been arrested for conduct that was shockingly similar the conduct underlying this matter.[4]
- Captain John Peters was Removed from his command of Troop F after his admission that he approved use of force documents without reviewing bod-worn camera footage.[5]
- At at least six LSP personnel, including Superintendent Kevin Reeves, with direct connections to the conduct underlying this matter, have left the Department. [6]
- Troopers York and Hollingsworth were found to have violated LSP policy by LSP's internal investigation. [7]
- A second LSP internal investigation was initiated related to Lieutenant Clary's "missing" body-worn camera footage.[8]
- Governor John Bel Edwards released all body camera footage to the public. [9]

---

[2] Louisiana Police Officials Under Investigation for Interference in Probe of Black Man's Death (newsweek.com)
[3] Feds probe Louisiana police brass in black driver Ronald Greene's deadly arrest | Daily Mail Online
[4] Louisiana State Police arrests 4 troopers for 'use of force encounters' - ABC News (go.com)
[5] State Police captain who was transferred after Ronald Greene's death is retiring (kplctv.com)
[6] AP: Police brass eyed in probe of Black man's deadly arrest | Modesto Bee (modbee.com)
[7] Only officer disciplined in Ronald Greene death hospitalized in critical condition after one-car Monroe wreck early today | Louisiana Voice
[8] AP: Top Louisiana State Police trooper in Ronald Greene's deadly arrest withheld cam video (thenewsstar.com)
[9] Statement from Gov. Edwards on the Release of Videos from the Arrest of Ronald Greene | Office of Governor John Bel Edwards (louisiana.gov)

- Governor John Bel Edwards condemned the conduct of the Troopers who caused Mr. Greene's death. [10]
- An investigation into Former LSP Chief of staff Bob Brown, father of Troop F Trooper Jacob Brown, revealed years of racism within LSP including the display of a Confederate battle flag and the regular use of racial epithets. [11]

Not surprisingly, Defendant's Motion fails to concede the great public benefit that has stemmed from the publicizing the facts of this matter and dismisses Plaintiff's counsel as "anti-law-enforcement-officer". In reality, Plaintiff's Counsel's statements have all been pro-police-transparency and pro-police-accountability. Moreover, if not for the media attention in this matter, which stems in part from the statements of Plaintiff's counsel, the truth of how Mr. Greene was killed would be remain hidden and the pattern of abuse within LSP Troop F would continue unchecked. Accordingly, these statements do not present a substantial likelihood of prejudicing the court's ability to conduct a fair trial; they have served to level the playing field in a game where LSP and defendants controlled all of the information and sought to keep Plaintiff and the public in the dark permanently. Moreover, these statements are not prohibited under the Louisiana Rules of Professional Conduct because they constitute a warning of danger concerning a pattern of unconstitutional conduct which causes a likelihood of substantial harm to citizens of the state of Louisiana and the public interest.

---

[10] Louisiana governor condemns police in Ronald Greene death - CBS News

[11] Nakamoto: Racist behavior under investigation at State Police; internal documents show it dates back decades (wbrz.com)

## ARGUMENT

### I. RESTRAINING SPEECH IS NOT JUSTIFIED IN LIGHT OF THE PUBLIC INTERESTS OF POLICE TRANSPERANCY AND ACCOUNTABILITY AT ISSUE

Court orders aimed at preventing or forbidding the speech of trial participants "are classic examples of prior restraints," and must comply with the First Amendment. *Marceaux* v. *Lafayette City-Parish Consolidated Gov't*, 731 F.3d 488, 493 (5th Cir. 2013) (quoting *Alexander* v. *United States*, 509 U.S. 544, 550 (1993)); *United States* v. *Brown*, 218 F.3d 415 (5th Cir. 2000) *See also Levine* v. *U.S. Dist. Ct.*, 764 F.2d 590, 595 (9th Cir. 1985) (holding that a court's order prohibiting trial participants from speaking to the media constituted a prior restraint).

While litigants' First Amendment freedoms may be limited where the Court determines that there is a "substantial likelihood" that extrajudicial commentary by trial participants will undermine a fair trial, limitations nonetheless "face a well-established presumption against their constitutionality." *Marceaux*, 731 F.3d at 493 (citing *Brown*, 218 F.3d at 424–25). Therefore, a Court faced with a gag order request must determine "whether the harm the court seeks to prevent justifies the restraint on speech." *Id.*

In the instant matter, the restraint requested by Defendant is not justified in light of the public interest served by bringing attention to systemic excessive force and lack of oversight on the part of LSP, which is not a defendant in this matter. Moreover, the statements of Plaintiff's counsel are not substantially likely to have a distinct impact on the execution of a fair trial in light of the overwhelming publicity of this matter throughout media. As Defendant has conceded, an internet search of Ronald Greene and LSP reveals that the following local and national publications have discussed this matter in the context of excessive force, lack of transparency, and irregularities in the investigation. Among others, the following high-profile

publications have had extensive coverage of these issues: WBRZ (Baton Rouge), KLFY (Laffayette), The Times Picayune (New Orleans) The New York Times, The Washington Post, The Associated Press, CNN, Fox News, and Newsweek. Additionally, multiple civil rights advocate groups have publicly commented on this matter in order to promote the public interests of police transparency and accountability. Those groups include the NAACP, ACLU of Louisiana, VOTE, ADL South Central Region (Anti-Defamation League), Urban League of Louisiana, and VERA Institute for Justice.

