**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**TAYLA GREENE**              **CIVIL ACTION 3:20-CV-00578**

**VERSUS**                    **JUDGE TERRY ALVIN DOUGHTY**

**DAKOTA DEMOSS, ET AL.**     **MAG. JUDGE KAYLA D. McCLUSKY**

**DARBY HOLLINGSWORTH'S MEMORANDUM IN OPPOSITION TO
THE ASSOCIATED PRESS MOTION TO INTERVENE**

MAY IT PLEASE THE COURT:

The Motion to Intervene filed by The Associated Press ("AP") [ECF No. 85] should be denied for the following reasons:

The AP mischaracterizes the breadth of the requested gag order to create a strawman First Amendment argument that the proposed gag order is overly broad. To the contrary, Defendant, Darby Hollingworth, requests entry of a narrowly drawn gag order consistent with First Amendment requirements to prohibit Plaintiff's legal team from continuing to make improper extrajudicial statements attacking the character, credibility, and reputations of other parties in this litigation in violation of Rule 3.6. Nothing in the proposed order could be reasonably interpreted to silence the public, politicians, government agencies, law enforcement agencies, the media, anti-LEO activists, fact witnesses, or anybody else not participating in the litigation.

Rejecting a similar argument by a journalist, the U.S. Fifth Circuit previously held a "gag order is not overly broad" when "[t]he only people restrained from discussing the case are individuals 'involved with the proceedings'—the parties, the parties' representatives, and the parties' attorneys of record." *United States v. Aldawsari*, 683 F.3d 660, 665 (5th Cir. 2012). In *Aldawsari*, the U.S. Fifth Circuit upheld a district court's denial of the journalist's motion to

1

intervene, stating, "We conclude that the gag order entered by the district court was lawful and that intervention by [the journalist] would have been futile." *Id* at 666.

Likewise, the AP's intervention would be futile. The proposed gag order would not violate the AP's rights. After entry of the proposed gag order, news coverage of this case could certainly continue, "drawing on public hearings and information in the public record." *Id* at 665. The AP would also be free to continue to publish articles which dramatize the LEO use of force and to provide its twist on the post-incident investigation by LSP which determined crash-related injuries were the cause of Mr. Greene's death. The AP would have no more rhetoric from Plaintiff's counsel, but non-party law enforcement and government officials could still be free to comment.

In addition to its overbreadth argument, the AP also claims that the mere existence of Rule 3.6 renders a gag order unnecessary. According to the AP, "the requested gag order is unnecessary because the only individuals alleged to have made prejudicial statements supporting the requested gag order are attorneys who are already subject to Rule 3.6." [ECF No. 85-1, pp. 3-4]. However, the false premise of the AP's argument is plainly illustrated by the overwhelming evidence that Plaintiff's legal team have clearly not been deterred by Rule 3.6 from publicly attacking the character, credibility, and reputations of other parties in this litigation. The existence of Rule 3.6 supports a gag order. It does not negate the need for a gag order, particularly when Plaintiff's counsel have ignored the restrictions in the rule.

The AP also incorrectly posits that the presence of extrajudicial statements in an "already-saturated market for views about the incident involving Greene" does not establish a substantial likelihood of material prejudice. [ECF No. 85-1, pp. 8-9]. To the contrary, Comment 5 of the ABA's Model Rule 3.6 clearly defines public comments by counsel attacking the character, credibility, and reputations of parties involved in this litigation as materially prejudicial *per se*. *See*

*also U.S. ex rel Stewart v. Louisiana Clinic*, No. CIV.A.99-1767, 2002 WL 32850, at *2 (E.D. La. Jan. 10, 2002)  ("A statement is considered 'likely to have such an effect' when it refers to 'a civil matter triable to a jury' and the statement includes the 'character, credibility, [or] reputation ... of a party.'"). Under the AP's logic, Plaintiff's counsel should be free to pile on to the "already-saturated" media market with statements attacking the credibility, character, and reputations of parties to this case, despite the ABA guidance which classifies such statements as, *ipso facto*, substantially likely to cause material prejudice. The AP's argument lacks merit.

To establish standing to challenge the proposed gag order, "the [AP] must show an injury in fact that is fairly traceable to the challenged act and that is likely to be redressed by the requested remedy." *Davis v. E. Baton Rouge Par. Sch. Bd.*, 78 F.3d 920, 926 (5th Cir. 1996). While the First Amendment protects the news agencies right to receive protected speech,[1] the speech sought to be restrained by the proposed gag order is prohibited speech. The AP has no First Amendment right to receive prohibited speech, so the AP cannot establish that entry of a gag order would cause injury in fact. Accordingly, the AP's motion to intervene should be denied.

Finally, the AP suggests that Darby's "remedy is to seek relief against Plaintiff's counsel for alleged violations of Rule 3.6, not a gag order covering all parties and participants." [ECF No. 85-1, p. 4]. With an affirmative constitutional duty to protect the fundamental right to a fair trial, this Honorable Court certainly has ample authority to issue sanctions or to disqualify an attorney for embarking on a media campaign attacking the character, credibility, and reputations of other parties in violation of court rules. However, Darby's primary interest in a gag order is to safeguard her right to a fair trial, not merely to sanction or disqualify Plaintiff's counsel. Should the Court

---

[1] *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 756–57, 96 S.Ct. 1817, 1823, 48 L.Ed.2d 346 (1976); *Davis v. E. Baton Rouge Par. Sch. Bd.*, 78 F.3d 920, 926 (5th Cir. 1996).

determine that sanctions or disqualification are warranted, then ample authority already exists for the Court to issue such orders.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

**BY**: /s/    *P. Scott Wolleson* (#22691)_____
Special Assistant Attorney General

**BREITHAUPT DUBOS & WOLLESON** LLC
1811 Tower Drive
Monroe, Louisiana 71201
Telephone: (318) 322-1202
Facsimile: (318) 322-1984
Email:

**ATTORNEYS FOR DARBY HOLLINGSWORTH**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 9, 2021, a copy of the foregoing Hollingsworth's Memorandum in Opposition to The Associated Press' ("AP") Motion to Intervene was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

*/s/ P. Scott Wolleson*