# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **TAYLA GREENE** | **CIVIL ACTION NO. 3:20-CV-00578** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DAKOTA DEMOSS, ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Before this Court is a Motion for Clarification [Doc. No. 94] filed by Plaintiff Tayla Greene ("Greene"). Responses [Doc. Nos. 97, 100 and 104] were filed by Defendants Darby Hollingsworth ("Hollingsworth"), John Clary, Floyd McElroy, John Peters, and Kory York.

At issue is whether Greene and her attorneys are required to edit or redact offending statements made on social media prior to the issuance of an Order [Doc. No. 93] filed on August 13, 2021. Movants seek clarification of whether redaction or editing is necessary.

By way of an Order [Doc. No. 93] and a Memorandum Ruling [Doc. No. 92] dated August 13, 2021, this Court issued an order GRANTING Hollingsworth's Motion for Protective Order [Doc. No. 76] and PROHIBITING all parties, and all participating or associated attorneys, from making any extrajudicial statement that the attorneys or parties know or reasonably should know, will be disseminated by means of public communication, and will have a substantial likelihood of materially prejudicing a fair trial in this proceeding.

In the Memorandum Ruling [Doc. No. 92], this Court listed several examples of prohibited communications which included tweets, Facebook posts, interviews, photos, videos, and other communications on social media. This Court found many of these examples violated Rule 3.6 of the Louisiana Rules of Professional Conduct, and if allowed to continue, would

prejudice the Defendants' ability to have a fair jury trial.

Although this Court did not specifically discuss the retroactivity of the Order and/or the redaction of the previous material, this Court fully expected redaction of those items since Rule 3.6 of the Louisiana Rules of Professional Conduct was violated. Additionally, Twitter, Facebook, and other social media posts can be shared or retweeted by others. Those are certainly extrajudicial statements that the attorneys and parties know or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing the Defendants' right to a fair trial.

This Court's concern is protecting the right to a fair trial before an impartial jury.

THEREFORE, IT IS ORDERED that Tayla Greene, Ronald Haley, Mark V. McIntyre, S. Lee Merritt, and any attorneys associated in a firm with said counsel identify and edit and/or delete social media posts, interviews, photographs, videos, and other offending items within their control, on or before Friday, October 15, 2021, at 5:00 p.m. central time. By the term "offending items," this Court means extrajudicial statements which the parties or attorneys know, or should know, will be disseminated by means of public communication, and which will have a substantial likelihood of materially prejudicing a fair trial. "Offending items" also includes items which violate Rule 3.6 of the Louisiana Rules of Professional Conduct.

MONROE, LOUISIANA, this 20th day of September 2021.

                                                         TERRY A. DOUGHTY
                                                         UNITED STATES DISTRICT JUDGE