# United States Court of Appeals
FIFTH CIRCUIT
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

September 20, 2022

Mr. Tony R. Moore
Western District of Louisiana, Monroe
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 21-30044   Greene v. Demoss
                           USDC No. 3:20-CV-578

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Shea E. Pertuit, Deputy Clerk
                        504-310-7666

cc:
    Mr. Jay P. Adams
    Mr. Andrew Blanchfield
    Mr. Andre' Charles Castaing
    Mr. John Joseph Coyle III
    Mr. Ronald S. Haley Jr.
    Mr. Paul Whitfield Hughes
    Mr. Lee Joseph Ledet
    Mr. Andrew Lyons-Berg
    Mr. Darren A. Patin
    Mr. Charles Bryan Racer

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 29, 2022
Lyle W. Cayce
Clerk

No. 21-30044

Certified as a true copy and issued as the mandate on Sep 20, 2022

Attest:
*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

---

TAYLA GREENE, *Individually and as Administrator of* THE RONALD GREENE ESTATE,

               *Plaintiff—Appellee,*

*versus*

DAKOTA DEMOSS; JOHN PETERS; JOHN CLARY; FLOYD MCELROY; KORY YORK,

               *Defendants—Appellants.*

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:20-CV-578

---

Before RICHMAN, *Chief Judge,* and CLEMENT and DUNCAN, *Circuit Judges.*

## JUDGMENT

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

No. 21-30044

IT IS FURTHER ORDERED that Appellants pay to Appellee the costs on appeal to be taxed by the Clerk of this Court.

2

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 29, 2022
Lyle W. Cayce
Clerk

No. 21-30044

Tayla Greene, Individually and as Administrator of the Ronald Greene Estate,

*Plaintiff—Appellee*,

*versus*

Dakota DeMoss; John Peters; John Clary; Floyd McElroy; Kory York,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:20-CV-578

Before Richman, *Chief Judge*, and Clement and Duncan, *Circuit Judges*.

Per Curiam:[*]

    This case arises out of the tragic death of Ronald Greene during a traffic stop. Tayla Greene, on her own behalf and as administrator of her father's estate, filed an action under 42 U.S.C. § 1983 against the seven

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

officers involved. She sued for excessive force, bystander liability, and Louisiana state law battery. The officers moved to dismiss under Rule 12(b)(6) on qualified immunity and inadequate pleading grounds. They also moved under Rule 12(e) for a more definite statement. The district court denied both motions, concluding that Fourth Amendment law clearly established the unconstitutionality of the officers' alleged misconduct, and that Ms. Greene pleaded her claims with enough specificity. Five officers appeal. We affirm.

**I**

Mr. Greene was driving on U.S. Highway 80 in Monroe, Louisiana around 12 a.m. on May 10, 2019. As alleged in the First Amended Complaint, Trooper Dakota DeMoss attempted to stop Mr. Greene for an unspecified violation. Mr. Greene sped away, and a pursuit ensued. He eventually crashed into a wooded area. Mr. Greene's vehicle was only moderately damaged, and he was uninjured.

DeMoss and Master Trooper Chris Hollingsworth immediately arrived at the scene. Shortly after, Captain John Peters, Lieutenant John Clary, Sergeant Floyd McElroy, Master Trooper Kory York, and Deputy Sheriff Christopher Harpin joined as well. Mr. Greene exited his vehicle without assistance and began to apologize to the officers, but they pinned him to the ground. Mr. Greene begged the officers to stop, continuing to apologize repeatedly. Although Mr. Greene had surrendered, showed no resistance, and posed no threat, each of the seven officers then "beat, smothered, and choked" Mr. Greene. The officers also tased him at least three times, although it is unclear who used the weapon because the Louisiana State Police has not produced the body-camera or dashboard-camera footage or other relevant records.

The alleged attack left Mr. Greene "beaten, bloodied, and in cardiac arrest." At 12:29 a.m., an officer called for an ambulance. When it arrived at 12:51 a.m., Mr. Greene was covered in blood with multiple taser barbs attached to his body. The paramedics transported Mr. Greene to the hospital, where he was pronounced dead. The hospital listed his cause of death as cardiac arrest, and he was also diagnosed with an unspecified head injury. An autopsy later revealed multiple signs of recent trauma, including blunt-force injuries to the head and face, together with facial lacerations, abrasions, and contusions.

