UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **TAYLA GREENE,** <br> as administrator of the estate of decedent, <br> **RONALD GREENE** | **CIVIL ACTION NO. 3:20-CV-0578** |
| **VERSUS** | **JUDGE TERRY DOUGHTY** |
| **TROOPER DAKOTA DEMOSS** <br> **and DARBY HOLLINGSWORTH IN** <br> **HER CAPACITY AS TUTRIX FOR GH** <br> **and MASTER TROOPER KORY YORK** <br> **And SERGEANT FLOYD MCELROY and** <br> **LIEUTENANT JOHN CLARY and CAPTAIN** <br> **JOHN PETERS AND DEPUTY SHERIFF** <br> **CHRISTOPHER HARPIN** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, come DEFENDANTS, TROOPER DAKOTA DEMOSS, DARBY HOLLINGSWORTH IN HER CAPACITY AS TUTRIX FOR GH, MASTER TROOPER KORY YORK, SERGEANT FLOYD MCELROY, LIEUTENANT JOHN CLARY, CAPTAIN JOHN PETERS, and DEPUTY SHERIFF CHRISTOPHER HARPIN, who respectfully submit the following:

### FACTS

The Second Amended Complaint ("SAC") filed May 20, 2021 makes numerous allegations as to the incident which took place on May 10, 2019. [Doc. 72]. The SAC alleges that a "vehicle pursuit" ensued after Defendant Demoss attempted to stop Ronald Greene ("Decedent") for a traffic violation. [Doc. 72 ¶ 24-26]. The pursuit eventually ended with Decedent's vehicle crashing into a wooded area. [Doc. 72 ¶ 27]. Decedent exited the vehicle and "[a]lmost immediately

thereafter, Trooper Demoss and Master Trooper Hollingsworth arrived on the scene" followed "[s]hortly thereafter" by "Captain Peters, Lieutenant Clary, Sergeant McElroy, Master Trooper York, and Deputy Sheriff Harpin". [Doc. 72 ¶ 32-33]. The SAC alleges that Decedent began apologizing to the officers but unnamed officers pinned Decedent to the ground. [Doc. 72 ¶ 34-35]. Then, despite the surrender, "Trooper Demoss, Master Trooper Hollingsworth[1], Master Trooper York, Captain Peters, Lieutenant Clary, Sergeant McElroy, and Deputy Sheriff Harpin individually and in concert used lethal force". [Doc. 72 ¶ 37]. The SAC goes on to allege that Defendants acted to conceal the nature of Mr. Greene's death. [Doc. 72 ¶ 64-71].

A grand jury in Union Parish convened November 2022 to determine whether there is enough evidence to charge the officers involved in the events on or about May 10, 2019. The grand jury returned indictments in December 2022 as follows:

- Trooper Dakota Demoss – 1 count of obstruction of justice.
- Master Trooper Kory York – 1 count of negligent homicide, 10 counts of malfeasance in office.
- Lieutenant John Clary – 1 count of obstruction of justice, 1 count of malfeasance in office.
- Captain John Peters – 1 count of obstruction of justice.
- Deputy Sheriff Christopher Harpin – 3 counts of malfeasance in office.

A trial is set in this matter for June 17, 2024, pursuant to the scheduling order filed December 17, 2022 [Doc. 133] with the earliest pre-trial deadlines beginning in November 2023. The specific issue in this proceeding is whether Defendants' are responsible for Mr. Greene's death. A secondary issue is the extent that the nature of Mr. Greene's death was concealed or obfuscated.

**LAW AND ANALYSIS**

---

[1] Since Hollingsworth is deceased, Darby Hollingsworth in her capacity as Tutrix for GH is named in this lawsuit as a defendant.

Plaintiff has asserted that Mr. Greene was subject to excessive force at the hands Defendants. Considering the fact that most of the Defendants in this matter were charged with crimes involving the same incident, Defendants respectfully request that this Honorable Court stay civil proceedings until the criminal proceedings have reached a resolution.

a. **This matter should be stayed pending the disposition of Defendants' criminal proceedings.**

When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action. *United States v. Kordel*, 397 U.S. 1, 12 (1970). In *Campbell v. Eastland*, 307 F. 2d 478 (5th Cir. 1962), the Court held that a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding. Such a stay contemplates "special circumstances" and the need to avoid "substantial and irreparable" prejudice. The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery. *Campbell v. Eastland*, supra; *Se. Recovery Grp., LLC v. BP Am., Inc*., 278 F.R.D. 162 (E.D. La. 2012).

