UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **TAYLA GREENE, as Administrator of the Estate of the Decedent, RONALD GREENE** | * * * | **CIVIL ACTION** |
| | * | **NO.: 3:20-CV-00578-TAD-KDM** |
| **Plaintiffs** | * * | |
| | * | **JUDGE: Terry A. Doughty** |
| **VERSUS** | * * | |
| **TROOPER DAKOTA DEMOSS and DARBY HOLLINGSWORTH, in her capacity as tutrix of the minor, G.H. in lieu of MASTER TROOPER CHRIS HOLLINGSWORTH and MASTER TROOPER KORY YORK and SERGEANT FLOYD MCELROY and LIEUTENANT JOHN CLARY and CAPTAIN JOHN PETERS and DEPUTY SHERIFF CHRISTOPHER HARPIN and JOHN DOE 1-5 and JOHN DOE CORPORATION 1-3** | * * * * * * * * * * * * | **MAGISTRATE JUDGE: Kayla D. McClusky** |
| **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes defendant, JOHN PETERS, who submits the following Memorandum in Support of Motion for Summary Judgment:

**I.    OVERVIEW OF POSITION**

Captain John Peters was not present at the scene at the time of the alleged battery of decedent Ronald Greene. He had no interaction with Ronald Greene whatsoever. He did not arrive at the scene until well after Ronald Greene has been taken via ambulance to Glenwood Medical

1

Center. Therefore, no reasonable trier of fact could impose liability against him for any of the remaining causes of action in this matter. He is properly dismissed from this suit.

## II.   FACTUAL BACKGROUND

Plaintiff Tayla Greene filed a Complaint [Doc. No 1], a First Amended Complaint, [Doc. No. 25], and a Second Amended Complaint. [Doc. No. 72] Previously, Captain Peters and others filed a joint Rules 12(b)(1) and 12(b)(6) Motion to Dismiss [Doc. 22]. After Plaintiff filed the First Amended Complaint [Doc. No. 25], a Supplemental Rule 12(b)(6) Motion to Dismiss was filed on behalf of Peters and others. [Doc. No. 30] The 12(b)(6) Motion was denied in part and granted in part. [Report and Recommendation Doc. No. 46; Judgment adopting Report and Recommendation Doc. No. 51] With respect to the 12(b)(6) Motion filed on behalf of Peters and others, the cause of action raising an alleged denial of access to courts was dismissed without prejudice. [Doc. Nos. 46, 51] The other causes of action survived the challenge.

Plaintiff filed the Second Amended Complaint [Doc. No. 72] which did not include the denial of access to court cause of action. Thereafter, this Court's Judgment on the 12(b)(6) Motion filed on behalf of Peters and others was upheld by the United States Fifth Circuit. [Doc. No. 120] Captain Peters answered the Second Amended Complaint. [Doc. No. 127]

The causes of action that remain as to Capt. Peters are: (1) wrongful death; (2) survival; (3) battery; and (4) bystander liability. As more fully outlined below, this Motion should be granted in favor of Capt. Peters because no reasonable trier of fact could impose liability as to any of these causes of action against him because he had no interaction with Ronald Greene and was not present at the scene during any relevant time.

In the early morning hours of May 10, 2019, Trooper DeMoss became involved in a high-speed chase of the vehicle driven by Ronald Greene. A crash of the vehicle driven by Ronald

Greene then occurred in Union Parish. Plaintiff alleges that the interaction with Ronald Greene after the crash violated his rights and entitles Plaintiff to recover for the alleged battery and death. [Doc. No. 72] However, Capt. Peters had no involvement at any relevant time.

The Affidavit of Capt. Peter is attached for the Court's Review as Exhibit 1. This Affidavit establishes the following facts:

- o Capt. Peters was employed by the Louisiana State Police at all relevant times. Exhibit 1, ¶4.

- o He was home and not working at the time of the high-speed chase on May 10, 2019. *Id.*, ¶s 6-9.

- o He was home and not working at the time of any arrest or use of force relative to Ronald Greene on May 10, 2019. *Id.*, ¶s 6-9.

- o He was home and not working at the time Ronald Greene left the scene in Union Parish via ambulance en route to the Glenwood Medical Center. *Id.*, ¶s 6-9,14.

- o He was advised after-the fact of the interaction between law enforcement and Ronald Greene when he received phone calls from Lt. John Clary. *Id.*, ¶s 8-10.

