IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAYLA GREENE | : |
| as administrators of the estate of the decedent | : |
| RONALD GREENE | : CIVIL ACTION NO. 3:20-CV-0578 |
| Plaintiff | : |
| | : |
| v. | : JUDGE TERRY DOUGHTY |
| | : |
| TROOPER DAKOTA DEMOSS et al. | : MAG. JUDGE KAYLA D. MCCLUSKY |
| | : |
| Defendants | : |

### PLAINTIFF'S RULE 56 MOTION TO DEFER CONSIDERATION OF DEFENDANT JOHN PETERS' MOTION FOR SUMMARY JUDGMENT UNTIL THE CLOSE OF DISCOVERY

Plaintiff Tayla Greene, by and through undersigned counsel hereby files this Motion pursuant to Rule 56 to defer consideration of Defendant Motion for Summary Judgment until the close of discovery. In support thereof, Plaintiff avers as follows:

1. On May 6, 2020 Plaintiff initiated this matter by filing a civil complaint averring violations of the constitutional rights of Plaintiff's decedent. (ECF No. 1.)

2. On September 14, 2020 Defendant John Peters ("Peters") filed a Motion to Dismiss. (ECF No. 22.)

3. Plaintiff filed her First Amended Complaint on October 5, 2020. (ECF No. 25.)

4. Peters filed a Motions to Dismiss the First Amended Complaint on October 26, 2020. (ECF No. 30)

5. Plaintiff responded in opposition to Peters' Motion on November 16, 2020. (ECF No. 38.)

6. On December 29, 2020, this Honorable Court Denied Peters' Motion as to Plaintiff's Excessive Force and Failure to Intervene Claims. (ECF No. 51.)

7. On January 27, 2021 Peters filed a Notice of Appeal of this Court's December 29, 2020 Judgment. (ECF No. 58.)

8. Plaintiff filed her Second Amended Complaint on May 20, 2021,. (ECF No. 72.)

9. On July 13, 2021, this Honorable Court Granted Peters an extension of time to Answer Plaintiff's Second Amended Complaint until "after the finality of the appeal of [the] Court's Judgment issued December 29, 2020." (ECF No. 80.)

10. On September 20, 2022 the Fifth Circuit Court of Appeals Affirmed this Honorable Court's Judgment. (ECF No. 120.)

11. Peters filed his Answer to Plaintiff's Second Amended Complaint on October 8, 2022. (ECF No. 127.)

12. Peters filed a Motion to stay the proceedings on February 6, 2023. (ECF No. 136.)

13. This Honorable Court stayed all deadlines on February 15, 2025 pending the resolution of criminal matters related to the incident underlying Plaintiff's Claims. (ECF No. 139.)

14. On February 17, 2025, following the resolution of the related criminal matters, Plaintiff filed a Motion to lift the Stay. (ECF No. 156)

15. On February 20, 2025 this Honorable Court lifted the stay. (ECF No. 157)

16. On March 3, 2025 this Honorable Court issued a Scheduling Order permitting Discovery through September 23, 2025. (ECF No. 157)

17. On May 21, 2025 Peters filed a Motion for Summary Judgment asserting that he had no personal involvement with the incident underlying Plaintiff's claims. Peters' Motion relies exclusively on his own Affidavit. (ECF No. 162)

18. The incident underlying Plaintiff's claims were the subject of a years long investigations by multiple law enforcement agencies. The initial and primary investigation was conducted by the Louisiana State Police. (LSP)

19. On April 7, 2025 Plaintiff served LSP with a subpoena seeking the following documents:

    1. All documents, reports, statements, videos, drawings, opinions, and other things relatedto any investigations into the death of Ronald Greene.
    2. All documents, reports, statements, videos, drawings, opinions, and other things related to any investigations into the response of police personnel following the death of Ronald Greene.

    3. All internal communications to, from, or between LSP personnel related to the death of Ronald Greene and/ or the response of police personnel following the death of Ronald Greene.

    4. Personnel files, including disciplinary files for the following LSP personnel: Dakota Demoss, Chris Hollingsworth, Kory York, Floyd McElroy, John Clary, and John Peters.

    5. All press releases promulgated by LSP related to Ronald Greene.

    6. All LSP training materials related to use of force, vehicular pursuit, arrest techniques, administration of first aid, asphyxiation, treatment of prisoners, and use of tasers.

