UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| TAYLA GREENE | CIVIL ACTION 3:20-CV-00578 |
| v. | JUDGE TERRY A. DOUGHTY |
| DAKOTA DEMOSS, ET AL. | MAG. JUDGE KAYLA D. McCLUSKY |

### JOINT PROPOSED CASE MANAGEMENT ORDER

CONSIDERING the Joint Motion for Case Management Order filed by the parties:

For purposes of judicial efficiency, economy, and expedition, and pursuant to this Court's authority under Rules 16 and 42(b) of the Federal Rules of Civil Procedure, the Court adopts this Case Management Order No. 1.

I.  **GENERAL PROVISIONS**

    A.    Discovery on the claims being made by the plaintiff in this matter will be phased and sequenced as provided herein. The claims in this matter shall be organized, managed, and tried pursuant to the following discovery plan and discovery schedule set forth in this Order.

    B.    Any motions including the pending Motion for Summary Judgment by John Peters currently pending before the Court will be decided in normal course.

    C.    Any Dispositive motions not yet pending shall only be filed after Phase 1 discovery is complete, and in no event later than July 15, 2026 for Phase 2 Defendants and November 15, 2026 for Phase 3 Defendants. Nothing contained herein shall prohibit any party from obtaining relief from, or modification of, specific provisions of this order for good cause shown, after notice and a hearing.

**II.    PHASE ONE DISCOVERY PLAN**

The purpose of Pre-Phase 1 Discovery is to allow the parties to discover relevant facts concerning only the following: (1) medical causation; and (2) damages. ("Common Issues"). Phase 1 discovery is targeted to these Common Issues for the purpose of assisting the parties in attempting to informally resolve all claims in this case. Phase 1 shall consist of discovery on common issues of fact and law related solely to the issues of medical causation and damages.

**A.    Common Issues - Phase One Discovery**

The Common Issues to be the subject of discovery in Phase 1 will be only those set forth herein. Discovery in Phase 1 may consist of interrogatories, requests for production, requests for admission, subpoenas, depositions. Phase 1 discovery may be directed at parties and non-parties. The following issues are designated as Common Issues for purposes of the Phase 1 discovery:

1. Roland Greene's personal, educational, and occupational, background;
2. Tayla Greene's personal, educational, and occupational background;
3. The Greene family history;
4. The nature and extent of the relationship between Tayla Greene and Ronald Greene;
5. Ronald Greene's medical history;
6. Ronald Greene's substance abuse, if any;
7. Ronald Greene's prior encounters with law enforcement, if any
8. Ronald Greene's criminal record, if any;
9. Ronald Greene's activities surrounding the pursuit and apprehension in question;
10. Healthcare providers who treated Ronald Greene following the pursuit and

      apprehension in question;

      11. Ronald Greene's autopsy, including any pathology and toxicology reports;

      12. Medical causation of alleged injuries to Ronald Greene;

      13. Medical causation of death of Ronald Greene;

      14. Any other issues which relate to medical causation and damages.

    **B.**    **Limits on Phase One Discovery**

No depositions of any defendants or law enforcement officers will be taken in Phase One. However, the parties may take depositions of emergency medical responders and healthcare providers to discover facts relevant to the Common Issues.

    **C.**    **Procedural Issues**

The rules set forth in the Federal Rules of Civil Procedure, Local Rules, Standing Orders, General Orders, District-Wide Orders, and applicable rules for discovery will apply during Phase 1 discovery. Counsel for the parties shall be mindful of the Western District Court's Standing Order 1.95 – Code of Professionalism – when scheduling and conducting Phase 1 discovery. To the extent feasible, any attorney desiring to do so may appear for a deposition by video conferencing technology.

    **D.**    **Phase One Mediation**

Phase 1 will end with a non-binding mediation of all claims to be conducted by a mediator to be determined by the parties.

