# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**TAYLA GREENE**                                    **CASE NO.  3:20-CV-00578**

**VERSUS**                                          **JUDGE TERRY A. DOUGHTY**

**DAKOTA DEMOSS ET AL**                             **MAG. JUDGE KAYLA D. MCCLUSKY**

## MEMORANDUM RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 162] filed by Defendant, Captain John Peters ("Cpt. Peters"), regarding Cpt. Peters' absence from the events leading up to the death of Ronald Greene ("Mr. Greene"). Plaintiff, Mr. Greene's daughter, Tayla Greene ("Plaintiff"), opposes the Motion [Doc. No. 172]. Cpt. Peters filed a reply [Doc. No. 173].

For the reasons stated below, Cpt. Peters' Motion is **GRANTED**.

## I.    Background

Early in the morning, on May 10, 2019, Mr. Greene was in a high-speed police chase in Monroe, Louisiana.[1] Mr. Greene's pursuit came to an end in Union Parish when his vehicle crashed into a wooded area.[2] Plaintiff alleges Mr. Greene then surrendered, but Trooper Dakota Demoss, Master Trooper Darby Hollingsworth, Master Trooper Kory York, Cpt. Peters, Lieutenant John Clary, Sergeant Floyd McElroy, and Deputy Sherriff Christopher Harpin (collectively, "Defendants")

---

[1] [Doc. No. 72, at ¶¶ 23–26].
[2] [Id. at ¶ 27].

"individually and in concert used lethal force against" Mr. Greene.[3] Emergency medical technicians found Mr. Greene unresponsive when they arrived.[4] Mr. Greene was pronounced dead at Glenwood Medical Center.[5] Cpt. Peters claims he was at his home during Mr. Greene's crash and only visited the scene after Mr. Greene died.[6]

Plaintiff filed this suit, seeking various claims against the Defendants.[7] Plaintiff's claims against Cpt. Peters include: (1) wrongful death under Louisiana law, (2) survival action under Louisiana law, (3) bystander liability under 42 U.S.C. § 1983, and (4) battery under Louisiana law.[8]

The issue in this Motion is whether Cpt. Peters was present during Mr. Greene's high-speed police chase and his subsequent apprehension. The parties have briefed all relevant issues, and the matter is ripe for ruling.

## II.    Law and Analysis

### A.    Standard of Review

A court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the movant meets their initial burden of showing no genuine issue of material fact, "the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d

---

[3] [Id. at ¶ 37].
[4] [Id. at ¶ 57].
[5] [Id. at ¶¶ 58–59].
[6] [Doc. No. 162-3, at ¶¶ 7–8, 10, 14].
[7] [Doc. No. 72, at ¶¶ 72–98].
[8] [Id. at ¶¶ 72–77, 83–90].

703, 706 (5th Cir. 2013) (citation modified). A fact is "material" when proof of its existence or nonexistence would affect the lawsuit's outcome under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgement." *Id.* at 247–48. And a dispute about a material fact is "genuine" only if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). But summary judgment is appropriate when the evidence is "merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249 (1986) (citation modified).

Moreover, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation modified). Courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

Finally—and importantly—there can be no genuine dispute as to a material fact when a party "fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof of trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Since this case contains supplemental jurisdiction claims involving Louisiana law, Louisiana's substantive law applies to those claims—wrongful death, battery, and survival. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

### B.    Captain Peters

Cpt. Peters argues that since he was absent at the scene of Mr. Greene's crash, Plaintiff's claims against him cannot survive summary judgment.[9] In support, Cpt. Peters offers his affidavit, which states that he(1) was at home between late-night on May 9, 2019, and early morning on May 10, 2019;[10] (2) was absent at Mr. Greene's crash scene;[11] (3) knew about Mr. Greene's crash and apprehension only after Mr. Greene was taken from the crash scene in the ambulance;[12] and went to the hospital and the crash scene after learning about Mr. Greene's death.[13]

