UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF LOUISIANA

TAYLA GREENE As Administrator    *
Of the Estate of the decedent,    *    **CASE NO. 3:20-CV-00578**
RONALD GREENE    *
     Plaintiff    *
   *
VERSUS    *    **JUDGE: TERRY DOUGHTY**
   *
DAKOTA DEMOSS, ET AL.,    *    **MAG. KAYLA D. McCLUSKY**
   *
   *
     **Defendants**    *
   *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>

**MAY IT PLEASE THE COURT:**

**John Clary**, named defendant herein, submits the following as his memorandum in support of the *Motion for Summary Judgment* filed herein by Defendant, seeking the dismissal of all of the claims asserted herein by Tayla Greene, individually and as administrator of the estate of the decedent, Ronald Greene:

### <u>Factual Background</u>

In the early morning hours of May 10, 2019, a traffic stop was initiated of a vehicle driven by Ronald Greene in Monroe, Louisiana; a high-speed chase ensued which went on for about twenty miles. After crossing Louisiana Highway 2 upon attaining speeds in excess of 100 miles per hour, Greene crashed his vehicle, and at that point, was apprehended and placed under arrest.

At the time, John Clary was a Lieutenant with the Louisiana State Police, assigned to Troop F in Monroe, Louisiana After hearing the chase on his scanner, Lt. Clary left his Monroe headquarters and headed to the scene of the crash.  He arrived at the scene after Mr. Greene was detained and after an ambulance was called to treat Greene's injuries. EMS personnel arrived shortly after Lt. Clary's arrival, and after treating Mr. Greene at the scene, transported him to Glenwood Regional Medical Center in West Monroe, Louisiana. It was at the hospital where Mr. Greene was pronounced dead.

Tayla Greene asserts wrongful death and/or survival actions in the instant lawsuit, alleging that her father, Ronald Greene, died in the custody of the Louisiana State Police as a result of the Troopers' alleged use of excessive force.  She instituted the instant action on May 6, 2020, naming numerous law enforcement officers, including John Clary, as defendants. After motions practice, plaintiffs filed a Second Amended Complaint (Doc. 72), to which Lieutenant Clary answered (Doc. 126). The Second Amended Complaint asserted the following causes of action against Lieutenant Clary: use of excessive force, battery and bystander liability, pursuant to Louisiana Civil Code Articles 2315.1, 2315.2 and 42 USC § 1983.

However, and as a result of discovery performed, to date, the plaintiff has dismissed the claims against Lt. Clary sounding in use of excessive force and/or battery, leaving only a claim of bystander liability as asserted against Lt. Clary *(Please refer to the Joint Notice of Stipulation of Dismissal filed herein - R. Doc. 194)*.

But as it pertains to the plaintiffs' remaining claims of bystander liability as to Lieutenant Clary, it is without factual dispute that Lieutenant Clary did not violate any law or rights owed to Mr. Greene in somehow failing to intervene in what he would have deemed as being the use of

excessive force.    To the contrary, the undisputed facts as revealed, to date, establish the following:

1. That on May 10, 2019, he was a Lieutenant with the Louisiana State Police, assigned to Troop F in Monroe, Louisiana;

2. That in the early morning hours of May 10, 2019, a traffic stop was initiated of a vehicle driven by Ronald Greene in Monroe, Louisiana and a high-speed chase ensued that went on for about twenty miles;

3. That after crossing Louisiana Highway 2, Greene crashed his vehicle;

4. That after hearing the chase on his scanner, he left his office in Monroe to head towards the scene of the incident;

5. That he arrived at the scene around 5:38 a.m., after Mr. Greene was restrained, and after an ambulance was called to treat Greene's injuries;

6. That EMS arrived at approximately 5:46 a.m., and upon arrival, began to treat Mr. Greene at the scene, ultimately placing him on a stretcher and transporting Mr. Greene to Glenwood Regional Medical Center in West Monroe, Louisiana;

7. That when he arrived at the scene, Mr. Greene's hands and legs were cuffed, he was then rolled over and placed in a seated position, where he remained until the arrival of EMS, which occurred only minutes after he arrived at the scene;

8. That he did not participate in the arrest of Mr. Greene;

9. That he did not touch Mr. Greene, or get involved in the arrest in any way;

10. That he was not at the scene when any use of fore was used, ad as such, did not observe any use of force upon Mr. Greene at any time, or have an opportunity to act in reference to same;

11. That he did not direct or authorize any trooper or officer to use force upon Mr. Greene, whether directly or indirectly;

Put simply, there is no evidence to support a contention that Lieutenant Clary was aware of and failed to intervene in the face of any use of force towards plaintiff.

(In support of the instant motion, please refer to Exhibit A.)

### Law and Argument

### I.    Summary Judgment Standard

Rule 56 mandates that summary judgment be issued "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] When the moving party carries its initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine issue of a material fact. If, however, the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[2]

Summary judgment is not precluded by disputes over facts that are not "material"[3] or disputes that are not "genuine."[4] "Unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[5] Likewise, when a party's version of events is "blatantly contradicted by the record," it is **not** entitled to the benefit of any favorable light.[6] And only evidence - not argument or conjecture - will satisfy that burden.[7]   That is so, because generalized testimony of a party's subjective belief is insufficient to create an issue for trial when the beliefs are not substantiated.[8] If the evidence is merely colorable or not significantly probative, summary

---

[1] Fed R.Civ. P.56
[2] *Celotex v. Catrett*, 477 U.S. 317, 322-25 (1986)
[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)
[4] *Anderson*, 477 U.S. at 248; *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018)
[5] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)
[6] *Scott v. Harris*, 550 U.S. 372, 376, 380 (2007)
[7] *Solo Serve Corp. v. West Town Associates*, 929 F.2d 160, 164 (5th Cir. 1991)
[8] *Bickerstaff v. Whitney National Bank*, 996WL595654 at p. 3 (5th Cir. 1996); *Roberson v. Alltell Info Services*, 373, F.3d 647, 654 (5th Cir. 2004)

judgment is appropriate.[9]

## II.     Battery/Excessive Use of Force

Again, and as a result of discovery performed, to date, the plaintiff has dismissed the claims against Lt. Clary sounding in use of excessive force and/or battery, leaving only a claim of bystander liability as asserted against Lt. Clary *(Please refer to the Joint Notice of Stipulation of Dismissal filed herein - R. Doc. 194)*.

## III.    Bystander Liability

To succeed on her claims under Section 1983 for violations of her father's rights under the United States Constitution, Plaintiff will need to prove that Ronald Greene 1) suffered an injury, 2) which resulted from the use of force that was clearly excessive to the need, and 3) the excessiveness of which was objectively unreasonable. See *Hill v. Carrol Cty., Miss.,* 587 F.3d 230, 234 (5th Cir. 2009)

As a matter of settled law, the Fifth Circuit holds that bystander liability does not attach unless: (1) the officer knew of the violation of rights; (2) was present at the scene; (3) had a reasonable opportunity to act; and (4) failed to act.[10] "Bystander liability requires more than mere presence in the vicinity of the violation; '[courts] also consider whether an officer "acquiesced in" the alleged constitutional violation.'"[11]

Again, Lieutenant Clary's arrived at the scene only after Ronald Green was apprehended and in handcuffs. At no time did Lieutenant Clary observe any use of force against Mr. Greene; instead Lieutenant Clary observed Mr. Greene seated, in handcuffs, awaiting to receive medical treatment from EMS, who were called before/and arrived immediately after Lieutenant Clary.

---

[9] *Anderson*, 477 U.S.at 249, 250
[10] *Joseph on behalf of Estate of Joseph v. Bartlett*, 981 F.3d 319 (5th Cir. 2020).
[11] *Id.*

As Lieutenant Clary was not present at the scene at the time of the arrest, he did not observe any alleged battery and/or use of excessive force, had no opportunity to act and therefore could not have unreasonably failed to act as it pertains to any alleged violation of Mr. Greene's Constitutional rights. And with no evidence to the contrary, plaintiffs therefore are unable to establish, much less demonstrate, any of the requisite prongs for a claim of bystander liability pursuant to 42 USC § 1983 or plaintiff's claim of battery.

Additionally, individuals who are sued in their individual capacity under § 1983 also may raise the affirmative defense of qualified immunity, which is an immunity from suit rather than a mere defense to liability.  The purpose of the immunity is to allow government officials to act and make decisions without fear of being sued for money; it is afforded to public officials performing discretionary functions which do not violate clearly established Constitutional rights "of which a reasonable person would know."[12]

The Courts have traditionally used the two-step method in determining whether a defendant is entitled to qualified immunity.  The first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional right.[13]  The second step the district court must determine is whether the right allegedly violated was clearly established at the time of the infraction.[14] The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted.[15]

---

[12] *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).
[13] Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).
[14] *Id.*
[15] *Id.*

Whether any particular use of force violates the Fourth Amendment depends on "the facts and circumstances of each particular case,"[16] To find that a right is clearly established, courts generally "need to identify a case where an officer acting under similar circumstances ... was held to have violated" the Constitution. The relevant precedent must define the right with a "high degree of specificity," so that "every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply."[17]

As to the first step in the qualified immunity analysis, only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983.[18] In the instant case, Mr. Greene's hands and legs were cuffed when Lt. Clary arrived at the scene. Lt. Clary did not participate in the arrest of Mr. Greene, nor did he touch Mr. Greene, or get involved in the arrest in any way. Lt. Clary did not at any time observe any use of force upon Mr. Greene, nor did he direct or authorize any trooper or officer to use force upon Mr. Greene.

As to the second step in the qualified immunity analysis, there are no cases that undersigned is aware of that clearly establishes or would make a reasonable officer aware of any violation of a right of an individual for arriving on the scene after the arrest of an individual where the officer used no force, witnessed no use of force, nor authorized any use of force. The actions of Lt. Clary were reasonable and proper under the circumstances and the facts show a

---

[16] *Zorn v. Linton*, 146 S. Ct. 926 (2026), quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

[17] *Id*, quoting *Escondido v. Emmons*, 586 U.S. 38, 43, 139 S.Ct. 500, 202 L.Ed.2d 455 (2019), and *District of Columbia v. Wesby*, 583 U.S. 48, 63, 138 S.Ct. 577, 199 L.Ed.2d 453 (2018).

[18] *Coleman v. Houston Independent School District*, 113 F.3d 528, 534 (5th Cir. 1997). See also: *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir.1994) (en banc); *Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 601 (5th Cir.1988); *Lopez v. Houston Indep. Sch. Dist.*, 817 F.2d 351, 355 (5th Cir.1987), overruled on other grounds, *Walton v. Alexander*, 44 F.3d 1297, 1303 n. 4 (5th Cir.1995) (en banc); *Kline v. North Tex. State Univ.*, 782 F.2d 1229, 1235 (5th Cir.1986); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir.1985). *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981); see also *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 738, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989); *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

complete lack of any causal connectivity that is required for a violation of an individuals rights, entitling him to qualified immunity from suit in this matter.

### IV.  Wrongful Death

Lieutenant Clary is not liable for alleged wrongful death. Civil Code Art. 2315.2 (A)(1) allows recovery to the surviving child of a person who dies "due to the fault of another." To establish such a cause of action, the claimant must prove the elements needed to demonstrate civil fault: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or the scope of protection element); and (5) actual damages (the damages element).[19] Plaintiffs can establish none of these element as to Lt. Clary who had no interaction with Ronald Greene and who had no involvement in his death.

### V.  Survival Action

Similarly, Lieutenant Clary has no liability for an alleged loss of survival. Civil Code Art. 2315.1 allows a recovery for "survival" when "a person who has been injured by an offense or quasi offense dies." However, there can be no recovery against Lieutenant Clary here when he was not at the scene at the time of Mr. Greene's arrest, did not participate in the arrest of Mr. Greene, did not touch Mr. Greene or involve himself in the arrest of Mr. Greene in any way, used no force upon Mr. Greene and did not authorize any use of force upon Mr. Greene. Simply put, plaintiff cannot carry her burden of proof in any manner that Lt. Clary was in any way involved in the death of Ronald Greene because he was in fact not.

---

[19] *Roberts v. Benoit*, 605 So.2d 1032 (La.1991).

**Conclusion**

**For the above reasons**, Lieutenant Clary submits that the undisputed facts support the dismissal of the plaintiffs' claims against him, as a matter of law, and prays that his Motion for Summary Judgment be granted accordingly.

Respectfully Submitted,

**LIZ MURRILL**
**ATTORNEY GENERAL**


BY:   */s/Darren A. Patin*
      **DARREN A. PATIN, #23244**
Special Assistant Attorney General
3445 North Causeway Boulevard, Suite 800
Metairie, Louisiana 70002
Telephone: (504) 836-6500
dpatin@hmhlp.com
*Counsel for Lieutenant John Clary*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 11th day of **May 2026**, served a copy of the foregoing pleading on counsel for all parties to this proceeding either by e-mailing, faxing or by mailing the same by United States mail, properly addressed and first-class postage prepaid.

      */s/Darren A. Patin*
      **DARREN A. PATIN**