The light cast by these media outlets and advocacy groups into LSP have benefitted the public and initiated steps toward accountability. Governor John Bel Edwards made this clear when he explicitly stated that, at his direction, LSP "implemented a number of changes with the goal of making sure [what happened to Mr. Greene] does not happen again."[12] Moreover, Defendant has not presented any evidence that Plaintiff's counsels public statements will have a distinct impact on the execution of a fair trial when the marketplace is saturated with coverage of LSP and the facts underlying this matter.

## II. PLAINTIFF'S COUNSEL'S PUBLIC STATEMENTS DO NOT VIOLATE THE RULES OF PROFESSIONAL CONDUCT

Rule 3.6 of the Louisiana Rules of Professional Conduct governing "Trial Publicity" generally prohibits public statements that have a substantial likelihood of materially prejudicing an adjudicative proceeding in a matter that a lawyer is participating in. La. St. Bar Ass'n. Art. XVI § 3.6(a). However, this prohibition is inapplicable where such public statements constitute a a warning of danger concerning the behavior of a person involved, when there is reason to believe that there exists the likelihood of substantial harm

[12] Louisiana governor condemns police in Ronald Greene death - CBS News

to an individual or to the public interest. La. St. Bar Ass'n. Art. XVI § 3.6(b)(6).

Clearly, in the instant matter there is a likelihood of substantial harm to the citizens of Louisiana if LSP, and Troop F in particular, continues to conduct itself in the manner that led to the use of excessive force against Mr. Greene and the subsequent misconduct. The risk of harm is established by at least two incidents shockingly similar to the facts underlying this matter which led to the arrest of four LSP Troopers including Trooper DeMoss. In the first incident, in July 2019, Troop F Troopers utilized excessive a handcuffed driver, deactivated body-worn cameras and reported untruthful statements regarding the alleged resistance by the suspect. In a more recent incident, in May 2020, Troop F Troopers utilized excessive force during the handcuffing process, deactivated body-worn cameras, and failed to indicate and provide video evidence.[13] It is inarguable that this pattern of conduct presents a risk of harm to anyone who is vulnerable to this type of abuse and it is inarguable that it is in the public interest to both publicize and hold Troopers accountable for their unconstitutional and illegal conduct. Plaintiff's counsel is not only justified but obligated to warn the public of the danger to the public that this pattern of conduct represents.

## CONCLUSION

Plaintiff respectfully request that the Court deny Defendant's Motion for Protective Order because public discussion regarding the killing of Ronald Greene, the criminal investigation of LSP personnel, and police transparency and accountability is of paramount public interest, does not create a substantial likelihood of an unfair trial, and is necessary to warn the public of the ongoing danger presented to the public.

[13] Louisiana State Police arrests 4 troopers for 'use of force encounters' - ABC News (go.com)

**Respectfully Submitted,**

*_//s//_Ronald Haley_*
Ronald Haley, Esquire
HALEY AND ASSOCIATES
8211 Goodwood Blvd Ste E,
Baton Rouge, LA 70806

*//s// Mark V. Maguire*
Mark V. Maguire, Esquire
McELDREW YOUNG PURTELL
123 South Broad Street
Philadelphia, PA 19109

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TAYLA GREENE**<br>**as administrators of the estate of the decedent**<br>**RONALD GREENE**<br>**Plaintiff** | : | |
| **v.** | : | **Civil Action**<br>**No. 20-0578** |
| **TROOPER DAKOTA DEMOSS and MASTER TROOPER CHRIS HOLLINGSWORTH and MASTER TROOPER KORY YORK and SERGEANT FLOYD MCELROY and LIEUTENANT JOHN CLARY and CAPTAIN JOHN PETERS and COLONEL KEVIN REEVES and DEPUTY SHERRIF CHRISTOPHER HARPIN and DOE 1-5 and JOHN DOE CORPORATION 1-3**<br>**Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that I will make a true and correct copy of Plaintiff's Response to Motion for Protective Order available on the PACER ECF system which will send an electronic notice to all participating counsel of record.

<u>*//s// Mark V. Maguire*</u>
Mark V. Maguire, Esquire
McELDREW YOUNG PURTELL
123 South Broad Street
Philadelphia, PA 19109