Plaintiff–Appellee Tayla Greene filed an action under 42 U.S.C. § 1983 against the seven officers involved in the stop, asserting claims of excessive force and bystander liability. She also asserted Louisiana state law claims against the officers for battery. Five officers—DeMoss, York, McElroy, Clary, and Peters (the "officers")—moved to dismiss on qualified immunity and inadequate pleading grounds. They also moved for a more definite statement in the alternative.

The district court adopted the magistrate judge's Report and Recommendation denying the officers' motions. First, on the § 1983 excessive force claims, the court concluded that qualified immunity is inappropriate because every reasonable officer would have known that he could not beat, smother, and choke an unresisting suspect who was subdued and posing no threat. Second, on the § 1983 bystander liability claims, the court similarly denied qualified immunity because every reasonable officer would have understood that he could not stand by while other officers engaged in excessive force. Third, on the state law claims, the court reasoned that the Louisiana excessive force inquiry mirrors its Fourth Amendment counterpart, so Ms. Greene's state law claims were plausible "for the same reasons." Lastly, it rejected the motions for a more definite statement,

No. 21-30044

concluding that the claims are "straight-forward and well-defined." The officers timely appealed.

## II

The officers make three arguments on appeal. First, they argue that they are entitled to qualified immunity on Ms. Greene's § 1983 claims of excessive force and bystander liability. Second, they argue that Ms. Greene did not adequately plead her Louisiana state law battery claims. Third, one officer maintains that the district court incorrectly denied his motion for a more definite statement. We address each argument in turn.

### A

We have jurisdiction under 28 U.S.C. § 1291 to review a district court's denial of qualified immunity as a "collateral order capable of immediate review."[1] "[R]eview of the denial of a motion to dismiss predicated on a defense of qualified immunity is *de novo*."[2] Our jurisdiction is limited to questions of law, not fact.[3]

Qualified immunity "ensure[s] that before they are subjected to suit, officers are on notice their conduct is unlawful."[4] The defense "attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[5] We engage in a two-step inquiry: first, we ask whether there was a statutory or

---

[1] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 193-4 (5th Cir. 2009).

[2] *Lincoln v. Barnes*, 855 F.3d 297, 300-01 (5th Cir. 2017).

[3] *Id.* at 300 (quoting *Club Retro*, 568 F.3d at 194).

[4] *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Saucier v. Katz*, 533 U.S. 194, 206 (2001)).

[5] *Rivas-Villegas v. Cortesluna*, 595 U.S. ___, 142 S. Ct. 4, 7 (2021) (per curiam) (quoting *White v. Pauly*, 580 U.S. 73, ___, 137 S. Ct. 548, 551 (2017) (per curiam)).

constitutional violation based on the alleged facts; second, we ask if the defendant's actions violated clearly established law that every reasonable person would have known.[6] The two steps may be performed in any order.[7]

Although the officers raise a qualified immunity defense in form, in substance they primarily argue that Ms. Greene failed to plead enough factual content under Federal Rule of Civil Procedure 8 to state a plausible claim for relief. Qualified immunity "adds a wrinkle" to the burden plaintiffs carry when stating a § 1983 claim.[8] If a defendant asserts qualified immunity, the plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged *and* that defeat a qualified immunity defense with equal specificity."[9] This additional burden on the plaintiff at the pleading stage recognizes that "there is an interest in qualified immunity entering a lawsuit 'at the earliest possible stage of litigation.'"[10]

Qualified immunity does not heighten the Rule 8 pleading standard, however.[11] "Section 1983 claims implicating qualified immunity are subject to the same Rule 8 pleading standard set forth in *Twombly* and *Iqbal* as all other claims . . . ."[12] Rule 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief

---

[6] *Tucker v. City of Shreveport*, 998 F.3d 165, 172 (5th Cir. 2021).

[7] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

[8] *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020).

[9] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (emphasis added).

[10] *Arnold*, 979 F.3d at 267 (quoting *Westfall v. Luna*, 903 F.3d 534, 542 (5th Cir. 2018)).

[11] *Id.*

[12] *Id.*

No. 21-30044

. . . ."[13] Plaintiffs must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] A claim is facially plausible if the facts allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] Although we must accept the complaint's factual allegations, we do "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[16] "Threadbare recitals of the elements of a cause of action" are similarly insufficient.[17]

As a preliminary matter, we first address DeMoss's argument that Ms. Greene's allegations are subject to a heightened pleading standard. He contends that because he asserted qualified immunity in response to Ms. Greene's *original* complaint, her *subsequent* amended complaint must exceed Rule 8's short-and-plain-statement standard. That is incorrect. Granted, when an answer or motion to dismiss raises qualified immunity, the district court "may then, in its discretion, insist that a plaintiff file a reply tailored to" that answer or motion to dismiss.[18] In such circumstances, Rule 8(d)(1)'s "simple, concise, and direct" pleading standard, not Rule 8(a)(2), applies to the reply.[19] Here, however, the district court did not order a reply to the

---

[13] FED. R. CIV. P. 8(a)(2).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[15] *Arnold*, 979 F.3d at 266 (quoting *Iqbal*, 556 U.S. at 678).

[16] *Id.* (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)).

[17] *Iqbal*, 556 U.S. at 678.

[18] *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016) (emphasis and alterations omitted) (quoting *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995)).

[19] *Id.* (quoting *Schuleta*, 47 F.3d at 1433, regarding what is FED. R. CIV. P. 8(d)(1) in the latest edition of the Rules).

defendants' motions to dismiss. Ms. Greene amended her complaint, keeping Rule 8(a)(2) as the proper standard.[20]

With the standard set, we turn to evaluate Ms. Greene's excessive force and bystander liability claims.

1

"[E]xcessive force claims arising from an arrest or investigatory stop invoke the protection provided by the Fourth Amendment . . . against unreasonable seizure."[21] Plaintiffs must show "(1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."[22] Reasonableness "requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake."[23] It is "long . . . established" in this circuit that "[o]fficers engage in excessive force when they physically strike a suspect who is not resisting arrest."[24]

As to qualified immunity, the officers do not contest that the law prohibiting their alleged excessive force was clearly established. The officers instead urge that Ms. Greene did not plead her excessive force claims with sufficient specificity under Rule 8. All their arguments fall short.

---

[20] *See Valdez*, 845 F.3d at 588, 590.

[21] *Tucker v. City of Shreveport*, 998 F.3d 165, 171 (5th Cir. 2021) (internal quotations omitted).

[22] *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016) (citing *Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012)).

[23] *Graham v. Connor*, 490 U.S. 386, 396 (1989) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)).

[24] *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 342 (5th Cir. 2020).

First, they contend that Ms. Greene made only "copy and paste" allegations in her amended complaint. But the officers do not cite authority suggesting that identical, individual allegations are inherently improper. To the contrary, identical allegations do not necessarily defeat an otherwise sufficient pleading. As the Ninth Circuit recently held, a "good claim against one defendant d[oes] not become inadequate simply because a co-defendant was alleged to have committed the same wrongful acts."[25]

Second, the officers argue that it is "implausible" or "inconceivable" that they acted identically. This mistakes the proper inquiry under *Iqbal*; to survive a motion to dismiss, a plaintiff need only plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[26] In other words, we evaluate the plausibility of claims.[27] The officers ask us to do the opposite. They contend that Ms. Greene's allegations are not credible because identical actions are factually unlikely, but we lack jurisdiction to entertain their argument.[28]

Third, the officers argue that Ms. Greene's allegations amount to an improper formulaic recitation of the elements of excessive force. But Ms. Greene substantiates her claims. The Amended Complaint alleges that each officer "beat, smothered, and choked" Mr. Greene after he was "pinned . . . down on the ground . . . begging the officers to stop, and repeatedly saying 'I'm sorry.'" The beating left Mr. Greene "unresponsive," "covered in blood," and "in cardiac and respiratory arrest." An autopsy also "found

---

[25] *United States ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018) (discussing "collective allegations" in the context of Rule 9(b)).

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[27] *Id.*

[28] *Ramirez v. Escajeda*, 921 F.3d 497, 501 (5th Cir. 2019).

multiple signs of recent trauma, blunt force injuries to the head and face, facial lacerations, facial abrasions, facial contusions, scalp lacerations, blunt force injuries to the extremities, and abrasions and contusions over the left and right knees." Ms. Greene's allegations do not formulaically recite the injury, causation, and unreasonableness requirements of an excessive force claim.[29] She provides sufficient factual detail to put the officers on notice of their alleged wrongdoing.

Finally, the officers argue that the district court failed to evaluate qualified immunity separately for each officer. When officers' actions are materially indistinguishable, however, we require only separate consideration, not separate analysis.[30] The district court properly considered each officer's actions.

## 2

"[A]n officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under [§] 1983."[31] The elements of a successful bystander liability claim require that an officer "(1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act."[32] "Bystander liability requires more

---

[29] *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016) (citing *Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012)) ("[A] plaintiff must show (1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.").

[30] *Meadours v. Ermel*, 483 F.3d 417, 422 n.3 (5th Cir. 2007).

[31] *Carroll v. Ellington*, 800 F.3d 154, 177 (5th Cir. 2015) (quoting *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995)).

[32] *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020).

than mere presence in the vicinity of the violation; '[courts] also consider whether an officer "acquiesced in" the alleged constitutional violation.'"[33]

The officers argue that qualified immunity applies because they did not have notice that failing to intervene while a fellow officer engages in excessive force is unconstitutional. That is not so. In May 2019 the law was "clearly established . . . that an officer [can] be liable as a bystander in a case involving excessive force if he knew a constitutional violation was taking place and had a reasonable opportunity to prevent the harm."[34] Based on the alleged facts that we must take as true, we conclude that any reasonable officer would have known that his failure to intervene over a period of almost thirty minutes or more while his fellow officers beat an unresisting suspect offends the Constitution.[35]

Drawing all inferences in Ms. Greene's favor, we also conclude that she pleaded enough factual content to state a plausible bystander liability claim against each officer.[36] Under the first element, all likely knew that a fellow officer was violating Mr. Greene's constitutional rights. Indeed, with each officer's personal participation in the excessive force, it is reasonable to infer that they each knew about the others' unconstitutional conduct. Second, Ms. Greene pleaded that each officer was present at the scene of the beating. Third, because the beating occurred over an alleged span of twenty-nine to fifty-one minutes, it is also reasonable to infer that each officer had an

---

[33] *Id.* (quoting *Whitley v. Hanna*, 726 F.3d 631, 647 (5th Cir. 2013)).

[34] *Hamilton v. Kindred*, 845 F.3d 659, 663 (5th Cir. 2017).

[35] *See Joseph*, 981 F.3d at 342 ("*Darden* repeated what had long been established in our circuit: Officers engage in excessive force when they physically strike a suspect who is not resisting arrest.").

[36] *See Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

opportunity to intervene during that window. Fourth, Ms. Greene alleges that each officer "watched" as the other officers used excessive force, again reasonably permitting an inference that they chose not to act.

## B

Under Louisiana law, "the physical attack of a private citizen by a police officer absent a valid arrest constitutes a battery."[37] "Louisiana's excessive force tort mirrors its federal constitutional counterpart."[38] The pertinent factors for assessing excessive force under Louisiana law align with those under the Fourth Amendment.[39]

The district court concluded that because the two inquiries are similar, for the same reasons Ms. Greene adequately pleaded her § 1983 claims, she alleged sufficient facts for plausible Louisiana battery claims as well. We agree. Because the factors are similar and the officers raise identical

---

[37] *Ross v. Sheriff of Lafourche Parish*, 479 So. 2d 506, 510 (La. Ct. App. 1st Cir. 1985).

[38] *Deville v. Marcantel*, 567 F.3d 156, 172 (5th Cir. 2009) (per curiam).

[39] *Compare Kyle v. City of New Orleans*, 353 So. 2d 969, 973 (La. 1977) (listing "the known character of the arrestee, the risks and dangers faced by the officers, the nature of the offense involved, the chance of the arrestee's escape if the particular means are not employed, the existence of alternative methods of arrest, the physical size, strength, and weaponry of the officers as compared to the arrestee, and the exigencies of the moment" as the pertinent factors under a Louisiana excessive force claim), *with Graham v. Connor*, 490 U.S. 386, 396 (1989) (listing "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight" as the pertinent factors under a § 1983 excessive force claim).

No. 21-30044

arguments to those in their § 1983 discussion, Ms. Greene pleaded enough factual content to survive a motion to dismiss her Louisiana battery claims.

## C

Lastly, York maintains that he is entitled to a more definite statement under Rule 12(e).  But we lack jurisdiction to entertain an appeal of a Rule 12(e) denial.  It is not a final judgment under 28 U.S.C. § 1291.  It is not an interlocutory order subject to immediate appeal under 28 U.S.C. § 1292.  Nor is it a collateral order: it is not a conclusive decision resolving important questions divorced from the merits that is effectively unreviewable on appeal from the final judgment.[40]  Without jurisdiction, we do not address the Rule 12(e) issue.

\* \* \*

The district court's order is AFFIRMED.

---

[40] *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)).