The "primary goal of a stay…is to preserve a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict he would face between asserting this right and defending the civil action". *Alcala v. Tex. Webb Cnty*., 625 F.Supp.2d 391, 397 (S.D. Tex. 2009). A defendant facing simultaneous civil and criminal proceedings may be burdened by the choice between invoking his Fifth Amendment rights and jeopardizing his defense in the civil suit, where an adverse inference may be drawn from the defendant's silence. *SEC v. AmeriFirst Funding, Inc*., No. 3:07-CV-1188-D, 2008 WL 866065, at *4 (N.D.Tex. Mar. 17, 2008). As such, the defendants in the subject action may be forced to choose between their civil discovery obligations and right against self-incrimination since both actions are still pending.

In determining whether to stay the civil proceeding, courts consider (1) the extent of overlap between the criminal case and the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the plaintiff's interest in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the interests of and the burden of the defendant; (5) the interests of the courts; and (6) the public interest. *Alcala*, 625 F.Supp.2d. at 399.

Regarding the first factor, the issues in the two proceedings perfectly overlap. "When the issues presented in the civil and criminal proceedings overlap, courts often feel compelled to grant a stay." *Mosing v. Boston*, 6:14-CV-02608, 2017 WL 4228699, at *3 (W.D. La. Sept. 22, 2017); *see also Lee v. Ackal,* CV 15-00754, 2016 WL 1690319 (W.D. La. Apr. 25, 2016); *Villani v. Devol*, 15-852-JWD-EWD, 2016 WL 1383498 (M.D. La. Apr. 7, 2016); *Doe v. Morris*, CIV.A. 11-1532, 2012 WL 359315 (E.D. La. Feb. 2, 2012). In this civil matter, Plaintiffs allege that Defendants used excessive force and that Defendants "conspired" to "misrepresent, conceal, and obfuscate the true nature" of Mr. Greene's death. [Doc. 72 ¶ 64-71]. The criminal matter involves charges for negligent manslaughter (*i.e.*, excessive force) and obstruction of justice/malfeasance in office (*i.e.*, misrepresentation and obfuscation). The two cases clearly involve the same facts and the same issues.

As to the second and fourth factors, an ongoing criminal prosecution places a huge burden on the Defendants. "Generally, a stay of a civil case is 'most appropriate' when a party to the civil action has already been indicted for the same conduct." *Modern Am. Recycling Services, Inc. v. Dunavant*, CIV.A. 10-3153, 2012 WL 1357720, at *1 (E.D. La. Apr. 19, 2012). In this case, the grand jury has returned an indictment and the criminal prosecution is ongoing. The prosecution places a great burden on Defendants who will have to fight a two front war and, most importantly,

<u>will be compelled to assert their right against self-incrimination which will bring adverse inferences</u>. This reality is potentially catastrophic to Defendants case.

Regarding the fifth factor, granting a stay will promote judicial economy. "Granting a stay of the civil case would serve those interests because 'conducting the criminal proceedings first advances judicial economy.'" *Mosing v. Boston*, 6:14-CV-02608, 2017 WL 4228699, at *4 (W.D. La. Sept. 22, 2017), *quoting S.E.C. v. Offill*, No. CIV.A.3:07-CV-1643-D, 2008 WL 958072 (N.D. Tex. Apr. 9, 2008). As noted in the *Alcala* case cited herein, a conviction or acquittal of a defendant in a criminal matter can contribute to significantly narrowing the issues in dispute in the overlapping civil matter. The same can be said in this case.

The litigation in this matter should be stayed. Proceeding in this civil matter, while a criminal prosecution is ongoing against many of the Defendants, places an undue burden on DeMoss, York, Clary, Peters, and Harpin.[2] This is a determination that should be made prior to any further action in this case. Defendants submit that in the interest of justice, this matter should be stayed pending disposition of Defendants' criminal proceedings.

**b. <u>Should this Court not stay the proceedings in this matter, the discovery process should be stayed pending disposition of Defendants' criminal charges.</u>**

Should this court determine that the entirety of this matter need not be stayed, Defendants submit that, in the alternative, discovery in this matter should be stayed. In *United States v. Melrose E. Subdivision*, 357 F.3d. 507 n. 17 (5th Cir. 2004), the Fifth Circuit cautioned that pretrial discovery in criminal cases is much more limited than discovery in civil cases, so the district court must be careful, in exercising its considerable discretion over pretrial matters, to give proper

---

[2] Although Chris Hollingsworth is deceased, considerations of judicial efficiency warrant that the matter be stayed as to all claims against Darby Hollingsworth as well.

weight to the government's legitimate interests in protecting certain evidence and witnesses from pretrial exposure.

In the context of a criminal defendant's seeking a stay of civil discovery, "a stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *S.E.C. v. Offill*, No. CIV.A.3:07-CV-1643-D, 2008 WL 958072 (N.D. Tex. Apr. 9, 2008). Because Defendants' are currently criminal defendants, they are limited with regard to the type of information they can disclose in the discovery process. As such, Defendants will not be able to participate in any meaningful discovery, until the criminal matter has concluded. Should this court determine that the entirety of these proceedings need not be stayed, Defendants submit that the discovery process should be stayed to ensure that Defendants may participate in meaningful and unobstructed discovery.

## CONCLUSION

The grand jury's indictment and the ongoing criminal prosecution is significantly intertwined with Plaintiff's Section 1983 claim. Considering the pendency criminal prosecution, Defendants submit that Plaintiff's lawsuit should be stayed until the criminal court renders a disposition on Defendants' criminal charges. If the court determines that the actions which are the subject of the current lawsuit are lawful, such determination would invalidate any related Section 1983 claim. In the interest of judicial economy, a disposition of the criminal matter may narrow the issues in this civil matter. If this court determines that the entirety of these proceedings need not be stayed, Defendants submit that the discovery process, at minimum, should be stayed to ensure that Defendants may participate in meaningful and unobstructed discovery.

Respectfully submitted:

By: /s/ Charles Bryan Racer__
Charles Bryan Racer
LA Dept. of Justice – Monroe
24 Accent Drive, B200, Suite A – Litigation
Monroe, LA 71202
(318) 362-5250
racerc@ag.state.la.us
*ATTORNEYS FOR DEFENDANT,*
*DAKOTA DEMOSS*

By: /s/ Scott Wolleson__
P. Scott Wolleson (#22691)
Breithaupt Dubos & Wolleson LLC
1811 Tower Drive
Monroe, LA 71201
(318) 322-1202
scott@bdw.law
*ATTORNEYS FOR DEFENDANT,*
*DARBY HOLLINGSWORTH*

By: /s/ Darren A. Patin__
Darren A. Patin (#23244)
Special Assistant Attorney General
3445 North Causeway Boulevard, Suite 800
Metairie, LA 70002
(504) 836-6500
dpatin@hmhlp.com
*ATTORNEYS FOR DEFENDANT,*
*LIEUTENANT JOHN CLARY*

By: /s/ Lee J. Ledet__
Lee J. Ledet (#33237)
Special Assistant Attorney General
Erlingson Banks, PLLC
301 Main Street, Suite 2110
Baton Rouge, LA 70801
(225) 218-4446
lledet@erlingsonbanks.com
*ATTORNEYS FOR DEFENDANT,*
*SERGEANT FLOYD MCELROY*

By: /s/ Jay P. Adams__
Jay P. Adams (#18755)
Special Assistant Attorney General
HUDSON, POTTS & BERNSTEIN
P.O. Box 3008
Monroe, LA 71210-3008
(318) 388-4400 | (318) 322-4194
jadams@hpblaw.com
*ATTORNEYS FOR DEFENDANT,*
*MASTER TROOPER KORY YORK*

By: /s/ Andrew Blanchfield__
Andrew Blanchfield, T.A. (#16812)
Special Assistant Attorney General
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, LA 70821
(225) 383-3796
ablanchfield@keoghcox.com
*ATTORNEYS FOR DEFENDANT,*
*JOHN PETERS*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 6th day of February, 2023, I electronically filed the foregoing MOTION TO STAY AND CONTINUE with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

                                      */s/ Jay P. Adams*
                                      JAY P. ADAMS, Bar No. 18755
                                      JASON R. SMITH, Bar No. 34981
                                      HUDSON, POTTS & BERNSTEIN, LLP
                                      1800 Hudson Lane, Suite 300
                                      Monroe, Louisiana 71201
                                      Tel.: (318) 388-4400
                                      Fax: (318) 322-4194
                                      Email: jadams@hpblaw.com
                                      Email: jsmith@hpblaw.com