- o The first phone call from Lt. Clary advised that there had been a high speed pursuit of the vehicle driven by Ronald Greene, that there had been a use of force at the scene in Union Parish , and that Ronald Greene has been taken via ambulance to the Glenwood Medical Center. *Id.*, ¶s 8-9.

- o Thereafter, the second call from Lt. Clary advised that Ronald Greene had passed. *Id.*, ¶s 10.

- o Capt. Peters had no interaction with Ronald Greene on May 10, 2019 and, to his knowledge, had not seen or met Ronald Greene at any other time. *Id.*, ¶s 17-18.

- o Capt. Peters only arrived at the scene "after-the fact" when, upon request, he drove the vehicle that had been driven to the scene in Union Parish by Trooper Dakota DeMoss back to the Troop F Headquarters in Ouachita Parish. *Id.* ¶s 12-13.

No liability follows an application of settled law to these establish facts as to this Defendant.

### III.     LAW AND ARGUMENT

####     1.     *SUMMARY JUDGMENT STANDARD*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the mover bears his burden to show no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Further:

> "In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion." *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Here, uncontested facts reveal Plaintiff's complete inability to establish multiple, mandatory prerequisites to show recovery as to movant. Summary judgment is properly granted. This litigation will involve substantial written discovery and many depositions. Economy and judicial efficiency are served by a dismissal of Capt. Peters who was not involved in the alleged torts.

    2.    *NO SUPPORT IN LAW OR FACT FOR REMAINING CAUSES OF ACTION AGAINST CAPT. PETERS*

    A.    <u>*Battery*</u>

Battery is an unlawful application of force directory or indirectly upon another person or their personal belongings, causing bodily injury or offensive contact. A battery is defined by statute as "the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another." La. R.S. 14:33. A battery is as an intentional offensive contact with another person. *Caudle v. Betts,* 512 So.2d 389 (La.1987); *Minkley v. Chumley*, 35-558 (La. App. 2 Cir. 12/8/99), 747 So.2d 720, 724. Capt. Peters had no interaction with Ronald Green such that he cannot be liable for battery as a matter of fact and law.

    B.    <u>*Wrongful Death*</u>

Capt. Peters is not liable for alleged wrongful death. Civil Code Art. 2315.2 (A)(1) allows recovery to the surviving child of a person who dies "due to the fault of another." To establish such a cause of action, the claimant must prove the elements needed to demonstrate civil fault: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or the scope of protection element); and (5) actual damages (the damages element). *Roberts v. Benoit,* 605 So.2d 1032 (La.1991). Plaintiff can establish none of these element as to a person that had no interaction with Ronald Greene and who had no involvement in his death.

5

### C. *Survival*

Similarly, Capt. Peters has no liability for an alleged loss of survival. To various classes of claimants, Civil Code art. 2315.1 allows a recovery for "survival" when "a person who has been injured by an offense or quasi offense dies." However, there can be no recovery against Capt. Peters here when he was not present and had no involvement in the death of Ronald Greene.

### D. *Bystander Liability*

As a matter of settled law, the Fifth Circuit holds that bystander liability does not attach unless: (1) the officer knew of the violation of rights; (2) was present at the scene; (3) had a reasonable opportunity to act; and (4) failed to act. *Joseph on behalf of Estate of Joseph v. Bartlett*, 981 F.3d 319 (5th Cir. 2020). "Bystander liability requires more than mere presence in the vicinity of the violation; '[courts] also consider whether an officer "acquiesced in" the alleged constitutional violation.'" *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020).

Capt. Peters did not know of the alleged violation, was not present at the scene, had no opportunity to act and, therefore, could not have unreasonably failed to act. Plaintiff therefore will be unable to demonstrate any of the multiple, mandatory prerequisites as to Capt. Peters. For this reason, this last cause of action should likewise be dismissed.

## IV. CONCLUSION

For the above reason, the Motion for Summary Judgment on behalf of Capt. John Peters should be granted as prayed for.

                                  **LIZ MURRILL**
                                  **ATTORNEY GENERAL**

By:   /s/ Andrew Blanchfield
        Andrew Blanchfield, T.A. (#16812)
        Email: ablanchfield@keoghcox.com
        Special Assistant Attorney General
        701 Main Street (70802)
        Post Office Box 1151
        Baton Rouge, Louisiana 70821
        Telephone: (225) 383-3796
        Facsimile: (225) 343-9612
        *Counsel for Captain John Peters*

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 21st day of May, 2025.

                              /s/ Andrew Blanchfield
                              Andrew Blanchfield