    7. All Policies, Directives, and Standard Operating Procedures related to use of force, vehicular pursuit, arrest techniques, administration of first aid, asphyxiation, treatment of prisoners, and use of tasers.
    (See Exhibit "B")

20. Counsel for LSP, Jason Hessick Esq. has informed Plaintiff that LSP is compiling the documents responsive to Plaintiff's subpoena but requested additional time, until June 15, 2025 to respond. (See Exhibit "B")

21. Upon Information and belief the above referenced investigation contains information necessary to substantively respond to Peters' Motion for Summary Judgment.

22. Plaintiff now files this Motion to Defer Consideration of the Motion for Summary Judgment under Rule 56(d) of the Rules of Civil Procedure in order to conduct the discovery necessary for the full consideration of summary judgment motion.

23. Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

24. Plaintiff incorporates the declaration of counsel attached to this Motion. *See* Exhibit C

25. "Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely." *State Farm Fire & Cas. Co. v. Whirlpool Corp.*, 2011 WL 3567466, at *2 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.) (citing *Union City Barge Line v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987)).

26. The decision whether to grant a Rule 56(d) motion is within the trial court's sound discretion, nonetheless such requests are "broadly favored and should be liberally granted." *Kean v. Jack Henry & Assocs. Inc.*, 577 Fed.Appx. 342, 348 (5th Cir. 2014).

27. This is especially so where the nonmovant "(i) request[s] extended discovery prior to the court's ruling on summary judgment; (ii) places[s] the district court on notice that further discovery pertaining to the summary judgment motion was being sought; and (iii) demonstrate[s] to the district court with reasonable specificity how the requested discovery pertain[s] to the pending motion." *Winfrey v. San Jacinto County*, 481 Fed.Appx. 969, 982-983 (5th Cir. 1994).

28. Indeed, in cases like this one where no Rule 26(f) discovery conference or Rule 16 scheduling conference have occurred, district courts within the Fifth Circuit have held that summary judgment consideration is inappropriate. *See Stevens v. St. Tammany Par. Gov't*, 2020 WL 13601377; E.D.La. No. 20-928 Section "L" (1) (E.D.La. May 6, 2020).

29. The rationale of the *Stevens* Court was the explicit the Fifth Circuit's repeated holdings that "summary judgment is premature when discovery is not completed because it denies a party the opportunity to make a complete summary judgment record." *Id.* (citing *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 198 (5th Cir. 2003) (District Court erred in granting summary judgment to defendants because plaintiffs were denied opportunity to continue discovery and supplement the record); *Sunbelt Sav., FSB v. Montross*, 923 F.2d 353, 357-358 (5th Cir. 1991) (holding that summary judgment was premature when discovery was still pending)).

30. In the instant matter, foundational discovery has not yet been completed.

31. In the instant matter, Plaintiff plead facts against Peters constituting constitutional violations. Moreover, Peters availed himself of the opportunity to contest the sufficiency of Plaintiff's Complaint by way of filing a 12(b)(6) Motion to Dismiss at in the District Court and Interlocutory Appeal to the Circuit Court and was denied in both jurisdictions.

32. As laid out in Exhibit C, Plaintiff intends to conduct discovery related to the content of LSP's investigation of the incident underlying this matter including all documents, reports, statements, videos, drawings, opinions, and other things related to the death of Ronald Greene, including the conduct of Peters.

33. Furthermore, Plaintiff intends to depose persons identified in the parties' initial disclosures and/ or Answers to Interrogatories as having firsthand knowledge of the aftermath of Ronald Greene's death. Such evidence will permit to fully respond to Peters' assertions within his Motion for Summary Judgment.

34. Therefore, the Court should grant Plaintiff's Motion and defer consideration of the Motion for Summary Judgment until after discovery has been completed in this matter.

Wherefore, Plaintiff respectfully requests the Court grant this motion to defer consideration of the Motion for Summary Judgment until such time as all discovery has been completed.

                                        Respectfully submitted,

/s/ *Mark V. Maguire*
Mark V. Maguire, Esq.
MCELDREW PURTELL
123 South Broad Street Suite 2250
Philadelphia, PA 19109
215-545-8800
mmaguire@mceldrewpurtell.com


/s/ *Erin R. Hawkins*
James M. Williams (Bar No. 26141) Inemesit U. O'Boyle (Bar No. 30007)
Erin R. Hawkins (Bar No. 37374)
1 Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001

Date: June 11, 2025

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Defer Consideration of Defendant's Motion for Summary Judgment was filed via the Court's electronic filing system and thereby served upon all parties of record.

/s/ *Mark V. Maguire*