**III.**    **PHASE ONE SCHEDULING ORDER**

    A.    Deadlines for the Phase 1 Discovery will be as follows.

    B.    The following scheduling order will be applicable for Phase 1. The parties may only modify this order with court approval. The parties are free to request status

conferences with the court as deemed reasonably necessary to facilitate the efficient disposition of this action.

| Date | Event |
|---|---|
|  | Deadline to propound discovery to parties |
| Sept. 1, 2025 | Plaintiff to identify Phase 1 Common Issues experts |
| Sept. 15, 2025 | Defendants to identify Phase 1 Common Issues experts |
| Oct. 1, 2025 | Plaintiff Phase 1 Common Issues expert disclosures and reports |
| Oct. 30, 2025 | Defendant Phase 1 Common Issues expert disclosures and reports |
| Nov. 17, 2025 | Completion of discovery and filing discovery motions. |
| Before Dec. 7, 2025 | Phase One Mediation |

IV. **PHASE TWO STATUS CONFERENCE**

In the event that any issues remain unresolved after Phase 1 Mediation, within seven (7) days of the conclusion of mediation, the parties will notify the Court that the case remains unresolved and will request a status conference for the purpose of determining how to proceed with the remaining claims or issues in Phases 2 and 3.

V. **PHASE TWO – BYSTANDER DEFENDANTS**

After the mediation in Phase 1, Phase 2 will be implemented. Phase 2 will involve discovery and dispositive motions by any defendant who is not alleged to have used force of any kind on Ronald Greene during or after the pursuit and apprehension, but who did respond to the scene and witness the on-scene events subsequent to the pursuit and apprehension of Ronald Greene (referred to herein as "Bystanders").

VI.  **PHASE TWO SCHEDULING ORDER**

    A.    Phase 2 deadlines will be as follows.

    B.    The following scheduling order will be applicable for Phase 2.  The parties may only modify this order with court approval.  The parties are free to request status conferences with the court as deemed reasonably necessary to facilitate the efficient disposition of this action.

| Date | Event |
|---|---|
| December 14, 2025 | Deadline to propound discovery to parties |
| April 2, 2026 | Plaintiff to identify Phase 2 Common Issues experts |
| April 16, 2026 | Defendants to identify Phase 2 Common Issues experts |
| May 1, 2026 | Plaintiff Phase 2 Common Issues expert disclosures and reports |
| June 1, 2026 | Defendant Phase 2 Common Issues expert disclosures and reportsg |
| June 15, 2026 | Completion of discovery and filing discovery motions. |
| Before July 15, 2026 | Phase 2 Mediation |
| July 15, 2026 | Deadline for all dispositive motions of Phase Two Defendants |

    C.    **Phase Two Mediation**

Notwithstanding any appeal or post-trial motions, Phase 2 will end with another round of non-binding mediation of all remaining claims to be conducted by a mediator to be determined by the parties.

VII.  **PHASE THREE – ALLEGED FORCE DEFENDANTS**

In the event the parties are unable to reach a global settlement agreement after the Phase 2

5

Mediation, the parties will, within seven (7) days of the conclusion of the Phase 2 Mediation, contact the court to schedule a status conference for the purpose of scheduling this action for trial on all remaining issues, which will likely include the entry of the court's standard Scheduling Order.

Phase 3 Discovery will encompass all remaining discovery and dispositive motions by any defendant who is alleged to have used force of any kind on Ronald Greene during or after the pursuit and apprehension.

## VIII. PHASE THREE DISCOVERY PLAN

| Date | Event |
|---|---|
| July 30, 2026 | Deadline to propound discovery to parties |
| August 15, 2026 | Plaintiff to identify Phase 2 Common Issues experts |
| August 30, 2026 | Defendants to identify Phase 2 Common Issues experts |
| September 15, 2026 | Plaintiff Phase 2 Common Issues expert disclosures and reports |
| October 15, 2026 | Defendant Phase 2 Common Issues expert disclosures and reports |
| November 1, 2026 | Completion of discovery and filing discovery motions. |
| Before November 15, 2026 | Phase 3 Mediation |
| November 15, 2026 | Deadline for all dispositive motions |

## IX. FINAL MEDIATION AND TRIAL DATE

The parties will advise the court within 7 days of the final (Phase 3) mediation as to whether the claims have been resolved. Following resolution of any dispositive motions,

6

the Court will set a status conference to schedule pre-trial deadlines and a trial to remain any outstanding issued.

Respectfully submitted,

| | |
|---|---|
| **ELIZABETH MURRILL**<br>**ATTORNEY GENERAL** | **BY:** */s/ Mark V. Maguire* |
| **BY**: /s/    *P. Scott Wolleson* (#22691)<br>Special Assistant Attorney General | **McELDREW PURTELL**<br>Mark V. Maguire, Esq.<br>John J. Coyle, Esq. |
| **BREITHAUPT DUBOS & WOLLESON** LLC<br>1811 Tower Drive<br>Monroe, Louisiana 71201<br>Telephone: (318) 322-1202<br>Facsimile: (318) 322-1984<br>Email: scott@bdw.law | 123 South Broad Street<br>Suite 2250<br>Philadelphia, PA 19109<br>T: (215) 545-8800<br>F: (215) 545-8805<br>E: mmaguire@mceldrewpurtell.com<br>    jcoyle@mceldrewpurtell.com |
| *ATTORNEYS FOR HOLLINGSWORTH* | **CHERDY SHERMAN ET AL**<br>James M. Williams, Esq.<br>Erin B. Rigsby, Esq.<br>Inemesit U. O'Boyle, Esq.<br>1 Galleria Blvd<br>Suite 1100<br>Metairie, LA 70001<br>T: (504) 962-4292<br>F: (504) 833-8080<br>E: james@thetrialteam.com |
| | **BEN CRUMP LAW**<br>Benjamin L. Crump, Esq.<br>Brooke Cluse, Esq.<br>122 S. Calhoun St.<br>Tallahassee, FL 32301<br>T: (844) 638-1822<br>E: bencrump@bencrump.com<br>    brooke@bencrump.com |
| | *ATTORNEYS FOR PLAINTIFF* |

| | |
|---|---|
| **BY:** */s/ Charles Bryan Racer* | **BY:** */s/ Jay P. Adams* |
| **LOUISIANA DEPT. OF JUSTICE**<br>130 DeSiard St.<br>Suite 812<br>Monroe, LA 71201<br>T: (318) 362-5250<br>F: (318) 362-5259<br>E: racerc@ag.state.la.us | **HUDSON POTTS & BERNSTEIN**<br>1800 Hudson Ln<br>Suite 300<br>Monroe, LA 71201<br>T: (318) 388-4400<br>F: (318) 388-2758<br>E: jadams@hpblaw.com |
| *ATTORNEY FOR DEMOSS* | *ATTORNEY FOR YORK* |
| **BY:** */s/ Andrew Blanchfield* | **BY:** *Darren A. Patin* |
| **KEOGH COX & WILSON**<br>Andrew Blanchfield, Esq.<br>Collin J. LeBlanc, Esq.<br>PO Box 1151<br>Baton Rouge, LA 70821<br>T: (225) 383-3796<br>F: (225) 343-9612<br>E: ablanchfield@keoghcox.com | **HAILEY McNAMARA ET AL**<br>3445 N. Causeway Blvd.<br>Suite 800<br>Metairie, LA 70002<br>T: (504) 836-6500<br>F: (504) 836-6565<br>E: dpatin@hmhlp.com |
| *ATTORNEYS FOR PETERS* | *ATTORNEY FOR CLARY* |
| **BY:** *Lee J. Ledet* | **BY:** *H. Bradford Calvit* |
| **LEDET LAW GROUP**<br>PO Drawer 610<br>St. Francisville, LA 70775<br>T: (225) 635-3921<br>F: (225) 635-3292<br>E: lee@ledetlawgroup.com | **PROVOSTY SADLER ET AL**<br>4615 Parliament Dr.<br>Suite 200<br>Alexandria, LA 71315<br>T: (318) 445-3631<br>E: bcalvit@provosty.com |
| *ATTORNEY FOR McELROY* | *ATTORNEY FOR HARPIN* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2025, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

*/s/ Mark V. Maguire*