Plaintiff does not contest the veracity of Peters' affidavit.[14] Rather, Plaintiff points to the police report about the incident listing Cpt. Peters' name among the "Troopers on scene."[15] Plaintiff argues this creates a genuine dispute of material fact about Cpt. Peters' presence on-scene right after Mr. Greene's crash. However, Plaintiff is mistaken. The reference to Cpt. Peters in the police report was made after Mr. Greene's car was removed from the scene—well after Mr. Greene was taken away

---

[9] [Doc. No. 162-1, at pp. 5–7].
[10] [Doc. No. 162-3, at ¶ 7].
[11] [Id. at ¶ 6].
[12] [Id. at ¶¶ 8–9].
[13] [Id. at ¶¶ 10–11, 14].
[14] [Doc. No. 172, at p. 4].
[15] [Doc. No. 172-1, at p. 7].

from the scene and to the hospital by ambulance.[16] Thus, Cpt. Peters' statement that he was not present *during* the incident is uncontested. As such, there is no genuine dispute on whether Cpt. Peters was present at the scene during Mr. Greene's crash and apprehension—he was not.

Without being present at Mr. Greene's apprehension, Plaintiff's claims against Cpt. Peters cannot survive.

### 1. Wrongful Death

Louisiana law allows wrongful deaths suits by the surviving child of one who "dies due to the fault of another[.]" LA. CIV. CODE ANN. art. 2315.2A(1) (2025). To prevail on this claim, Plaintiff must show: (1) Cpt. Peters had a duty to observe a certain standard of care toward Mr. Greene; (2) Cpt. Peters breached this duty by falling below this standard; (3) Cpt. Peters' breach of duty was a cause-in-fact of Mr. Greene's death; *and* (4) the harm which occurred was the sort of harm that Cpt. Peters' legal duty was designed to protect against. *See Armour v. Armour*, 541 So. 2d 371, 373 (La. Ct. App. 1989), *writ denied,* 546 So. 2d 1217 (La. 1989) (citing *Boyer v. Johnson*, 260 So. 2d 1164 (1978)).

Here, Cpt. Peters was not present when Defendants apprehended Mr. Greene and "used lethal force against" him which allegedly resulted in his death.[17] As such, Cpt. Peters could not have a legal duty of care towards Mr. Greene—away from Cpt. Peters' presence. Since Plaintiff cannot prove the duty element of the wrongful death claim, the claim fails.

---

[16] [Id.].
[17] [Doc. No. 72, at ¶ 37].

### 2. Battery

Louisiana law defines battery as "the intentional use of force or violence upon the person of another." LA. STAT. ANN. § 14:33 (2025). Again, Cpt. Peters was not physically present during Mr. Greene's apprehension. As such, Cpt. Peters could not have used intentional force or violence on Mr. Greene, before his death. Thus, Cpt. Peters cannot be liable under the battery claim.

### 3. Survival Action

Louisiana law allows survival actions by the surviving child of one who is "injured by an offense or quasi offense [and] dies." LA. CIV. CODE ANN. art. 2315.1 (2025). Since Cpt. Peters was not present at Mr. Greene's apprehension and had no contact with Mr. Greene during the alleged incident, Cpt. Peters committed no "offense or quasi offense" that injured Mr. Greene and caused his death. Therefore, Cpt. Peters cannot be liable under the survival action claim.

### 4. Bystander Liability

The Fifth Circuit has held that bystander liability claims, under Section 1983, must show that an officer: "(1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act." *Joseph ex. rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020) (footnote omitted). The officer must not only be merely present "in the vicinity of the violation," but must also "acquiesce in the alleged constitutional violation." *Id.* (cleaned up).

Again, Cpt. Peters was nowhere near the vicinity of the alleged violation, let alone acquiescing in it. As such, Cpt. Peters was not, under Fifth Circuit precedent, "present at the scene" where Mr. Greene's constitutional rights were allegedly violated. Since Plaintiffs cannot show all the elements of the bystander liability claim, Cpt. Peters cannot be liable for bystander liability.

Therefore, none of Plaintiff's claims against Cpt. Peters can survive.

### III.    Conclusion

For the reasons stated above,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Cpt. Peters' Motion for Summary Judgment [Doc. No. 162] is **GRANTED** and Plaintiff's claims against Cpt. Peters are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 7th day of November 2025.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE